**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| **In Re: BP P.L.C., SECURITIES LITIGATION** | ) ) ) ) ) ) ) ) | **No. 10-md-2185** |

**THE LUDLOW PLAINTIFFS' <u>OBJECTIONS</u> AND <u>MOTION TO STRIKE</u>**
**NEW YORK AND OHIO'S "SUR-REPLY" FILED IN SUPPORT OF**
**MOTION FOR LEAD PLAINTIFF**

The Ludlow Plaintiffs respectfully object to and move to strike the ten-page "Sur-Reply" memorandum, and two attached expert declarations, filed by the New York and Ohio Funds ("Funds") in support of their motion for lead plaintiff. As discussed below, the Sur-Reply is untimely, unauthorized, and ultimately, improper, attempting to cure glaring deficiencies in the Fund's prior briefing under the false guise of addressing "new" arguments.

## 1.   The Sur-Reply Is Untimely

At the October 12, 2010 Status Conference, the Court ordered the two competing lead plaintiff movants – the Ludlow Plaintiffs and the Funds – to file responsive briefs within 15 days of the Conference, and to file all reply briefs ten days thereafter, or by November 8, 2010. Both movants understood the deadline and filed reply briefs on that date. On Friday, November 19, 2010 – nearly two weeks after the Court-ordered deadline – the Funds filed their Sur-Reply. Accordingly, it is untimely and should be stricken.

## 2.   The Sur-Reply is Unauthorized

Neither the Private Securities Litigation Reform Act ("PSLRA"), the Federal Rules of Civil Procedure, nor this Court's Local Rules provide for a Sur-Reply, let alone one unsolicited by the Court. Indeed, the Funds apparently never bothered to ask, let alone obtain, Court permission before filing the brief. Accordingly, it is unauthorized and should be stricken. *See Murray v. TXU Corp.*, 2005 U.S. Dist. LEXIS 10298, at *12 n. 7 (N.D. Tex. May 27, 2005) ("a party must seek leave from the Court *before* filing a sur-reply") (emphasis in original); *Kozak v. Medtronic, Inc.*, 2006 U.S. Dist. LEXIS 6269, at *13 (S.D. Tex. Jan. 31, 2006) (striking sur-reply because party did not obtain leave to file the sur-reply nor explain why the arguments could not have been raised earlier).

### 3.     **The Sur-Reply Is Improper**

Assuming the Funds had asked for prior permission, there would still be no grounds for filing a Sur-Reply, let alone the far-ranging memorandum and expert declarations filed here. Rather, a sur-reply is only appropriate to address new legal theories or evidence raised for the first time at the reply stage.  *Murray v. TXU Corp.*, 2005 U.S. Dist. LEXIS 10298, at *13.  "The mere fact that the movant cites new cases and makes new 'arguments' is not alone sufficient." *McCoy v. Tex. Dep't of Crim. Justice*, No. C-05-370, 2006 U.S. Dist. LEXIS 58861, at *2 n.1 (S.D. Tex. Aug. 21, 2006) (denying request to file sur-reply based on assertion that party made additional legal arguments in reply).

Here, the Funds assert that their Sur-Reply responds to "extraneous declarations filed in connection with the Ludlow Plaintiffs' reply brief," pointing to declarations from Jane Nettesheim and Charles Silver, and a joint declaration by the Ludlow Plaintiffs.  According to the Funds, the declarations "offer new arguments or information not addressed in the moving or opposition briefs."  *Id.*  Yet, the only "new" argument cited is the experts' "unfair criticism" of the longer class period.  Of course, the length of the class period is not a "new" argument; to the contrary, it has been the *main* issue and discussed *at length* in the motions.[1]

Indeed, the Ludlow Plaintiffs challenged the five-year class period as soon as it was proposed by the Funds,[2] and once briefing started, spent the majority of their opposition

---

[1]  The joint declaration by the Ludlow Plaintiffs had nothing to do with the class period. The Silver Declaration addressed issues of professional responsibility, i.e., whether differences in the length of the class period or types of securities would create potential conflicts of interests, as well as available options, such as creating multiple classes or sub-classes.  Again, these issues were first raised in the parties' opposition briefs, not the replies.  *See* Ludlow Plaintiffs' Memorandum at 19-20 (Dkt. No. 41); Funds' Memorandum at 16-18 (Dkt. No. 39).

[2]  The propriety of the longer class period was raised back at the October 12, 2010 Status Conference, when counsel for the Ludlow Plaintiffs noted the shorter class period "more closely"

memorandum addressing the two competing class periods, and why the shorter period proposed

by the Ludlow Plaintiffs (and included in the PSLRA-mandated notice to investors) was

consistent with the allegations and movements in the ADR stock price.  *See e.g.* Ludlow

Plaintiffs' Memorandum of Law at 17-19 (Dkt. No. 41).  The Ludlow Plaintiffs also provided

evidentiary support for their argument at the opposition stage, attaching the Declaration of Jane

Nettesheim, who compared the competing class periods, and key events at BP between 2005 and

2010, with corresponding movements in BP's ADR price.  *See* Appendix, Nettesheim

Declaration (Dkt. No. 40-2).

