UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

_____

| | : | |
|---|---|---|
| IN RE: BP P.L.C. SECURITIES LITIGATION | : : : : : | MDL NO. 2185<br><br>CIVIL ACTION NO. 4:10-md-2185<br><br>Hon. Keith P. Ellison |
| _____ | : | _____ |
| IN RE: BP ERISA LITIGATION | : : : : | CIVIL ACTION NO. 4:10-cv-4214<br><br>Hon. Keith P. Ellison |
| _____ | : | _____ |

**PLAINTIFFS SYED ARSHADULLAH AND RON PIERCE'S MEMORANDUM
OF LAW IN SUPPORT OF THE INTERIM CLASS COUNSEL STRUCTURE
<u>PROPOSED BY THE WHITLEY GROUP</u>**

Syed Arshadullah and Ron Pierce ("Arshadullah Plaintiffs") are the named plaintiffs in *Arshadullah, et al. v. BP P.L.C., et al.*, No. 4:10-cv-04294, originally filed in the Northern District of Illinois and transferred here by the Judicial Panel on Multidistrict Litigation. Counsel for the Arshadullah Plaintiffs supports the interim class counsel leadership structure proposed by the Whitley Group in their motion filed on November 4, 2010 (Docket Entry No. 44).

**THE MOULE GROUP MAY HAVE CONFLICTS OF INTEREST**

While there are excellent lawyers and law firms in both camps seeking appointment (the Whitley Group and the Moule Group), the Arshadullah Plaintiffs are concerned about the potential conflicts of interest faced by the Moule Group lawyers. As the Whitley Group states in their memorandum filed on December 15, 2010 (Docket Entry No. 77) ("Response"), the Moule Group lawyers are simultaneously representing other victims for injuries arising out of the Deepwater Horizon disaster. As a result, there is a reasonable potential that conflicts could arise

down the road. These potential conflicts could include use of confidential information governed by potentially different confidentiality agreements. *See National Medical Centers, Inc. v. Godbey*, 924 S.W.2d 123, 129, 131 (Tex. 1996). At the very least, there could be a risk of an appearance of a conflict to ERISA class members as participants could reasonably be concerned that the Moule Group attorneys were focused on other cases seeking to take money out of BP's coffers. Given that these potential conflict issues will never arise with the Whitley Plaintiffs and their lawyers, who undeniably have put together an excellent team, there is no reason to appoint the Moule Group over the Whitley Group.

### UNIFORM, COPYCAT COMPLAINTS DO NOT SUPPORT APPOINTMENT

The Arshadullah Plaintiffs also disagree with the Moule Group's argument that filing copycat complaints supports their position. At the time of the Deepwater Horizon disaster, voluminous new facts were being disclosed every day. Different plaintiffs were analyzing these facts under various legal theories. Any difference in the Whitley Group complaints is strong evidence of this vigorous and independent analysis and investigation. Now that the dust has settled, a detailed consolidated complaint encompassing all relevant facts and theories can be prepared. That said, the fact that the Whitley Group's complaints were not uniform when originally filed should weigh *in favor* of their appointment – not against it. Each Whitley Group counsel engaged in an *independent* investigation resulting in several unique complaints. Those efforts were greater and will result in a better final work product than one uniform complaint photocopied for different plaintiffs.

2

**IZARD NOBEL IS WELL QUALIFIED TO SUPPORT THE WHITLEY GROUP**

As set forth in the Response at p. 4, Izard Nobel – counsel for the Arshadullah Plaintiffs – has extensive experience in employer stock litigation and will provide additional resources to prosecute the consolidated action. Izard Nobel has an extremely successful track record, including recoveries in cases which it was lead or co-lead counsel of $100 million (*In re AOL Time Warner, Inc. Sec. and ERISA Litig.*, MDL Docket No. 1500 (SWK) (S.D.N.Y)), $70.525 million (*In re Tyco Int'l, Ltd. Sec. Litig.*, No. 02-1335-B (D.N.H.)), $40 million (*In re Cardinal Health, Inc. ERISA Litig.*, No. 04 643 (S.D. Ohio)) and $29 million (*Furstenau v. AT&T, et al.*, No. 02 5409 (D.N.J.)). Moreover, Izard Nobel was on the Executive Committee in *In re Enron Corporation Securities and ERISA Litig.*, No. 02-13624 (S.D. Tex.), which resulted in a recovery in excess of $250 million. Izard Nobel has served or currently serves as lead or co-lead counsel in numerous significant ERISA 401(k) plan breach of fiduciary duty cases, including the following:

