UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re BP plc Securities Litigation | No. 4:10-md-02185 |
| | Honorable Keith P. Ellison |
| | **PUBLIC REDACTED VERSION** |

NOTICE OF ERRATA

On June 6, 2011, Co-Lead Plaintiffs New York and Ohio[1] filed their Opposition to

Defendants' Motion to Dismiss the Claims of BP ADS Purchasers in the New York and Ohio

Plaintiffs' Consolidated Class Action Complaint ("Opposition Brief").  Dkt. 186.  In their Reply

Memorandum in Further Support of their Motion to Dismiss the Claims of BP ADS Purchasers

in the New York and Ohio Plaintiffs' Consolidated Class Action Complaint ("Reply

Memorandum") (Dkt. 220), Defendants challenged the accuracy of a number of the assertions

---

[1] New York and Ohio refer to Thomas P. DiNapoli, Comptroller of the State of New York, as Administrative Head of the New York State and Local Retirement Systems and sole Trustee of the New York State Common Retirement Fund, and the Ohio Public Employees Retirement System, the State Teachers Retirement System of Ohio, the School Employees Retirement System of Ohio and the Ohio Police & Fire Pension Fund, as represented by Ohio's Attorney General Michael DeWine.

made in Lead Plaintiffs' Opposition Brief and Lead Plaintiffs have reviewed their Opposition Brief to ensure the accuracy of their statements and request to file an errata.

First, in referring to the National Commission on the BP Deepwater Horizon Oil Spill and Offshore Drilling (the "Presidential Commission"), the Opposition Brief stated that BP's claims that its process safety features compared favorably with industry peers "were revealed to be false when the Presidential Commission described BP's safety protocols for offshore drilling operations as 'far inferior' to those of Shell and Exxon Mobil." Opp'n at 20-21. The Presidential Commission did conclude that BP's safety protocols were far inferior to those of Shell and Exxon Mobil, as reflected by the findings in the Presidential Commission's report, public meetings, and hearings, but the phrase "far inferior" is not a direct quote from the Presidential Commission and should not have appeared in quotation marks. Instead, the quotation marks around "far inferior" were meant as a reference to that phrase as used in the Complaint. Complaint ¶108.

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

A revised version of Plaintiff's Opposition Brief (including its appendices) is attached hereto as Exhibit A, and redline versions of the affected pages, showing the changes that were made, are attached as Exhibit B.

DATED:  July 5, 2011                    Respectfully submitted,


**YETTER COLEMAN LLP**

/s/ R. Paul Yetter
R. Paul Yetter (Bar No. 22154200)
Autry W. Ross (Bar No. 17283950)
909 Fannin, Suite 3600
Houston, TX  77010
Tel: (713) 632-8000
Fax: (713) 632-8002

***Counsel for New York and Ohio and***
***Liaison Counsel for the Class***

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Steven J. Toll (admitted *pro hac vice*)
Daniel S. Sommers (admitted *pro hac vice*)
Julie G. Reiser (admitted *pro hac vice*)
Joshua M. Kolsky (admitted *pro hac vice*)
1100 New York Avenue N.W.
West Tower, Suite 500
Washington, D.C.  20005-3964
Tel: (202) 408-4600
Fax: (202) 408-4699

**BERMAN DEVALERIO**
Jeffrey C. Block (admitted *pro hac vice*)
Jason M. Leviton (admitted *pro hac vice*)
Whitney E. Street (admitted *pro hac vice*)
One Liberty Square
Boston, MA  02109
Tel: (617) 542-8300
Fax: (617) 542-1194

***Counsel for New York and Ohio and***
***Co-Lead Counsel for the Class***