# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| **In re: BP P.L.C., SECURITIES LITIGATION** | **No. 10-md-2185**<br><br>**Honorable Keith P. Ellison** |

**1) Response to BP's Notice of Recent Authority (Dkt. No. 223)**

**2) Notice of Supplement to Appendix A Attached to Ludlow Plaintiffs' Opposition to Defendants' Motion to Dismiss (Dkt. No. 187)**

**<u>REDACTED</u>**

**RESPONSE TO BP'S NOTICE OF RECENT AUTHORITY**

On June 30, 2011, Defendants notified the Court of a recent decision by the United States

Court of Appeals for the Ninth Circuit, *Reese v. BP Exploration (Alaska) Inc.*, No. 10-35128,

2011 U.S. App. LEXIS 13255 (9th Cir. June 29, 2011) and cited the Ludlow Plaintiffs'

("Plaintiffs") reliance on the district court decision.

On June 6, 2011, Plaintiffs filed a memorandum of law in opposition to Defendants'

motion to dismiss.  Dkt. 187.  Among other cases, Plaintiffs cited *Reese v. Malone*, 2009 U.S.

Dist. LEXIS 15774 (W.D. Wash. Feb. 27, 2009) to support the proposition that alleged

misrepresentations related to the maintenance of oil operations may give rise to securities fraud

claims.  Dkt No. 187 at 10.  In *Reese*, the district court found that BP Exploration (Alaska) Inc.'s

("BPXA") representation that it was in compliance with Alaska's Prudent Operator Standard

could constitute a false or misleading statement.  *Id.* at 12.

The Ninth Circuit Court of Appeals accepted interlocutory appeal of the district court's

order granting in part and denying in part defendants' motion to dismiss.  *Reese*, 2011 U.S. App.

LEXIS 13255, at *1 (9th Cir. June 29, 2011).  The issues before the 9th Circuit in *Reese* were:

(1) whether a contract to which a defendant is a party, filed in conjunction with SEC reporting

requirements and promising specific conduct by the defendant, can be used as the foundation for

a securities fraud action by a nonparty to the contract; and (2) whether the plaintiffs' allegations

adequately pled scienter.  *Id.*, at *13.

The Court found that because the plaintiff did not allege that BPXA "was in breach" of

the prudent operator agreement or that BXPA otherwise "intended to breach" the contract, the

Plaintiff's allegation was "forward-looking," not a misrepresentation of current or existing fact,

and "the breach of a contractual promise of future performance typically does not constitute a

misrepresentation that will support an action for fraud."  *Id.*, at *24-25, 29.  Because the Court

1

determined the statement at issue was not actionable it did not reach the second certified issue on scienter. *Id.,* at *34. The Court did not disturb the well-accepted proposition that misrepresentations related to the maintenance of oil operations may give rise to securities fraud claims. *See e.g. In re BP Prudhoe Bay Royalty Trust Secs. Litig.* 2007 U.S. Dist. LEXIS 83007 (W.D. Wash. Oct. 26, 2007) (finding misrepresentations related to maintenance, operation, and condition of **BP's** oil operations actionable under Section 10(b)). Unlike *Reese,* Plaintiffs here have identified actionable misrepresentations of current or existing facts, not merely promises of future performance.

Recent depositions taken of named defendants corroborate such allegations. Accordingly, Plaintiffs respectfully submit the following Supplement to Appendix A attached to the Ludlow Plaintiffs' Opposition to Defendants' Motion to Dismiss (Dkt. No. 187), containing recent deposition testimony from Defendants Hayward, Castell, and BP p.l.c.(through Fed. R. Civ. P. 30(b)(6) witness John Baxter) in MDL 2179. As the testimony has been designated Confidential, the attached appendix, testimony, and exhibits are submitted under seal.

Dated: July 5, 2011

By   *s/ Richard W. Mithoff*

**MITHOFF LAW FIRM**
Richard W. Mithoff
Texas Bar Number: 14228500
Sherie P. Beckman
Texas Bar No. 16182400
Warner V. Hocker
Texas Bar No. 24074422
One Allen Center
500 Dallas Street
Houston, TX 77002
Telephone:  713-654-1122
Fax:  713-739-8085

*Attorney-In-Charge and Co-Lead Counsel for Lead Plaintiffs and the Proposed Subclass*

Respectfully Submitted,

By   *s/ Mark C. Molumphy*

**COTCHETT, PITRE & McCARTHY**
Joseph W. Cotchett
Mark C. Molumphy
Matthew K. Edling (admitted *pro hac vice*)
Jordanna G. Thigpen (admitted *pro hac vice*)
Victor S. Elias (*pro hac vice* pending)
Bryan M. Payne (admitted *pro hac vice*)
840 Malcolm Road
Burlingame, CA 94010
Telephone:  (650) 697-6000
Fax:  (650) 697-0577

*Co-Lead Counsel for Lead Plaintiffs and the Proposed Subclass*

## SUPPLEMENT TO APPENDIX A

**<u>Anthony B. Hayward</u>**

Hayward testified on June 6 and June 8, 2011.  Hayward served as Chief Executive Officer, Chairman of the Group Operations Risk Committee ("GORC"), and Executive Liaison to the Safety, Ethics & Environment Assurance Committee ("SEEAC") during the Subclass Period.  ¶¶ 24, 353 at 116.[1]  In relevant part, Hayward testified:

- REDACTED

---

[1] ¶ refers to Plaintiffs' Complaint.

**<u>Sir William Castell</u>**

Castell testified on June 22 and June 23, 2011.  Castell was the Chairman of the SEEAC, which was responsible for oversight of BP's internal control systems of and oversight for BP's safety, ethics, environmental and compliance issues.  ¶¶ 423-425.  In relevant part, Castell testified:

REDACTED

REDACTED

**BP p.l.c. (Fed. R. Civ. P. 30(b)(6) witness John Baxter)**

Baxter testified on June 22 and June 23, 2011.  Baxter was the Group Head of Engineering for BP, and was responsible for delivering aspects of the BP 6-Point Plan, which was instituted following the Texas City disaster.  (12:4-6; 115:17-24).  In relevant part Baxter testified:

REDACTED

5

REDACTED