IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE BP SHAREHOLDER DERIVATIVE LITIGATION | MDL NO. 2185 <br><br> Case No. 4:10-cv-03447 |
| In Re: BP P.L.C. SECURITIES LITIGATION | Civil Action No. 4:10-md-2185 <br><br> HON. KEITH P. ELLISON |

# DEFENDANTS' OPPOSITION TO DERIVATIVE PLAINTIFFS' MOTION TO ALTER OR AMEND THE COURT'S ORDER

OF COUNSEL:

Daryl A. Libow (pro hac vice)
Bruce W. Hickey
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: (202) 956-7500
libowd@sullcrom.com
hickeyb@sullcrom.com

Richard C. Pepperman, II (pro hac vice)
Marc De Leeuw (pro hac vice)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
peppermanr@sullcrom.com
deleeuwm@sullcrom.com

Thomas W. Taylor (S.D. No. 3906)
Texas State Bar No. 19723875
ANDREWS KURTH LLP
600 Travis, Suite 4200
Houston, Texas 77002
Telephone: (713) 220-4200
Facsimile:  (713) 220-4285
ttaylor@andrewskurth.com

*Attorney-in-charge for Nominal Defendant BP p.l.c. and Defendants Iain C. Conn, Robert W. Dudley, Byron E. Grote, Anthony B. Hayward, Andy G. Inglis, Antony Burgmans, Cynthia B. Carroll, William M. Castell, George David, Erroll B. Davis, Jr., Douglas J. Flint, DeAnne S. Julius, Ian M.G. Prosser, Peter Sutherland, Carl-Henric Svanberg, H. Lamar McKay, and Robert A. Malone*

Defendants respectfully submit this brief in opposition to Plaintiffs' Motion to Alter or Amend the Court's Order Dated September 15, 2011.

## INTRODUCTION

On September 15, 2011, this Court granted Defendants' motion to dismiss the Verified Consolidated Amended Shareholder Derivative Complaint. The only condition the Court imposed on dismissal was submission of either proof that the individual defendants are amenable to process in England or "a stipulation that they will submit to the jurisdiction of the appropriate English court." (Mem. & Order at 31.) The individual defendants filed such a stipulation on October 3, 2011. (Doc. 132.) Plaintiffs now ask the Court to alter its September 15 Order by imposing five additional conditions on dismissal, none of which were raised by Plaintiffs in their prior briefs. Plaintiffs also ask the Court to stay its dismissal order for 60 days so that they have "an adequate opportunity to investigate and assess the potential risks and benefits of pursuing this important derivative suit in the courts of England." (Pls. Mot. at 5.)

There is no basis for Plaintiffs' requests, which are both untimely and meritless. Now that the individual defendants have satisfied the condition imposed by the Court in its September 15 Order, the Court should enter final judgment dismissing this action.

## ARGUMENT

**I.     The Individual Defendants' Stipulation Complies with
        the Court's September 15 Order.**

On October 3, 2011, the individual defendants "stipulate[d] that they will submit to the jurisdiction of the appropriate English court in any derivative action brought by a shareholder of BP p.l.c. in that court based upon the facts and claims alleged in the Verified Consolidated Amended Shareholder Derivative Complaint in this action." (Doc. 132.) This stipulation fully complies with the Court's September 15 Order. Plaintiffs complain that "Defendants' language

limits Derivative Plaintiffs' ability to allege additional facts that have come to light since they filed the current complaint or add new claims." (Pls. Mot. at 3.) This complaint amounts to either semantic quibbling or an improper attempt to expand the Court's previously imposed condition. Nothing in the Court's opinion required the individual defendants to stipulate to the jurisdiction of an English court in any and all future actions based on facts or claims not related to those alleged in this action. Plaintiffs' argument that the stipulation would preclude them from alleging "recent developments and other incriminating facts in any U.K. pleading" and from adding "any claims supported by the governing English law" (*id*.) is wrong. Newly discovered facts and different English claims could be alleged in a derivative action covered by the individual defendants' stipulation so long as those facts and claims are related to those in the current complaint and thus the English action is "based upon" the same facts and claims.

## II.    Plaintiffs' Motion to Amend Is Procedurally Improper.

Plaintiffs ask the Court to alter or amend its Order pursuant to Rule 59(e). (Pls. Mot. at 1.) "A Rule 59(e) motion . . . calls into question the correctness of a judgment." *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. Rather, Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet* v. *Hydrochem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (quotations omitted).

Plaintiffs' motion does not identify a manifest error of law or fact or present newly discovered evidence. Instead, Plaintiffs assert that the Court should impose additional conditions on the dismissal of this action because "[t]hese conditions have been included by other courts within this Circuit in their *forum non conveniens* dismissal orders, and Derivative Plaintiffs believe that these conditions are necessary to ensure that this case can be heard abroad." (Pls.

