UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: BP p.l.c. | § | MDL NO.: 10-md-2185 |
| SECURITIES LITIGATION | § | |
| | § | Civil Action No. 4:10-md-2185 |
| | § | |
| | § | HON. KEITH P. ELLISON |
| | § | |

## ORDER

The Court issues this Order clarifying its previous Memorandum and Order dated February 13, 2012 (Doc. No. 324) in response to concerns expressed by the parties. The following revisions are required:

- Page 99 is revised as follows:

    Hayward was BP's CEO from May 2007 until October 2010. (Compl. ¶ 36.) Before assuming the position of CEO, Hayward was CEO of BP's Exploration and Production business segment, which "oversees exploration and drilling in the Gulf of Mexico, among other places." (*Id.*) He also served as an executive director from 2003 until November 2010. (*Id.*) Plaintiffs portray Hayward as the driving force behind BP's campaign to "turn the corner on safety," and they attribute more of the alleged misrepresentations to Hayward—nineteen out of the total forty-six—than to any other Individual Defendant. The Court has determined that eight~~nine~~ of the nineteen statements attributable to Hayward are actionable. *See supra* Section I.D.1. The actionable misrepresentations include: statements made by Hayward at the Houston Forum in 2007 (Misrep. No. 11; Compl. ¶ 275); portions of BP's 2007 Annual Review~~, which Hayward signed~~ (Misrep. No. 1<u>3</u>~~2~~; Compl. ¶ 27<u>9</u>~~8~~); statements attributed to Hayward from a 2008 Strategy Presentation conference call with investors (Misrep. No. 14; Compl. ¶ 281~~) and the 2009 General Meeting (Misrep. No. 28; Compl. ¶ 310)~~; a speech Hayward gave during BP's 2008 Annual General Meeting (Misrep. No. 16; Compl. ¶ 285); a speech Hayward gave at the HRH Prince of Wales 3rd Annual Accounting for Sustainability Forum in December 2008 (Misrep. No. 18; Compl. ¶ 289); statements in BP's 2009 Annual Report (Misrep. No. 35; Compl. ¶ 324); a speech at the Peterson Institute for International Economics in Washington, D.C. in March 2010 (Misrep. No. 38; Compl. ¶ 330); and post-spill estimates of the spill rate Hayward gave during interviews following the Deepwater Horizon incident (Misrep. No. 45; Compl. ¶ 353).

- Page 110, second paragraph, is revised as follows:

  However, the Court must still determine whether Plaintiffs have adequately alleged scienter for the remaining corporate statements not attributed to any Individual Defendant. The unattributed statements appear in BP's 2006 Sustainability Report (Compl. ¶ 266), BP's 2009 Sustainability Review (Compl. ¶ 334), portions of BP's four Annual Reviews published between 2006 and 2009 that are not signed by or connected to any Individual Defendant (Compl. ¶¶ 261, 277–278, 294, 319), and the two press releases issued by BP on April 21, 2010 (Compl. ¶ 337). The Court has already determined that the statements in the 2006 Sustainability Report and 2007 Annual Review are is the only actionable misrepresentations attributed to BP alone.

- Page 115, first complete paragraph, is revised as follows:

  Nonetheless, application of corporate scienter is appropriate here. The errors in the IEP and the Regional OSRP are so egregious as to rise to the level of extraordinary and dramatic falsity contemplated by the Seventh Circuit in *Tellabs II*. These statements, presented to the MMS and the public as realistic projections for BP's ability to contain a spill in the Gulf, were so far from the truth as to support a finding of reckless indifference. Plaintiffs have therefore adequately alleged corporate scienter with respect to the misrepresentations contained in the IEP and the Regional OSRP. Plaintiffs have not adequately alleged corporate scienter with respect to the remaining two unattributed misrepresentations—those contained in the 2006 Sustainability Report, the 2007 Annual Review, and the Microsoft Global Energy Forum presentation—which do not rise to the level of falsity contemplated under *Tellabs II*.

- Page 115, footnote 39, is revised as follows:

  By the Court's numbering system, these are statements contained in Misrepresentations 6 (Compl. ¶ 266), 12 (¶ 278) and 19 (Compl. ¶ 291).

The changes set forth above are hereby incorporated into this Court's February 13, 2012, Memorandum and Order (Doc. No. 324).

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 27th day of February, 2012.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE