UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE: BP ERISA LITIGATION

MDL No. 2185

Civil Action No. 4:10-cv-04214
Hon. Keith P. Ellison

**DEFENDANTS' RESPONSE TO
ERISA PLAINTIFFS' NOTICE OF RECENT AUTHORITY**

The new authority identified by Plaintiffs in their Notice (Dkt. #111) – *Pfeil v. State St. Bank & Trust Co.*, No. 10-2302, 2012 U.S. App. LEXIS 3482 (6th Cir. Feb. 22, 2012) – in no way undercuts the pending motion to dismiss and, indeed, further demonstrates that Defendants' motion should be granted under binding Fifth Circuit precedent. As a threshold matter, the Sixth Circuit's approach to the "presumption of prudence" is inconsistent with the more stringent and fiduciary-protective standard adopted by the Fifth Circuit in *Kirschbaum v. Reliant Energy, Inc.*, 526 F.3d 243 (5th Cir. 2008), and by the other Courts of Appeals that have addressed that issue, a fact acknowledged by the Sixth Circuit itself. *Pfeil* also is easily distinguishable on its facts.

1. The Sixth Circuit's Decision Departs from the Holdings of the Second, Third, Fifth and Ninth Circuits.

Contrary to the specific holdings of the Second and Third Circuits in *Citigroup* and *Avaya*, the Sixth Circuit in *Pfeil* concluded that the *Moench* presumption of prudence is an evidentiary standard rather than a pleading standard enforceable on a motion to dismiss. *See Pfeil*, 2012 U.S. App. LEXIS 3482, at *15-16, *19-25. This conclusion was premised on the *Pfeil* panel's view that the Sixth Circuit in *Kuper v. Iovenko*, 66 F.3d 1447 (6th Cir. 1995), had adopted a different and more lenient standard for rebutting the presumption of prudence than that of the Second and Third Circuits. As the Sixth Circuit explained, under the stricter standard

adopted by the Second and Third Circuits – a standard that requires "proof that the company faced a 'dire situation,' something short of 'the brink of bankruptcy' or an 'impending collapse'" – a plaintiff must allege facts sufficient to rebut the *Moench* presumption at the motion to dismiss stage, while the Sixth Circuit's more lenient standard, by contrast, does not impose such a pleading burden. *Id.* at *19-25.

In reaching this conclusion, the Sixth Circuit pointed out that, although the Fifth Circuit has not yet "addressed whether a plaintiff must plead enough facts to rebut the presumption of reasonableness to survive a motion to dismiss," *id*. at *23, the Fifth Circuit in *Kirschbaum* (as well as the Ninth Circuit) also had adopted the same more stringent rebuttal standard that the Second and Third Circuits employed in holding that the *Moench* presumption does apply on a motion to dismiss. *Id.* at *22 ("in addition to the Second and Third Circuits, the Fifth and Ninth Circuits have also adopted a rebuttal standard . . . in which plaintiffs are required to come forward with some proof of 'dire circumstances' or the 'impending collapse' of the company"). Thus, as the Sixth Circuit acknowledged, the Fifth Circuit's stricter rebuttal presumption places the burden on the plaintiff to overcome the *Moench* presumption.

In recognizing that the Fifth Circuit has adopted the same rebuttal standard adopted by the Second and Third Circuits, the Sixth Circuit's decision supports, rather than undermines, Defendants' position that the *Moench* presumption applies on a motion to dismiss and that Plaintiffs here must "come forward with some proof of 'dire circumstances' or the impending collapse' of the company" in order to defeat Defendants' motion. *Id.* at *22-23 (citing *Kirschbaum*, 526 F.3d at 255 & n. 9). Indeed, in light of the stricter rebuttal presumption that applies in the Fifth Circuit, all decisions of the district courts in this Circuit post-*Kirschbaum* have held that the presumption is applicable at the motion to dismiss stage. *See Fulmer v. Klein*,

2

No. 3:09-CV-2354, 2011 U.S. Dist. LEXIS 36602, at *14-16 (N.D. Tex. Mar. 16, 2011); *Halaris v. Viacom, Inc.*, No. 3:06-CV-1646, 2008 U.S. Dist. LEXIS 75557, at *8 (N.D. Tex. Aug. 19, 2008); *In re Dell, Inc. ERISA Litig.*, 563 F. Supp. 2d 681, 694 (W.D. Tex. 2008); *see also In re RadioShack Corp. ERISA Litig.*, 547 F. Supp. 2d 606, 614-16 (N.D. Tex. 2008). Defendants respectfully submit that this Court should do likewise.

  2. The Sixth Circuit's Articulation of the Presumption of Prudence Is Contrary to Controlling Fifth Circuit Precedent.

Plaintiffs' suggestion that *Pfeil* supports the notion that the Sixth Circuit's "*Kuper* presumption" also applies in the Fifth Circuit is wrong. To the contrary, *Pfeil* itself acknowledges that the Sixth Circuit's approach to the presumption of prudence is unique and less stringent than "the 'dire situation' standard of the Second, Third, Fifth and Ninth Circuits." *Pfeil*, 2012 U.S. App. LEXIS 3482, at *25. In particular, *Pfeil* states: "In contrast to our sister circuits, we have not adopted a specific rebuttal standard that requires proof that the company faced a 'dire situation,' something short of 'the brink of bankruptcy' or an 'impending collapse.'" *Id.* at *23-25.[1] Given that *Pfeil* itself recognizes that the Sixth Circuit's articulation of the *Moench* presumption is less demanding than that adopted in *Kirschbaum*, that decision is contrary to controlling Fifth Circuit precedent and, as such, has no application here.

