UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: BP p.l.c. SECURITIES LITIGATION | Civil Action No. 4:10-md-2185 |
| In re: BP ERISA LITIGATION | Civil Action No. 4:10-cv-4214 |
| | Honorable Keith P. Ellison |

### ERISA PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants' March 20, 2012 Notice of Supplemental Authority Supporting Their Motion to Dismiss (the "Notice"), and the decision referenced therein, *Fulmer v. Klein*, No. 3:09-CV-2354-N, slip op. (N.D. Tex. Mar. 15, 2012) ("*Fulmer II*"), fails to provide additional support for Defendants' Motion to Dismiss. Notably, Defendants previously submitted identical arguments regarding the earlier decision, *Fulmer v. Klein*, No. 3:09-CV-2354, 2011 U.S. Dist. LEXIS 36602 (N.D. Tex. Mar 16, 2011) ("*Fulmer I*"). *Fulmer II* simply reiterates the same reasoning from its predecessor. Moreover, *Fulmer II* supports several of Plaintiffs' arguments in opposition to the Motion to Dismiss:

- The Fifth Circuit has not opined on whether the presumption of prudence must be applied on a motion to dismiss;

- *Kirschbaum v. Reliant Energy, Inc.*, 526 F.3d 243 (5th Cir. 2008) ("*Kirschbaum*") does not require that Plaintiffs show dire circumstances to overcome the presumption in *Moench v. Robertson*, 62 F.3d 553 (3d Cir. 1995) ("*Moench*");

- A company's SEC filings that are incorporated by reference into fiduciary communications to participants are actionable under ERISA; and

- Under special circumstances, defendants have an affirmative duty to disclose company information to plan participants.

*Fulmer II*, like *Fulmer I*, rejected the plaintiffs' argument that the defendants breached their fiduciary duty to amend the plan because, according to the court, the plan language expressly required a plan amendment by the sponsor to remove company stock from the plan. *Fulmer II* at 10. In contrast, the BP Plans have no express requirement of an amendment for the Investment Committee to limit, freeze, or liquidate any of the investment options, including the BP Stock Fund. Rather, under Section 6.3 of the Plan, the Plan simply permits, rather than mandates, an investment in the BP Stock Fund. Under ERISA, once the stock became an imprudent investment, the Investment Committee not only had the ability, but it also had the duty to limit, freeze, or liquidate the BP stock

*Fulmer II* confirms Plaintiffs' position that in *Kirschbaum*, the Fifth Circuit did not address whether the *Moench* presumption should be applied on a motion to dismiss. *Fulmer II* at 15, n.13. This contradicts Defendants' earlier position that *Kirschbaum* requires the Court to apply the presumption at the pleading stage.

Although the *Fulmer* court (both I and II) chose to apply the *Moench* presumption on the motion to dismiss, its analysis of the *Moench* presumption does not compel dismissal in this case. Significantly, the *Fulmer II* court did not conclude that the only way to overcome the presumption is to allege that the employer-company was in a dire situation. Rather, the court simply acknowledged that under *Kirschbaum*, one way to overcome the presumption is to allege a dire situation, and it found that while the *Fulmer* plaintiffs' allegations attempted to plead a dire situation, they had not made sufficient allegations. *Fulmer II* at 13. In other words, showing dire circumstances is only one way to overcome the *Moench* presumption, and the court must review each matter on a case-by-case basis. Under the *Kirschbaum* framework, Plaintiffs sufficiently have alleged "persuasive and analytically rigorous facts demonstrating that

- 3 -

reasonable fiduciaries would have considered themselves bound to divest." *Kirschbaum*, 526 F.3d at 256. *See* Pl. Opp to MTD at 18-22.

Finally, *Fulmer II* does not support dismissal of Plaintiffs' disclosure claims. In *Fulmer II*, the court found that the plaintiffs did not sufficiently allege an omissions claim because the company's summary plan description ("SPD") did not incorporate public filings. *Fulmer II* at 8. In contrast, the BP's SPD and the Investment Options Guide for the BP Plans, both fiduciary communications, incorporated by reference BP's public filings, and encouraged and directed the Plans' participants to read BP's public filings to make informed investment decisions when investing in the BP Stock Fund. With respect to the affirmative misrepresentation claim, the *Fulmer II* court concluded that the allegations did not plead "special circumstances" that would give rise to an affirmative duty to disclose company information under ERISA. *Fulmer II* at 8-9. As previously briefed, Plaintiffs have pled the required special circumstances based on Defendants' failure to disclose important information about BP's systemic safety problems that had a significant impact on the Plans' investment in the BP Stock Fund, as well affirmative disclosure obligations set forth in ERISA's statutory and regulatory framework.