 Thus, the Funds were well aware of such arguments when they prepared their opposition

and reply briefs, and had ample opportunity to respond as they saw fit.  In fact, the focus of the

Sur-Reply, *i.e.*, the appropriate length of the class period, *was* discussed by the Funds in both

prior rounds of briefing.[3]  Ultimately, unlike the Ludlow Plaintiffs, the Funds made the decision

not to provide evidentiary support for their longer proposed period – no expert testimony, no

events study, nothing.  Instead, the Funds decided to rely on the argument that the Court must

automatically defer to the longest class period alleged, regardless of the underlying theory of the

case, the supporting factual allegations, or their plausibility.

 Evidently, the Funds have now reconsidered the wisdom of their approach.  Indeed, it is

readily apparent that the Funds, rather than responding to "new" arguments raised by the Ludlow

Plaintiffs, are instead trying to use the "sur-reply" process to cure – after the fact – their failure to

provide any evidentiary basis supporting their proposed class period.  It is far too late for such a

shift in legal strategy.

---

tracked the loss causation definition under the PSLRA.  *See* Oct. 12, 2010 Hearing Transcript at
14:24-15:14;

 [3] *See* Funds' Opposition Brief at p. 13-16 (Dkt No. 39); and Funds' Reply Brief at p. 3-7
(Dkt No. 47).

**4.      If The Sur-Reply Is Considered, The Ludlow Plaintiffs Request The Opportunity To Respond**

For the reasons described above, the Sur-Reply should be stricken.  The Ludlow Plaintiffs' reply does not raise "new" legal theories related to the length of the class period.  The length of the class period, and whether it should extend back to 2005 and forward for weeks after the Gulf explosion, were already contested issues.  Inexplicably, the Funds chose not to present evidence supporting a longer class period, even after the Ludlow Plaintiffs presented evidence (including expert declarations and events analysis) in their opposition.

If the Court does consider the Sur-Reply, the Ludlow Plaintiffs respectfully request leave to respond to the incomplete, and arguably misleading, claims raised therein.  For example, the primary thrust of the Sur-Reply is that, even if the March 2009 start date was applied, the Funds would still have "considerably larger losses in BP ADRs than the Ludlow Plaintiffs" if the ending date was June 1, 2010, i.e., six weeks after the Gulf explosion.  *See e.g.*, Sur-Reply at 2.[4]

In support, the Funds cite the Werner Declaration, though don't explain why it wasn't provided before.  Notably, Werner does not even try to link BP's ADR price to alleged fraud prior to March 2009 (essentially conceding the propriety of the class start date).  Rather, Werner limits his analysis to post-explosion events to support the Funds' argument that investors who purchased after the explosion must have been misled about the safety of BP's Gulf operations, since the ADR price plunged after the explosion.  The argument is absurd on its face.  Indeed, Werner does not identify any misrepresentations by BP about the safety of its Gulf operations after the explosion, let alone who made them or why they were false when made.

---

[4]  The Funds' own expert now admits that "the Ludlow Plaintiffs have the largest financial stake in the relief to be sought if this case only involves allegations between March 4, 2009 and April 20, 2010."  Cox Declaration, ¶ 7 (Doc. 61-7).

4

Further, Werner's damage calculations – all using the June 1, 2010 end date – can't withstand serious scrutiny.  Werner misleadingly aggregates the losses of the five funds in the "New York and Ohio" group, failing to mention that three of the five funds had <u>no</u> purchases even during the longer period, May 4, 2009 to June 1, 2010, and thus, <u>no losses</u>.  A fourth member, New York, had substantial <u>profits</u> from its trades during this longer period.  Only one of the five funds, OPERS, had a "loss" from transactions during the period; however, that loss was based on two large purchases on <u>May 3, 2010</u> and <u>May 25, 2010</u>, weeks <u>after</u> the explosion.  Indeed, the two post-explosion purchases were OPERS' <u>only</u> transactions during the class period.  Plainly, OPERS would be subject to reliance and causation defenses not otherwise applicable to class members purchasing prior to the explosion.[5]

In sum, rather than address "new" legal theories, the Sur-Reply improperly attempts to add arguments and evidence that should have been presented before.  Even if considered, the Sur-Reply does not change the analysis.  Only the Ludlow Plaintiffs, individually and collectively, purchased ADRs during the relevant period, suffered damages, and stand ready to lead the Class of ADR investors.

Dated: November 23, 2010

Respectfully submitted,
**MITHOFF LAW FIRM**

By   *s/ Richard W. Mithoff*
Richard W. Mithoff
Texas Bar Number: 14228500
S.D.Tx Bar Number: 2012
One Allen Center, 500 Dallas Street
Houston, TX 77002
Telephone:  713-654-1122
Fax:  713-739-8085

*Attorney-in-charge and Attorneys for the
Ludlow Plaintiffs*

---

[5]  Conversely, all four members of the Ludlow Plaintiffs purchased ADRs just prior to the explosion, in reliance on BP's assurances regarding its Gulf operations, and all suffered damages.

**COTCHETT, PITRE & McCARTHY**
Joseph W. Cotchett
Mark C. Molumphy
Imtiaz A. Siddiqui
Jordanna G. Thigpen
Matthew K. Edling
840 Malcolm Road
Burlingame, CA 94010
Telephone:  (650) 697-6000
Fax:  (650) 697-0577

*Attorneys for the Ludlow Plaintiffs*