- *Furstenau v. AT&T, et al.*, No. 02-5409 (D.N.J.);
- *In re Sprint Corporation ERISA Litig.*, No. 03-2202 (D. Kan.);
- *In re Tyco International, Ltd., Securities Litig.*, No. 02-1335-B (D. N.H.);
- *In re AOL Time Warner, Inc. Securities and ERISA Litig.*, No. 02-1500 (S.D.N.Y);
- *In re Reliant Energy ERISA Litig.*, No. 02-2051 (S.D. Tex.);
- *In re AEP ERISA Litig.*, No. 03-67 (S.D. Ohio);
- *In re JDS Uniphase Corp. ERISA Litig.*, No. 03-4743 (N.D. Cal.);
- *In re Cardinal Health, Inc. ERISA Litig.*, No. 04-643 (S.D. Ohio);
- *In re Hartford Fin. Svcs. Group. Inc. ERISA Litig.*, No. 08-1708 (D. Conn.);

- *In re Merck & Co. Inc., Securities, Derivative & "ERISA" Litig.*, MDL-1658 (D.N.J.);[1]

- *In re Merck & Co. Inc., Vytorin ERISA Litig.*, MDL-1938 (D.N.J.);

- *In re Diebold ERISA Litig.*, No. 06-0170 (N.D. Ohio);

- *In re Dell ERISA Litig.*, No. 06-758 (W.D. Tex.);

- *In re First American Corp. ERISA Litig.*, No. 07-1357 (C.D. Cal.);

- *In re YRC Worldwide, Inc. ERISA Litig.*, No. 09-2593 (D. Kan.); and

- *Leach v. Textron, et al.*, No. 09-383 (D. R.I.).

Moreover, Izard Nobel serves or has served on the Executive Committees in the following cases:

- *In re Enron Corporation Securities and ERISA Litig.*, No. 02-13624 (S.D. Tex.);

- *In re Electronic Data Systems Corp. ERISA Litig.*, No. 03-1512 (E.D. Tex.); and

- *In re Marsh ERISA Litig.*, No. 04-8157 (S.D.N.Y.).

Numerous courts have recognized Izard Nobel's expertise in ERISA actions of this type. In particular, in *In re Merck Sec., ERISA and Deriv. Litig.*, the Court stated: "What is clear is that Schatz & Nobel [now Izard Nobel] does have substantial experience in this area and much more experience than other contenders." *In re Merck Sec., ERISA and Deriv. Litig.*, No. 05 1157 (D.N.J. Apr. 18, 2005) at 24 (attached to the Declaration of Robert A. Izard ("Izard Decl.") as Exhibit A). Similarly, the court in *In re Tyco International, Ltd., Securities Litig.* found that Izard Nobel and its co-counsel "have the necessary resources, skill and commitment to effectively represent the proposed class" and "extensive experience in both leading class actions and prosecuting ERISA claims." *In re Tyco International, Ltd. Sec. Litig.*, Case No. 02-1335 (D.N.H. Dec. 20, 2002) at 2 (attached to the Izard Decl. as Exhibit B).

---

[1] Izard Nobel is Chair of the Lead Counsel Committee.