Mot. at 2.) That other courts may have included these conditions in other cases does not give rise to a manifest error of law, and Plaintiffs do not contend otherwise.

When dismissing a case on *forum non conveniens* grounds, a court has "discretion to determine the conditions of dismissal or to determine that the dismissal should be unconditional under the circumstances." *Baris* v. *Sulpicio Lines, Inc.*, 932 F.2d 1540, 1551 (5th Cir. 1991); *see also Zekic* v. *Reading & Bates Drilling Co.*, 680 F.2d 1107, 1109 (5th Cir. 1982) ("[W]hether the action should be dismissed unconditionally or conditionally, with such suitable conditions as he may adopt, is a matter for [district court's] sound discretion."), *overruled on other grounds by In re Air Crash Disaster near New Orleans*, 821 F.2d 1147, 1163 n.25 (5th Cir. 1987). Courts thus have denied motions to reconsider *forum non conveniens* dismissals that sought to impose additional conditions based on newly raised concerns. *See*, *e.g.*, *In re Air Crash Over the Mid-Atlantic on June 1, 2009*, 2011 U.S. Dist. LEXIS 68154, at *34 (N.D. Cal. June 15, 2011) ("With respect to the proposed additional conditions for dismissal of the original actions, they are denied because they . . . were not sought at the outset of the briefing on the original motion to dismiss and no reasonable reason for not asking for them has been provided . . . ."); *Oxley* v. *Wyeth Labs., Inc.*, 1992 U.S. Dist. LEXIS 10905, at *3 (E.D. Pa. July 23, 1992) (rejecting "plaintiffs['] request that a dismissal on the grounds of *forum non conveniens* be conditioned upon certain concessions made by the defendants" raised for first time on reconsideration).

Here, the Court conditioned dismissal on its continuing power to "reassert jurisdiction upon timely notification if the courts of England refuse to accept jurisdiction for reasons other than Plaintiffs' failure to comply with the procedural requirements of English courts." (Mem. & Order at 31.) The Court also required the individual defendants to submit "a stipulation that they will submit to the jurisdiction of the appropriate English court." (*Id.*) The Court entered this

-3-

Order after full briefing by the parties, including a supplemental brief requested by Plaintiffs, and nearly three hours of oral argument. (Pls. Opp'n Br., Doc. 108; Pls. Supp. Br., Doc. 252.) Despite "recogniz[ing] that federal judges will in the majority of instances decline to assert jurisdiction over a derivative suit involving a foreign company" (Pls. Suppl. Br. at 2, Doc. 252), Plaintiffs never asked the Court, in any of their briefs or at oral argument, to impose any of the additional conditions that they now request in the event that their case was dismissed on *forum non conveniens* grounds. Instead, Plaintiffs waited nearly a month after the September 15 Order was entered to raise these new conditions. Because any such arguments could and should have been raised before entry of the Order, Plaintiffs' Rule 59(e) motion should be denied. *See In re Air Crash Over the Mid-Atlantic on June 1, 2009*, 2011 U.S. Dist. LEXIS 68154, at *34; *Culotta* v. *Sudexo Remote Sites P'ship*, 2011 U.S. Dist. LEXIS 55538, at *11 (E.D. La. May 24, 2011).

### III.  There Is No Basis for Plaintiffs' Proposed Conditions.

Plaintiffs do not explain why any of their proposed additional conditions are necessary or appropriate here. They simply cite other cases in which similar conditions were imposed. This Court already required the individual defendants to submit to the jurisdiction of the appropriate English court, a concern specifically raised by Plaintiffs in their brief opposing Defendants' motion to dismiss. (*See* Pls. Opp'n Br. at 25.) The Court's Order also expressly provides that "[t]his Court may reassert jurisdiction upon timely notification if the courts of England refuse to accept jurisdiction for reasons other than Plaintiffs' failure to comply with the procedural requirements of English courts." (Mem. & Order at 31.) With little or no argument, Plaintiffs now ask this Court to impose *five* additional conditions on the ground that other courts in other cases have sometimes exercised their discretion to include similar conditions in their *forum non conveniens* dismissal orders.

Significantly, Plaintiffs' motion "fails to articulate the specific prejudices which await their claims in the foreign forum" in the absence of the requested conditions. *Oxley*, 1992 U.S. Dist. LEXIS 10905, at *4. "The purpose of a conditional [*forum non conveniens*] dismissal is to preclude the possibility that defendants . . . are . . . insulated from the plaintiffs['] claims in the foreign forum." *Id*. at *5. As a result, plaintiffs seeking to impose additional conditions on a dismissal on *forum non conveniens* grounds "must show that the defendants could potentially insulate themselves from these claims in a foreign jurisdiction." *Id*. Plaintiffs here do not even attempt to make such showing. Indeed, they do not suggest that "these conditions will in some way protect an interest not otherwise protected." *Id.* at *4.