  3. *Pfeil* Is Factually Distinguishable.

The alleged facts in *Pfeil* are dramatically different from those in this case. The *Pfeil* panel agreed with the district court's conclusion that "plaintiffs pleaded sufficient facts to rebut the presumption, particularly the allegations detailing General Motors' *precarious financial situation* during the class period." *Pfeil*, 2012 U.S. App. LEXIS 3482, at *13 (emphasis added).

---

[1] The weight that *Pfeil* should be accorded even in the Sixth Circuit is questionable, as its discussion of the presumption is pure dicta. *Pfeil*, 2012 U.S. App. LEXIS 3482, at *14 ("Because the plaintiffs have pleaded facts to overcome the presumption, we need not decide whether the *Kuper* presumption creates a heightened pleading standard in order to resolve this appeal.").

3

Supporting this holding were General Motor's disclosures "that its auditors had 'substantial doubt' regarding the company's 'ability to continue as a going concern'" nearly five months before State Street began "to divest the plan of its GM common stock holdings," *id.* at *13-14, and that GM had, in fact, filed for bankruptcy, *id.* at *6. Based on these allegations, the Sixth Circuit concluded that the plaintiffs there had "plausibly alleged that General Motors was on the brink of bankruptcy, under circumstances that would more than satisfy the 'dire situation' standard of the Second, Third, Fifth and Ninth Circuits and arguably rise to the level of the 'impending collapse' of the company." *Id.* at *25. In contrast, Plaintiffs here have not alleged, and cannot allege, similar facts plausibly suggesting that BP faced bankruptcy or impending collapse, and thus have not pled circumstances meeting the "dire situation standard" of this Circuit. As such, *Pfeil* is readily distinguishable and its holding is inapposite.

*Pfeil* is factually distinguishable for still another reason. In that case, the defendant against whom the fiduciary breach claims were sustained was the independent fiduciary of the GM plan responsible for the employer stock fund – State Street. In the present case, Plaintiffs consciously have decided not to sue State Street even though it likewise serves here as the investment manager for the BP stock fund.[2]

---

[2] Plaintiffs' ERISA § 404(c) argument based on *Pfeil* is both wrong and irrelevant. The controlling authority on this issue in the Fifth Circuit is *Langbecker v. Elec. Data Sys. Inc.,* 476 F. 3d 299, 309-13 (5th Cir. 2007), which held that the § 404(c) defense does apply to "stock drop" fiduciary breach claims, including those challenging the inclusion of employer stock as an investment option. Indeed, the *Pfeil* panel "recognize[d] that the Fifth Circuit took a contrary view . . . and held that a fiduciary may be able to rely on the safe harbor defense when presented with claims that it improperly selected and monitored plan investment choices." *Pfeil*, 2012 U.S. App. LEXIS 3482, at *39 (quoting *Langbecker*, 476 F.3d at 309). Given the controlling authority of *Langbecker*, any statements to the contrary in *Pfeil* are irrelevant. In any event, Plaintiffs' § 404(c) argument is premature and should be disregarded because Defendants have not moved for dismissal on this ground. *See* Defs.' Brief at 25 n.28; Defs.' Reply at 8 n.8.

4

Dated March 6, 2012

OF COUNSEL:

Paul J. Ondrasik, Jr. (*pro hac vice*)
Morgan D. Hodgson (*pro hac vice*)
Ryan T. Jenny (*pro hac vice*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036
Office: (202) 429-3000
Fax:  (202) 429-3902
E-mail: pondrasik@steptoe.com
         mhodgson@steptoe.com
         rjenny@steptoe.com

Daryl A Libow (*pro hac vice*)
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue N.W.
Washington, DC 20006-5805
Office:  (202) 956-7500
E-mail:  libowd@sullcrom.com

Richard C. Pepperman, II (*pro hac vice*)
Marc De Leeuw (*pro hac vice*)
M. David Possick
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498
Office:  (212) 558-4000
Email: peppermanr@sullcrom.com
        deleeuwm@sullcrom.com
        possickmd@sullcrom.com

Respectfully submitted,

/s/ *Thomas W. Taylor*_____
 Thomas W. Taylor
 Texas State Bar No. 19723875
 S.D. Tex. Bar No. 3906
 ANDREWS KURTH LLP
 600 Travis, Suite 4200
 Houston, TX 77002
 Office:  (713) 220-4200
 Fax:  (713) 220-4285
 E-mail: ttaylor@andrewskurth.com

*Attorney-in-Charge for Defendants*
*BP Corporation North America, Inc., BP p.l.c.,*
*BP America Inc., BP Corporation North America,*
*Inc.'s Board of Directors, the BP Savings Plan*
*Investment Oversight Committee, Lord John*
*Browne, Stephanie C. Moore, Gregory T.*
*Williamson, Thomas L. Taylor, Neil Shaw, Brian*
*D. Smith, Stephen J. Riney, Robert A. Malone,*
*Jeanne M. Johns, Anthony Hayward, Lamar*
*McKay, Patrick Gower, James Dupree, Richard J.*
*Dorazil, Corey Correnti, Marvin L. Damsma, and*
*Patricia H. Miller*

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served by electronic CM/ECF filing, on this 6th day of March, 2012.

*s/Thomas W. Taylor*
Thomas W. Taylor