Dated:  March 23, 2012

                                                                                       Respectfully submitted:

| */s/ Thomas R. Ajamie* | */s/ W. Mark Lanier* |
|---|---|
| _____ | _____ |
| Thomas Robert Ajamie | W. Mark Lanier |
| Texas Bar No. 00952400 | Texas Bar No. 11934600 |
| Dona Szak | Evan M. Janush *(pro hac vice)* |
| Texas Bar No. 19597500 | THE LANIER LAW FIRM |
| John W. Clay | 6810 FM 1960 West |
| Texas Bar No. 00796366 | Houston, Texas 77069 |
| AJAMIE LLP | Tel: (713) 659-5200 |
| 711 Louisiana, Suite 2150 | Fax: (713) 659-2204 |
| Houston, TX 77002 | |
| Tel: (713) 860-1600 | |
| Fax: (713) 860-1699 | |
| | |
| *Attorneys for Plaintiff David M. Humphries and Interim Co-Liaison Counsel* | |
| | |
| Ronald S. Kravitz | Evan M. Janush *(pro hac vice)* |
| Texas Bar No. 00795147 | THE LANIER LAW FIRM |
| Kim Zeldin *(pro hac vice)* | 126 East 56th Street, 6th Floor |
| LINER GRODE STEIN YANKELEVITZ | New York, New York, 10022 |
| SUNSHINE REGEINSTREIF & TAYLOR | Tel: (212) 860-1600 |
| LLP | Fax: (713) 860-7699 |
| 199 Fremont Street, 20th Floor | |
| San Francisco, CA 94105 | *Attorneys for Plaintiffs Charis Moule, Jerry T.* |
| Tel: (415) 489-7700 | *McGuire and Maureen S. Riely and Interim Co-* |
| Fax: (415) 278-7701 | *Liaison Counsel* |
| | |
| *Attorneys for Plaintiff David M. Humphries and Interim Co-Lead Counsel* | |

Stephen J. Fearon, Jr. (*pro hac vice*)
Joseph Golian (*pro hac vice*)
Olga Anna Posmyk *(pro hac vice)*
SQUITIERI & FEARON LLP
32 East 57th Street, 12th Floor
New York, New York 10022
Tel: (212) 421-6492

*Attorneys for Plaintiffs Ralph Whitley and Frankie Ramirez and Interim Counsel -- Executive Committee*

Gregory M. Egleston *(pro hac vice)*
EGLESTON LAW FIRM
360 Furman Street, Suite 443
Brooklyn, NY 11201
(646) 227-1700

*Attorneys for Plaintiff Ralph Whitley*

Edwin J. Mills
Michael J. Klein
STULL STULL & BRODY
6 East 45th Street
New York, NY 10017
(212) 687-7230

*Attorneys for Plaintiff Edward Mineman*

Robert A. Izard (*pro hac vice*)
IZARD NOBEL LLP
29 South Main Street Suite 215
West Hartford, CT 06107
Tel: (860) 493-6292
Fax: (860) 493-6290

*Attorneys for Plaintiff Arshadullah Syed*

Sanford P. Dumain (*pro hac vice*)
Lori G. Feldman (*pro hac vice*)
Arvind B. Khurana (*pro hac vice*)
MILBERG LLP
One Pennsylvania Plaza
New York, New York 10119
Tel: (212) 594-5300
Fax:  (212) 868-1229

*Attorneys for Plaintiffs Charis Moule, Jerry T. McGuire and Maureen S. Riely and Interim Co-Lead Counsel*

Robert I. Harwood *(pro hac vice)*
Jeffrey M. Norton *(pro hac vice)*
Tanya Korkhov *(pro hac vice)*
HARWOOD FEFFER LLP
488 Madison Avenue, Suite 801
New York, NY 10022
(212) 935-7400

*Attorneys for Plaintiffs Charis Moule, Jerry T. McGuire and Maureen S. Riely and Interim Counsel -- Executive Committee*

Thomas J. McKenna (*pro hac vice*)
GAINEY AND MCKENNA
295 Madison Avenue, 4th Floor
New York, NY 10017
Tel: (212) 983-1300

*Attorneys for Plaintiff Thomas P. Soesman*

- 6 -

## CERTIFICATE OF SERVICE

I certify that the foregoing Response to Notice of Supplemental Authority was served through the Court's CM/ECF system on March 23, 2012.

*/s/ Thomas R. Ajamie*
_____
Thomas R. Ajamie