Similarly, in the AOL Time Warner ERISA case, the Independent Fiduciary retained to review the $100 million settlement on behalf of the AOL Time Warner retirement plans expected the case to settle for only $70 million. *In re AOL Time Warner, Inc. Sec. and ERISA Litig.*, No. 02-CV-1500 (S.D.N.Y), Report & Recommendation of Special Master dated August 7, 2007 at 7 (attached as Exhibit C to the Izard Decl.), approved by the Court by Memorandum Opinion dated October 26, 2007 (attached as Exhibit D to the Izard Decl.). The Special Master, reviewing an application for attorneys' fees, found that in addition to the fact that the quality of counsel's work was "impressive," "[e]ven more importantly, they used the mediation process to persuade reluctant and determined defendants to part with settlement dollars well above those expected." *Id*. at 30.  According to the Special Master, obtaining an additional $30 million for the class stands out as "some of the hardest work and most outstanding results" obtained by Izard Nobel and its co-counsel. *Id*. at 37.  In negotiating this extraordinary settlement, Izard Nobel "stretched the defendants' settlement tolerances beyond their limits." *Id*.  Moreover, the court found that Izard Nobel worked with great efficiency.  After conducting a "moderately detailed examination of counsels' actual time records," the Special Master lauded the efficiency with which counsel litigated such a large case which inherently tends to produce inefficiencies. *Id*. at 26, 43.

Finally, in the *Tyco* ERISA case, the Court stated that the $70.525 million settlement in an "extraordinarily complex case factually" was "outstanding" and "an extraordinary settlement given the circumstances of the case and the knowledge that [the Court] has about the risks that the plaintiff class faced in pursuing this matter to verdict." *In re Tyco International, Ltd., Securities Litig.*, No. 02-1335-B (D. N.H. Nov. 18, 2009) at 11, 31, 41, and 61 (attached to the Izard Decl. as Exhibit E).

5

Izard Nobel's ERISA team is led by Robert A. Izard, Jr. Mr. Izard is the former chair of the Commercial and Business Litigation Committee of the Litigation Section of the American Bar Association. He received his B.A. from Yale University and his J.D., with honors, from Emory University, where he was elected to the Order of the Coif and was an editor of the Emory Law Journal. Mr. Izard has substantial jury and nonjury trial experience, including a seven month jury trial in federal district court. He is experienced in various forms of alternative dispute resolution, including mediation and arbitration, and is a Distinguished Neutral for the CPR Institute for Dispute Resolution. Mr. Izard is the author of Lawyers and Lawsuits: A Guide to Litigation, published by Simon and Schuster. A copy of the firm's resume is attached to the Izard Decl. as Exhibit F. In approving the Tyco settlement, the Court stated with respect to Mr. Izard:

> I have a high regard for you. I know you to be a highly experienced ERISA class action lawyer. You've represented your clients aggressively, appropriately and effectively in this litigation, and I have a high degree of confidence in you so I don't think there's any question that the quality of counsel here is a factor that favor's the Court's endorsement of the proposed settlement. . . . I have enjoyed working with you in this case. You've always been helpful. You've been a gentleman. You've been patient when I've been working on other matters. . . .

*In re Tyco International, Ltd., Securities Litig.*, No. 02-1335-B (D. N.H. Nov. 18, 2009) at 25, 74.

## CONCLUSION

For the reasons set forth above, the Arshadullah Plaintiffs respectfully request that the Motion of the Whitley Group be granted.

Respectfully submitted,

/S/ Robert Izard
Robert A. Izard
**IZARD NOBEL LLP**
29 So. Main Street, Suite 215
West Hartford, CT 06107
Tel.: (860) 493-6292
Fax: (860) 493-6290

*Attorneys for Syed Arshadullah and Ron Pierce*

Of Counsel:

AJAMIE LLP

/s/ Thomas R. Ajamie
Thomas R. Ajamie
Texas Bar No. 00952400
Pennzoil Place - South Tower
711 Louisiana, Suite 2150
Houston, TX 77002
Tel.: (713) 860-1600
Fax: (713) 860-1699

## CERTIFICATE OF SERVICE

I certify that the foregoing Plaintiffs Syed Arshadullah and Ron Pierce's Memorandum of Law in Support of the Interim Class Counsel Structure Proposed by the Whitley Group has been filed and served on counsel through the court's ECF system on January 6, 2011.

/s/ Thomas R. Ajamie