### A. No Waiver of Any Limitations or Laches Defense Is Necessary.

Plaintiffs state that the individual defendants should be required to "[w]aive any limitations or laches-related defenses that arose while the derivative litigation in the United States was pending." (Pls. Mot. at 4.) No defendant has ever raised such a defense in this litigation, and Plaintiffs do not contend that there is any risk of such a bar. Plaintiffs also do not explain why the Court's right to reassert jurisdiction does not otherwise protect their interests.

### B. This Court Should Not Attempt to Dictate What Evidence Will Be Admissible in an English Court.

Plaintiffs demand that the individual defendants agree to the admissibility in England of discovery taken in the United States. (Pls. Mot. at 4.) They do not bother, however, to explain why this condition is supposedly necessary to protect their interests. The English court in which any derivative action is filed should be permitted to determine what evidence is admissible in the proceedings before it according to its own rules and procedures. "The mere fact that a foreign judicial system abides by certain rules and procedures that differ from those of the United States cannot justify imposing conditions on dismissal that might undermine the foreign forum's policy

-5-

judgments by substantially altering its rules or procedures to mirror our own." *In re Vioxx Prods. Liab. Litig.*, 2009 U.S. Dist. LEXIS 55973, at *38-40 (E.D. La. Feb. 11, 2009) (declining to impose conditions on dismissal, including that "parties may obtain evidence pursuant to the Federal Rules of Civil Procedure," because they were not "'personal' conditions that [defendant] itself may satisfy by waiver or agreement" but were instead "'institutional' conditions that will fundamentally alter the nature of the proceedings in the foreign jurisdictions"), *aff'd sub nom. Adams* v. *Merck & Co.*, 353 Fed. App'x 960 (5th Cir. 2009).  In another case where plaintiffs similarly sought "to circumvent rules and procedures adopted by the U.K. that reflect considered policy judgments about . . . the suitability of certain kinds of evidence at trial[] and the desirable scope of discovery," the court declined "to call those judgments into question, much less to undermine them by requiring that our own rules or procedures be implemented in their place." *Id.* at *40; *see also Gross* v. *British Broad. Corp.*, 386 F.3d 224, 235 (2d Cir. 2004) ("We urge the district courts to be cognizant of the prudential choices made by foreign nations and not to impose conditions on parties that may be viewed as having the effect of undermining the considered policies of the transferee forum.").

      C.      **This Court Also Should Not Attempt to Dictate That Discovery in an English Proceeding Be Conducted in Accordance with the Federal Rules of Civil Procedure.**

Plaintiffs assert that the individual defendants should "[a]gree that all discovery that occurs in the United States shall be conducted in accordance with the Federal Rules of Civil Procedure." (Pls. Mot. at 4.)  This Court granted Defendants' motion to dismiss because, among other reasons, "England has a greater interest in the resolution of this dispute" and "the interests of justice favor England as a more convenient forum." (Mem. & Order at 29-30.)  To impose American rules of procedure on discovery taken in an English proceeding would be inconsistent with the reasoning of the Court's Order.  Indeed, the Fifth Circuit has declined to require such a

-6-

condition, referring to it and other procedural conditions as attempts "to replicate an American trial in a foreign forum" that "go to the heart of policy differences between the United States and the foreign fora." *Adams*, 353 Fed. App'x at 964 (rejecting condition "that the parties may obtain evidence pursuant to the Federal Rules of Civil Procedure"). Even when courts condition dismissal on discovery agreements, they frequently specify compliance with *foreign* procedural rules, not the Federal Rules of Civil Procedure. *See*, *e.g.*, *Morales* v. *Ford Motor Co.*, 313 F. Supp. 2d 672, 689 (S.D. Tex. 2004) ("[T]he court's order of dismissal is conditioned on the Defendant's agreement to submit to discovery in the Venezuelan forum per its procedural rules.").

### D. Plaintiffs Offer No Basis for Conditioning Dismissal on BP's Agreement That Its U.S. Employees Will Submit to U.K. Jurisdiction for Purposes of Discovery.

Plaintiffs ask that dismissal be conditioned on Defendants' agreement that "the United States-based employees of BP p.l.c. and its subsidiaries who are not named as defendants will submit to U.K. jurisdiction for purposes of discovery without subpoena or other judicial process." (Pls. Mot. at 5.) Plaintiffs offer no justification for this condition. Nor do they explain why their interests supposedly are not protected by existing law allowing district courts to assist with discovery in aid of foreign proceedings. *See Oxley*, 1992 U.S. Dist. LEXIS 10905, at *7 (rejecting similar condition because plaintiffs' interests were protected by 28 U.S.C. § 1782).

### E. There Is No Basis to Require the Individual Defendants (Most of Whom Are Foreign Nationals) to Agree That Any English Judgment Can Be Satisfied in the United States.

Plaintiffs say that the individual defendants (who may not even be subject to personal jurisdiction in this Court) should be required to agree that any judgment against them can be satisfied in the United States. (Pls. Mot. at 5.) Plaintiffs do not attempt to identify which individual defendants supposedly have assets in the United States that may be necessary to

satisfy a damages award against them in an English proceeding.  Moreover, there is no "reason to assume that defendants will be able to avoid the effects of an [English] judgment." *Oxley*, 1992 U.S. Dist. LEXIS 10905, at *6 (denying motion for reconsideration requesting similar condition).  Many courts therefore have been reluctant to require defendants to agree to satisfy a foreign judgment. *See*, *e.g.*, *In re Union Carbide Corp. Gas Plant Disaster at Bhopal*, 809 F.2d 195, 205 (2d Cir. 1987) (declining to condition dismissal on defendants' agreement to satisfy foreign judgment); *Banco de Seguros del Estado* v. *J.P. Morgan Chase & Co.*, 500 F. Supp. 2d 251, 264 (S.D.N.Y. 2007) (declining to impose similar condition).  It also would make no sense to require such a condition on defendants who may not be subject to personal jurisdiction in this Court and, indeed, in any U.S. court.

### IV. At This Point, the Court's Dismissal Should Be Final.

Plaintiffs request that the Court's dismissal "not be deemed effective" for 60 days so that they "have an adequate opportunity to investigate and assess the potential risks and benefits of pursuing this important derivative suit in the courts of England without having the burden of simultaneously pursuing an appeal in the federal court system." (Pls. Mot. at 5.)  In this Circuit, conditional *forum non conveniens* dismissals are final orders subject to immediate appeal. *See Koke* v. *Phillips Petroleum Co.*, 730 F.2d 211, 212-13 (5th Cir. 1984), *overruled on other grounds by In re Air Crash Disaster near New Orleans*, 821 F.2d at 1163 n.25.  This Court's dismissal thus will become final when the Court enters an order stating that the individual defendants' stipulation satisfies the Court's condition. *Dominguez* v. *Gulf Coast Marine & Assocs.*, 607 F.3d 1066, 1073 (5th Cir. 2010).  Plaintiffs do not explain why the Court's dismissal should be treated any differently than other conditional *forum non conveniens* dismissals.  Plaintiffs cannot claim surprise at the prospect of litigating this action in England,

having acknowledged that "federal judges will in the majority of instances decline to assert jurisdiction over a derivative suit involving a foreign company." (Pls. Supp. Br. at 2, Doc. 252.)

## CONCLUSION

Plaintiffs' motion to alter or amend should be denied, and this Court should enter a final judgment dismissing this action. There is no reason for further delay.

Dated: October 31, 2011

Respectfully submitted,

OF COUNSEL:

Daryl A. Libow (pro hac vice)
Bruce W. Hickey
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: (202) 956-7500
libowd@sullcrom.com
hickeyb@sullcrom.com

Richard C. Pepperman, II (pro hac vice)
Marc De Leeuw (pro hac vice)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
peppermanr@sullcrom.com
deleeuwm@sullcrom.com

*s/Thomas W. Taylor*_____
Thomas W. Taylor (S.D. No. 3906)
Texas State Bar No. 19723875
ANDREWS KURTH LLP
600 Travis, Suite 4200
Houston, Texas 77002
Telephone: (713) 220-4200
Facsimile:   (713) 220-4285
ttaylor@andrewskurth.com

*Attorney-in-charge for Nominal Defendant BP p.l.c. and Defendants Iain C. Conn, Robert W. Dudley, Byron E. Grote, Anthony B. Hayward, Andy G. Inglis, Antony Burgmans, Cynthia B. Carroll, William M. Castell, George David, Erroll B. Davis, Jr., Douglas J. Flint, DeAnne S. Julius, Ian M.G. Prosser, Peter Sutherland, Carl-Henric Svanberg, H. Lamar McKay, and Robert A. Malone*

-9-

-10-

**CERTIFICATE OF SERVICE**

   I hereby certify that a true and correct copy of the above and foregoing document has been served by electronic CM/ECF filing, on this 31st day of October, 2011.

                *s/Thomas W. Taylor*
                Thomas W. Taylor