# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

---

**IN RE:  BP ERISA LITIGATION**

MDL No. 4:10-md-2185

Civil Action No. 4:10-cv-04214
Hon. Keith P. Ellison

---

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Paul J. Ondrasik, Jr. (*pro hac vice*)
Morgan D. Hodgson (*pro hac vice*)
Ryan T. Jenny(*pro hac vice*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036
Office: (202) 429-3000
Fax:  (202) 429-3902
E-mail: pondrasik@steptoe.com
mhodgson@steptoe.com
        rjenny@steptoe.com

Daryl A Libow (*pro hac vice*)
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue N.W.
Washington, D.C. 20006-5805
Office:  (202) 956-7500
E-mail:  libowd@sullcrom.com

Richard C. Pepperman, II (*pro hac vice*)
Marc De Leeuw (*pro hac vice*)
M. David Possick
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498
Office:  (212) 558-4000
Email: peppermanr@sullcrom.com
        deleeuwm@sullcrom.com
        possickmd@sullcrom.com

Thomas W. Taylor
Texas State Bar No. 19723875
S.D. Tex. Bar No. 3906
ANDREWS KURTH LLP
600 Travis, Suite 4200
Houston, TX 77002
Office:  (713) 220-4200
Fax:  (713) 220-4285
E-mail: ttaylor@andrewskurth.com

*Attorney-in-Charge for Defendants
BP Corporation North America, Inc., BP p.l.c.,
BP America Inc., BP Corporation North America,
Inc.'s Board of Directors, the BP Savings Plan
Investment Oversight Committee, Lord John
Browne, Stephanie C. Moore, Gregory T.
Williamson, Thomas L. Taylor, Neil Shaw, Brian
D. Smith, Stephen J. Riney, Robert A. Malone,
Jeanne M. Johns, Anthony Hayward, Lamar
McKay, Patrick Gower, James Dupree, Richard J.
Dorazil, Corey Correnti, Marvin L. Damsma, and
Patricia H. Miller*

# TABLE OF CONTENTS

**Page(s)**

**NATURE AND STAGE OF PROCEEDING** ............................................................................ 1

**PRELIMINARY STATEMENT** ................................................................................................ 1

**STATEMENT OF THE ISSUES** .............................................................................................. 4

**SUMMARY OF ARGUMENT** ................................................................................................. 4

**STANDARD OF REVIEW** ....................................................................................................... 5

**ARGUMENT** ............................................................................................................................. 6

   **I. PLAINTIFFS' REQUEST TO AMEND SHOULD BE DENIED AS UNTIMELY, UNSPECIFIC, AND PREJUDICIAL TO DEFENDANTS.** ............................................ 6

     A.  Plaintiffs' Filing Is Impermissibly Vague Under Rule 15(a)(2). ..................................... 7

     B.  Plaintiffs Have Not Pursued Amendment of the Consolidated Complaint with the Requisite Diligence. .................................................................................................. 8

     C.  Defendants Would be Prejudiced If Plaintiffs' Motion Were Granted. .......................... 11

   **II.  AMENDMENT SHOULD BE DENIED AS FUTILE** .................................................... 12

     A.  Plaintiffs' Proposed Amendments to Their Prudence/Loyalty Claim (Count I) Are Not New and Cannot Overcome the Presumption of Prudence. ............................. 13

     B.  Plaintiffs' Proposed Holder/Purchaser Subclass Allegations Do Not Warrant an Amended Complaint. ................................................................................................ 16

     C.  The Proposed Amendment of Plaintiffs' Disclosure Claim (Count II) Would Be Futile. .................................................................................................................... 17

     D.  Plaintiffs' Proposed Amendments Based on "Convergence" and ERISA Section 404(C) Would Not Present Viable Claims. .................................................................. 17

**CONCLUSION** ........................................................................................................................ 19

i

# TABLE OF AUTHORITIES

Page(s)

CASES

*Arshadullah, et al. v. BP P.L.C., et al.*,
No. 1:10-cv-04026 (N.D. Ill.) ................................................................................2

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).............................................................................................13

*Babb v. Dorman*,
33 F.3d 472 (5th Cir. 1994) ..................................................................................6

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)..................................................................................6, 13, 15

*Briggs v. Mississippi*,
331 F.3d 499 (5th Cir. 2003) ................................................................................6

*Fenghui Fan v. Brewer*,
No. 09-20439, 377 Fed. Appx. 366, 2010 U.S. App. LEXIS 9316 (5thCir. May 5,
2010) ......................................................................................................................6

*Foman v. Davis*,
371 U.S. 178 (1962)...............................................................................................5

*Humphries v. BP Corp. North America, Inc., et al.*,
No. 1:10-cv-04264 (N.D. Ill.) ..............................................................................2

*In re 2007 Novastar Fin. Sec. Litig.*,
579 F.3d 878 (8thCir. 2009) .................................................................................8

*In re BP p.l.c. Sec. Litig.*,
No. 4:10-md-02185 (S.D. Tex.) Dkt. # 324 (filed Feb. 13, 2012).........................18

*In Re: BP ERISA Litigation*,
4:10-cv-04214 (S.D. Tex.)......................................................................................1

*Kahng v. City of Houston*,
485 F. Supp. 2d 787 (S.D. Tex. 2007) ..................................................................7

*Kirschbaum v. Reliant Energy, Inc.*,
526 F.3d 243 (5th Cir. 2008) ........................................................................16, 17

*Landavazo v. Toro Co.*,
    No. 08-50227, 301 Fed. Appx. 333, 2008 U.S. App. LEXIS 24769 (5th Cir. Dec. 5,
    2008) ..........................................................................................................................6

*Lozano v. Ocwen Federal Bank*,
    489 F.3d 636 (5th Cir. 2007) ...................................................................................5

*McDade v. Wells Fargo Bank, N.A.*,
    No. 4:10-cv-03733, 2011 U.S. Dist. LEXIS 118219 (S.D. Tex. Oct. 13, 2011) ....................6

*McGuire v. BP Corp. North America, Inc., et al.*,
    No. 1:10-cv-04337 (N.D. Ill.) ..................................................................................2

*Mineman v. BP Corp. North America, Inc., et al.*,
    No. 1:10-cv-04390 (N.D. Ill.) ..................................................................................2

*Moule v. BP Corp. North America, Inc., et al.*,
    No. 1:10-cv-03990 (N.D. Ill.) ..................................................................................2

*Riely v. BP Corp. North America, Inc., et al.*,
    No. 1:10-cv-04448 (N.D. Ill.) ..................................................................................2

*Soesman v. BP Corp. North America, Inc., et al.*,
    No. 1:10-cv-04940 (N.D. Ill.) ..................................................................................2

*Spiller v. City of Texas City, Police Dep't*,
    130 F.3d 162 (5th Cir. 1997) ...................................................................................7

*Stripling v. Jordan Prod. Co., LLC*,
    234 F.3d 863 (5th Cir. 2000) ...................................................................................6

*United States ex rel. Doe v. Dow Chem. Co.*,
    343 F.3d 325 (5th Cir. 2003) ...................................................................................7

*United States ex rel. Willard v. Humana Health Plan*,
    336 F.3d 375 (5th Cir. 2003) ...................................................................................7

*Whitaker v. City of Houston*,
    963 F.2d 831 (5th Cir. 1992) .............................................................................5, 8, 9

*Whitley v. BP P.L.C., et al.*,
    No. 1:10-cv-04935 (S.D.N.Y.).................................................................................2

*Wimm v. Jack Eckerd Corp.*,
    3 F.3d 137 (5th Cir. 1993) ...............................................................................5, 6, 15

## RULES

Fed. R. Civ. P. 9(b). ...................................................................................................11

Fed. R. Civ. P. 12(b)(6)..................................................................................................6

Fed. R. Civ. P. 15(a). .........................................................................................4, 5, 7, 11

Fed. R. Civ. P. 58(d) ...................................................................................................19

**BOOKS AND ARTICLES**

6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE
   AND PROCEDURE § 1485, at 688 (2010) ..................................................................7

## NATURE AND STAGE OF PROCEEDING

Defendants[1] respectfully submit this Memorandum of Law in opposition to ERISA Plaintiffs' Motion For Leave to File an Amended Complaint (Dkt. # 118)[2] ("Pls.' Br."). Plaintiffs filed their motion in the wake of the Court's Memorandum and Opinion (Dkt. # 115) dismissing the Consolidated Complaint (Dkt. ## 57-58) on the merits and shortly after Defendants filed their Motion to Enter Final Judgment (Dkt. # 117). In view of the pendency of Plaintiffs' motion, this Court denied Defendants' motion to enter final judgment without prejudice, explaining that it could be re-filed if the Court denies leave to amend. Dkt. # 120. For the reasons stated below, this Court should deny Plaintiffs' motion.

## PRELIMINARY STATEMENT

On March 30, 2012, this Court issued a comprehensive 42-page Memorandum and Opinion (the "Opinion") that, after thoroughly evaluating Plaintiffs' claims, granted Defendants' motion to dismiss the Consolidated Complaint in its entirety. Specifically, the Court held that:

- Plaintiffs' ERISA breach of prudence/loyalty claim (Count I) could not overcome the *Moench/Kirschbaum* presumption of prudence due to Plaintiffs' failure to allege: (1) "how the fiduciaries knew of the alleged shortcomings in BP's safety operations and (2) . . . sufficient facts to suggest that BP's underlying operations were . . . in dire straits following the Deepwater Horizon explosion so as to call into question the continued financial viability of the Company" (Opinion at 28);

---

[1] Defendants are BP Corporation North America, Inc., BP p.l.c., BP America Inc., BP Corporation North America, Inc.'s Board of Directors, the BP Savings Plan Investment Oversight Committee, Lord John Browne, Stephanie C. Moore, Gregory T. Williamson, Thomas L. Taylor, Neil Shaw, Brian D. Smith, Stephen J. Riney, Robert A. Malone, Jeanne M. Johns, Anthony Hayward, Lamar McKay, Patrick Gower, James Dupree, Richard J. Dorazil, Corey Correnti, Marvin L. Damsma, and Patricia H. Miller.

[2] The docket entries cited herein refer to filings in *In Re: BP ERISA Litigation*, 4:10-cv-04214 (S.D. Tex.).

1

- Plaintiffs' ERISA fiduciary disclosure claim (Count II) "failed to adequately allege that Defendants made misrepresentations while acting in a fiduciary capacity" (Opinion at 42); and

- Plaintiffs' failure to monitor claim (Count III) failed as derivative of the other Counts (Opinion at 42).

The Court's opinion nowhere invited Plaintiffs to file an amended complaint or otherwise suggested that the legal deficiencies in their Consolidated Complaint could be "cured" by additional factual allegations. Given that the Court's opinion represented a ruling on the merits, Defendants moved the Court to enter final judgment (Dkt. # 117).

Plaintiffs responded to Defendants' request for final judgment with the present motion for leave to file an amended complaint. No proposed amended complaint accompanied that motion. Nor did Plaintiffs identify with any specificity the new allegations that such an amended complaint would contain. Rather, Plaintiffs supported their request to file a yet-to-be drafted amended complaint with nothing more than vague assertions about the "issues" that the new complaint "would address at least." Pls.' Br. at 5-8.

This non-specific and legally deficient "eleventh hour" plea should not be permitted to stave off the final resolution of this case. Plaintiffs had more than ample opportunity to develop and present their claims against Defendants. This action began in the summer of 2010 with eight purported class action complaints filed between June 28, 2010 and August 5, 2010.[3] Following the appointment of lead counsel, Plaintiffs honed what they then viewed as their best case into a 122-page, 412-paragraph Consolidated Complaint (Dkt. ## 57-58), filed on May 27, 2011. In

---

[3] These eight actions are: *Ralph Whitley v. BP P.L.C, et al.*, No. 1:10-cv-04935 (S.D.N.Y.); *Charis Moule v. BP Corp. North America, Inc., et al.*, No. 1:10-cv-03990 (N.D. Ill.); *Syed Arshadullah, et al. v. BP P.L.C, et al.*, No. 1:10-cv-04026 (N.D. Ill.); *David M. Humphries v. BP Corp. North America, Inc., et al.*, No. 1:10-cv-04264 (N.D. Ill.); *Jerry T. McGuire v. BP Corp. North America, Inc., et al.*, No. 1:10-cv-04337 (N.D. Ill.); *Edward F. Mineman v. BP Corp. North America, Inc., et al.*, No. 1:10-cv-04390 (N.D. Ill.); *Maureen S. Riely v. BP Corp. North America, Inc., et al.*, No. 1:10-cv-04448 (N.D. Ill.); and *Thomas P. Soesman v. BP Corp. North America, Inc., et al.*, No. 1:10-cv-04940 (N.D. Ill.).

fact, before filing their Consolidated Complaint, Plaintiffs sought and obtained an extension of the agreed-upon deadline for filing their complaint so that its allegations would reflect facts gleaned from both the informal ERISA-specific discovery Defendants provided them and the extensive discovery taken in the related MDL 2179 proceedings.  Dkt. # 53.  Plaintiffs explained to the Court that "ERISA Counsel has worked diligently to review and analyze the voluminous document and deposition discovery arising from the coordination of discovery with MDL 2179 and have been preparing a detailed consolidated complaint," but require "sufficient time to review and analyze the . . . the volume of documents produced to date . . . , totaling over a million pages."  Dkt. # 53 at 2.

Thereafter, Plaintiffs stood fast on those allegations for more than 10 months—through complete briefing of Defendants' dismissal motion, oral argument on January 20 of this year, the filing of supplemental authorities by both sides (Dkt. ## 102, 111), and this Court's March 30, 2012 decision.  Not once during this process did Plaintiffs hint that new documents and deposition testimony (beyond the discovery to which they already had access in drafting their Consolidated Complaint) offered additional factual bases for their claims.  Even now after the dismissal of their Consolidated Complaint, Plaintiffs leave the Court and Defendants to imagine what information might be included in an amended pleading.  This falls far short of the requirements of Rule 15.

In any event, Plaintiffs' proposed amendments would not undermine or change this Court's two central legal conclusions—that Plaintiffs cannot (1) overcome the *Moench/Kirschbaum* presumption of prudence or (2) plausibly allege any potentially actionable representations by Defendants in an ERISA fiduciary capacity.  Those dispositive conclusions were premised on information that was properly subject to judicial notice concerning BP's

3

financial viability and the nature of Defendants' disclosures.  The discovery to which Plaintiffs

allude cannot change those legal conclusions.

In short, Plaintiffs' motion offers no justification for permitting them to file an amended

complaint.  Plaintiffs' yet-to-be revealed new allegations are untimely, fatally vague and legally

insufficient to resurrect their claims.  Plaintiffs' motion should be denied.

## STATEMENT OF THE ISSUES

Do the interest of justice considerations of Federal Rule of Civil Procedure 15(a)(2)

require a court to grant leave to file an amended complaint where:

- Plaintiffs' motion for leave to amend is conclusory, and Plaintiffs fail to provide a proposed amended pleading or detailed proffer that would permit the Court and Defendants to test whether the amended pleading would be futile under controlling Fifth Circuit law;

- Plaintiffs failed to timely alert the Court or Defendants to the new allegations of fact that supposedly would make their claims legally sufficient, even though such alleged facts were available to Plaintiffs long before the Court's dismissal; and

- The yet-to-be-lodged amended complaint is futile because it cannot survive dismissal under the applicable pleading standards.

## SUMMARY OF ARGUMENT

Plaintiffs' leave to amend motion should be denied as untimely, insufficient and futile.

Plaintiffs have not proceeded with the requisite diligence required by this Circuit.  They have not

lodged a proposed amended complaint that the Court and Defendants can analyze, nor have they

identified with specificity any new factual allegations that would alter the Court's legal rulings

under the *Moench/Kirschbaum* presumption of prudence or concerning the non-fiduciary nature

of the communications at issue.  Rather, Plaintiffs repeat arguments they made in briefs and at

oral argument that the Court has already rejected, and they make vague references to information

4

they claim to have learned from discovery in MDL 2179 that was available to them many months ago.  Most significantly, the "issues" that Plaintiffs propose to address could not save an amended complaint from dismissal under the Fifth Circuit's controlling standards.  For these reasons, Plaintiffs' motion should be denied.

## STANDARD OF REVIEW

Although Rule 15(a)(2) states that the court should freely give leave to amend "when justice so requires," the decision whether to grant leave to amend is entrusted to the discretion of the court and "is by no means automatic."  *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).  In addressing such a motion, the court may consider "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment."  *Whitaker v. City of Houston*,963 F.2d 831, 836 (5th Cir. 1992) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Although "Rule 15(a) contains no time limit for permissive amendment, at some point, time delay on the part of a plaintiff can be procedurally fatal."*Whitaker,* 963 F.2d at 836 (quotations omitted).

Thus, when a party seeking to amend has become aware of the "factual underpinnings" of a claim, but has not been diligent in pursuing such allegations, "the district court may consider that the moving party failed to take advantage of earlier opportunities to amend."  *Lozano v. Ocwen Federal Bank*,  489 F.3d 636, 644 (5th Cir. 2007).  "In such a situation, the plaintiff must meet the burden of showing that the delay was due to oversight, inadvertence, or excusable neglect, a burden which properly shifts to the party seeking to amend where apparent lack of diligence exists."  *Whitaker*,963 F.2d at 836 (quotations omitted).  Such delays may also demonstrate "bad faith and dilatory motive," as they "give rise to the inference that the party was

5

engaging in tactical maneuvers to force the court to consider various theories seriatim." *Wimm*, 3 F.3d at 141.

A court also should deny leave to amend if amendment of the complaint would be futile.*Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003); *see also Landavazo v. Toro Co.*, No. 08-50227, 301 Fed. Appx.333, 337, 2008 U.S. App. LEXIS 24769 (5th Cir. Dec. 5, 2008) (unpublished).  Futility is measured by "the same standard of legal sufficiency as applies under Rule 12(b)(6)."  *Fenghui Fan v. Brewer*,No. 09-20439, 377 Fed. Appx. 366, 367, 2010 U.S. App. LEXIS 9316 (5thCir. May 5, 2010) (unpublished) (citing *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000)); *see also McDade v. Wells Fargo Bank, N.A.*, No. 4:10-cv-03733, 2011 U.S. Dist. LEXIS 118219, at *12-13 (S.D. Tex. Oct. 13, 2011) (Ellison, J.). Under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), allegations are legally insufficient if they do not have "enough facts to state a claim to relief that is plausible on its face."  Under this standard, a proposed amended claim is futile if the amendment merely asserts "legal conclusions" and does not "allege facts."  *See*, *e.g.*, *Babb v. Dorman*, 33 F.3d 472, 479 (5th Cir. 1994); *see also Landavazo*,301 Fed. Appx. at 337 (affirming denial of leave to amend because "[a] review of the amended complaint leaves the reader speculating as to what conduct, even if taken as true, occurred that would give rise to a right to relief"); *Fenghui Fan,* 377 Fed. Appx.at 368 ("conclusory allegations fail to state a claim on which relief an [*sic*]be granted").

## **ARGUMENT**

## **I.**  **PLAINTIFFS' REQUEST TO AMEND SHOULD BE DENIED AS UNTIMELY, UNSPECIFIC, AND PREJUDICIAL TO DEFENDANTS.**

Plaintiffs' motion offers the Court little more than the assertion that at some future date, they will present the Court with a restatement of their claims that will include more specifics

than the now-dismissed Consolidated Complaint.  Respectfully, that assertion offers too little and comes too late.

### A.  <u>Plaintiffs' Filing Is Impermissibly Vague Under Rule 15(a)(2).</u>

Although Rule 15 does not require a specific procedure for obtaining leave to amend, Plaintiffs' failure to lodge a proposed amended complaint, compounded by the lack of any specifics as to the factual grounds for amendment, falls well short of this Circuit's standards.  *See United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 331 (5th Cir. 2003) ("The absence of any proposed amendments, compounded by the lack of grounds for such an amendment, justifies the district court's implicit denial of Doe's motion to amend his complaint."); *Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) (same); *Kahng v. City of Houston*, 485 F. Supp. 2d 787, 793 (S.D. Tex. 2007) (same).  Rule 15(a)(2) requires a moving party to "set forth with particularity the grounds for the amendment."  *United States ex rel. Willard v. Humana Health Plan*, 336 F.3d 375, 387 (5th Cir. 2003).  A motion that provides no "indication of the particular grounds on which the amendment is sought . . . does not constitute a motion within the contemplation of Rule 15(a)."  *Dow*, 343 F.3d at 331 (citation omitted).

The standard in the Fifth Circuit corresponds to hornbook law on Rule 15:

> Rule 15(a), as is true of motions generally, is subject to the requirements of Rule 7(b), and must set forth with particularity the relief or order requested and the grounds supporting the application.  *In order to satisfy these prerequisites a copy of the amendment should be submitted with the motion so that the court and the adverse party know the precise nature of the pleading changes being proposed.*

6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1485, at 688 (2010) (emphasis added).  Because Plaintiffs have neither lodged a proposed amended complaint nor included in their motion the specific factual allegations that would be set forth in an amended pleading, their motion fails to give the required notice.  A

"district court is not required to engage in a guessing game as a result of the plaintiff's failure to specify proposed new allegations." *In re 2007 Novastar Fin. Sec. Litig.*, 579 F.3d 878, 885 (8thCir. 2009) (internal quotations omitted).

**B.   Plaintiffs Have Not Pursued Amendment of the Consolidated Complaint with the Requisite Diligence.**

In *Whitaker v. Houston*, the Fifth Circuit was presented with a similarly deficient motion for leave to amend.  In that case, the defendant's motion to dismiss remained pending for eleven months, and plaintiff continued to rely on the challenged complaint, without ever seeking leave to amend.  *See* 963 F.2d at 836-37.  "[A]fter the district court granted [the] motion to dismiss, [plaintiff] waited almost thirty days to file a motion for leave to amend, and thereafter waited an additional month before producing the amended complaint for which he sought permission to file."  *Id.*  In light of this "lack of due diligence" the Fifth Circuit concluded that the district court was within its discretion to deny the post-dismissal motion to amend.  *Id.*

Plaintiffs here were even less diligent:  they never sought leave to amend before Defendants filed their motion for entry of final judgment, and now state that that they do not intend to lodge an amended complaint with the Court unless and until the Court first decides, sight unseen, to permit them to file an amended pleading.  *See* Proposed Order Granting Leave to File Amended Complaint (Dkt. # 118-1); *see also* Pls.' Br. at 1, 8.  Whatever "new" facts Plaintiffs have purportedly "uncovered" since May 27, 2011 (the date the Consolidated Complaint was filed) should have been presented much earlier—when Defendants in their motion to dismiss identified the Consolidated Complaint's infirmities under controlling Fifth Circuit precedent, during briefing or oral argument of that motion, and before the Court dismissed the Complaint and Defendants sought entry of final judgment.  Plaintiffs' failure to do

8

so demonstrates "undue delay, bad faith or dilatory motive" and warrants denial of leave to amend. *Whitaker*, 963 F.2d at 836.

The following timeline illustrates Plaintiffs' lack of diligence in seeking leave to amend:

- June - August 2010 – eight class action complaints were filed.

- January 28, 2011[4] – Plaintiffs were given access to and the ability to participate in extensive discovery in MDL 2179.

- April 5, 2011 – Plaintiffs sought an extension of time to file their Consolidated Complaint due to the "need for sufficient time" to "review and analyze the voluminous document and deposition discovery arising from the coordination of discovery with MDL 2179" (Dkt. # 53 at 2).

- May 27, 2011 – Plaintiffs filed the Consolidated Complaint, amending and consolidating the existing complaints.

- June 6 & 8, 2011 – Defendant Anthony Hayward was deposed in MDL 2179.

- July 26, 2011 – Defendants moved to dismiss the Consolidated Complaint.

- September 23, 2011 – Plaintiffs filed their opposition to Defendants' motion.

- November 3-4, 2011 – Defendant Lamar McKay was deposed in MDL 2179.

- November 7, 2011 – Defendants filed their reply in support of their motion to dismiss.

- January 20, 2012 – the Court held oral argument on Defendants' motion.

- March 2, 2012 – Plaintiffs filed a Notice of Recent Authority.

- March 5, 2012 – Defendants responded to Plaintiffs' Notice.

- March 20, 2012 – Defendants filed a Notice of Supplemental Authority.

- March 23, 2012 – Plaintiffs responded to Defendants' Notice.

---

[4] On this date, the parties entered into a Stipulation Governing Discovery pursuant to which Defendants agreed to, among other things, "make available to Plaintiffs . . . all documents and written discovery produced or served by the BP Defendants or any BP entity in discovery in MDL 2179." Defendants also agreed that Plaintiffs "may attend and shall have an opportunity to examine deponents in all depositions taking place in MDL 2179." (Dkt. # 41 at 2.)

- March 30, 2012 – Court issued its Memorandum & Order dismissing the Consolidated Complaint.

- April 11, 2012 – Defendants moved for entry of judgment.

Plaintiffs should not be permitted to amend their complaint based on information from depositions and document discovery to which they had access for many months before seeking leave to amend.  For example, of the two depositions Plaintiffs cite (Pls.' Br. at 4), Mr. Hayward was deposed only a few days after Plaintiffs filed their Consolidated Complaint.  Yet, Plaintiffs' counsel—all experienced ERISA litigators—do not explain why they remained silent as to any allegations they could add based on Mr. Hayward's testimony that supposedly would cure the defects of the Consolidated Complaint identified in Defendants' July 2011 dismissal motion. Similarly, Plaintiffs do not explain why they did not bring forward Mr. McKay's November 3-4, 2011 testimony as a basis to amend in the intervening four months before the Court dismissed the Consolidated Complaint.[5]  Even their present motion does not identify any specific testimony from those depositions that Plaintiffs believe would support their claims.

Plaintiffs' suggestion that documents produced after May 27, 2011 (when the Consolidated Complaint was filed) support their motion fares no better.  Plaintiffs fail to identify any specific documents that supposedly remedy the defects in their claims, and Plaintiffs in any event had access to such documents well before the Court ruled on Defendants' motion to dismiss.  Plaintiffs' "hidden-ball" tactics prevent Defendants from presenting a developed response to Plaintiffs' proposed amendments.  At a minimum, Plaintiffs were required to at least

---

[5] Plaintiffs' only excuse on timing—that they needed the Court's Opinion to understand how to amend their claims (Pls.' Br. at 2)—is unavailing because the law, as reflected in *Kirschbaum* and its progeny, was clear long before the Court issued its Opinion applying that standard.

10

set forth the contents the "new" documents on which they seek to rely in an amended complaint and explain the relevance of such documents in their motion.

This is particularly true given the highly unusual circumstances of this case.  As Plaintiffs concede, even before filing the Consolidated Complaint, Plaintiffs had access to well "over a million pages" of documents from discovery in MDL 2179, as well as document and ERISA-specific written discovery from Defendants in this case.  Dkt. # 53 at 2.  To enable them to review and utilize this "vast volume of discovery" (Dkt. # 53 at 2; Dkt. # 55) in formulating their claims, Plaintiffs requested and were granted additional time to file the Consolidated Complaint.  Plaintiffs simply have waited too long to reveal the additional factual allegations that they now claim entitle them to restart this action and take another run at the exacting *Kirschbaum* standard.

Plaintiffs' plea that the Court should indulge their motion "where, as here, a complaint has been dismissed for failing to plead with particularity" (Pls.' Br. at 3) is irrelevant at best and deceptive at worst.  The Court dismissed the Consolidated Complaint without reaching Defendants' argument that Rule 9(b) applies to Count II.  Opinion at 42 n.19 ("In confining dismissal of Count II to Plaintiffs' failure to demonstrate that the alleged misrepresentations were incorporated into the relevant Plan documents or otherwise made in a fiduciary capacity, the Court in no way suggests that Plaintiffs would be able to overcome the additional arguments Defendants have raised in support of dismissal.").  Because the Court did not reach Defendants' argument under Rule 9(b), Plaintiffs' argument here for a more lenient standard than Rule 15 is misplaced.

### C.  Defendants Would be Prejudiced If Plaintiffs' Motion Were Granted.

Granting Plaintiffs leave to amend at this juncture would substantially prejudice Defendants.  Once Plaintiffs consolidated their initial eight class action complaints into the Consolidated Complaint, Defendants were entitled to—and did—treat that complaint as the

operative pleading in their motion to dismiss.[6]  In preparing the Consolidated Complaint,

Plaintiffs made massive revisions to their earlier-filed complaints and had ample opportunities

before Defendants' motion to dismiss was decided to advise the Court and Defendants if they

wanted to modify further their allegations.  Now that Defendants and the Court have devoted

substantial resources to addressing the adequacy of the Consolidated Complaint, Plaintiffs should

not be permitted to rethink their tactical judgments and start the litigation process anew.

## II.   <u>AMENDMENT SHOULD BE DENIED AS FUTILE.</u>

Even if Plaintiffs' motion was appropriate from a procedural standpoint, it should be

denied because it fails to identify any "new" factual allegations that would undermine the central

bases for the Court's dismissal of the Consolidated Complaint:  (1) Plaintiffs' inability to

overcome the *Moench/Kirschbaum* presumption of prudence applicable to their prudence/loyalty

claim; and (2) the non-fiduciary nature of the communications and alleged misrepresentations

that form the predicate for Plaintiffs' disclosure claim.  Nor could Plaintiffs plausibly proffer any

such factual allegations.  As this Court recognized, BP's financial viability before, during and

after the proposed class period, as well as the performance of its stock during that same time

frame, belies any notion that BP faced the "dire circumstances" necessary to overcome the

presumption of prudence applicable to the Plans' company stock holdings.  Opinion at 32-36.

Similarly, the statements and alleged misrepresentations at issue were not contained in any

---

[6] Grasping at straws, Plaintiffs make much of the fact that "Defendants did not move to dismiss any of the individual complaints that were consolidated before this Court."  Pls.' Br. at 5.  In reality, the parties agreed, as is the usual practice in multidistrict litigation—especially where, as here, competing lawyers file numerous, almost-identical complaints—that Defendants would respond only to the Consolidated Complaint.  *See* Dkt. # 5, Stipulation and Order (filed Aug. 20, 2010) ("the parties agree that it does not make sense for Defendants to respond to the existing complaint in the above-mentioned action because that complaint will likely be superseded by the Consolidated Amended Complaint filed by the Lead Plaintiff ultimately selected in the ERISA Actions"); Dkt. # 50, Stipulation and Order (filed Feb. 28, 2011) ("Pending filing and service of the Consolidated Complaint, Defendants shall have no obligation to move, answer, or otherwise respond to any of the individual complaints in the BP ERISA Litigation or any actions subsequently consolidated with them").

ERISA communications, but rather in the Company's SEC filings or public statements, which are non-fiduciary communications as a matter of law. *Id.* at 38-42. Because an amended complaint, like its predecessor, could not withstand a motion to dismiss, Plaintiffs' motion for leave to amend should be denied as futile.

## A. **Plaintiffs' Proposed Amendments to Their Prudence/Loyalty Claim (Count I) Are Not New and Cannot Overcome the Presumption of Prudence.**

Although Plaintiffs assert that their amended complaint would "add significant detail about the dire circumstances of BP after the spill and the losses to the Plan and the Company" (Pls.' Br. at 7-8), this conclusory promise fails to demonstrate that they could meet their pleading burden under *Twombly* and *Iqbal*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Because Plaintiffs make no effort to identify any specific factual matter that would establish the "dire straits" needed to overcome the *Moench/Kirschbaum* presumption, they cannot demonstrate that their proposed amended claims are legally viable.

Plaintiffs cannot plausibly plead in an amended complaint that BP faced "dire circumstances" because BP's financial viability was established based on the objective criteria analyzed in the Court's dismissal decision. Moreover any such allegation would not be "new," but rather cumulative of allegations in the Consolidated Complaint this Court found wanting. Defendants address each of Plaintiffs' supposed new allegations in turn:

1. **"[T]he scope and gravity of the accident was the manifestation of risks that were unknown to Plan participants, particularly in light of BP's repeated public statements that it had changed its corporate culture to ensure that accidents like the Deepwater Horizon would not happen, and that if an accident were to occur BP was prepared to respond in a manner that would prevent catastrophic losses"** (Pls.' Br. at 7).

13

Even if BP, as Plaintiffs assert, was not forthcoming in its public statements, such allegations concerning BP's disclosures, no matter how articulated, are not probative of BP's financial viability.  These same allegations also were made in the Consolidated Complaint but found insufficient to prevent dismissal.  *See*, *e.g*., ¶¶ 4-9, 11-12, 203-255, 368-370, 394-401.

2.  **"BP's repeated efforts to mislead the public about the gravity of the accident and its inability to limit the damages for fear that BP would collapse from the potential damages caused to the individuals harmed in the accident and the environmental catastrophe"** (Pls.' Br. at 7-8).

Again, such allegations concerning miscommunication and the "fear" supposedly motivating it, no matter how articulated, are not probative of BP's financial viability.  In addition, these allegations likewise were already made in the Consolidated Complaint.  *See*, *e.g.*, ¶¶ 312-313, 316, 318-319, 321-322.

3.  **"[D]etails about the threat to the company's financial viability as demonstrated by decreased ratings, sell recommendations by brokers and analysts"** (Pls.' Br. at 7).

There is nothing new here.  The Consolidated Complaint included numerous factual allegations of exactly this type.  *See*, *e.g.*, ¶¶ 326, 328-332, 334, 336-337, 339-340, 348-352. Those allegations were insufficient to prevent dismissal before, and even if Plaintiffs provide additional examples, they remain insufficient to overcome the evidence of BP's financial viability that the Court has already noted.  *See*, *e.g.*, Opinion at 34 ("the Court simply cannot discount the rapid recovery of BP's stock price," and "BP's steady revenue stream and expansive worldwide operations belie Plaintiffs' contention that the Deepwater Horizon explosion and subsequent spill were a threat to viability of the company going forward").

Plaintiffs thus have not demonstrated that they can "cure the deficiencies" (Pls.' Br. at 1) that doomed their duty of prudence and loyalty claim.  They should not be given leave to file an amended complaint asserting such a claim.

Plaintiffs' suggestion (Pls.' Br. at 4) that they would argue in "Round Two" that Defendants' fiduciary procedures, and not the success or failure of the BP stock investment, should be the focus of a fiduciary breach claim also falls short. This "new" theory cannot establish the "dire circumstances" required to overcome the presumption of prudence in this and other circuits, and thus provides no basis for avoiding dismissal on the same grounds already addressed by the Court. *See* Opinion at 31. In any event, leave to amend should not be granted simply to permit Plaintiffs to try out "new" legal theories and arguments *seriatim*. *Wimm*, 3 F.3d at 141 (citing *Dussouy*, 660 F.2d at 599). This is particularly true here because Plaintiffs fail to identify any "newly discovered" factual information that supports their new theory. Plaintiffs were provided with ERISA-specific discovery, including the meeting minutes of the SPIOC (the Plan's fiduciary investment committee), *before* they filed their Consolidated Complaint. *See* Dkt. # 102-2 at Ex. 1 ¶ 3 & Attachment A at ¶ 1. Thus, Plaintiffs' attempt to introduce some type of fiduciary procedure claim is both irrelevant and too late.

Finally, Plaintiffs' assertion that an amended complaint would make additional allegations showing that "Defendants were aware or should have been aware of the non-public information that would have required them to take fiduciary actions to protect and preserve Plan assets" (Pls.' Br. at 5) fares no better. That assertion simply tracks the Court's holding that "Plaintiffs fail to allege how Defendants were aware of non-public information that would have prompted them to take fiduciary action with respect to the Plans." Opinion at 29. Such a conclusory assertion provides no facts that would justify granting leave to amend. Plaintiffs do not demonstrate that a proposed amendment could meet *Twombly*'s pleading standards by alleging "more than labels and conclusions" and "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. In the absence of well-pled factual allegations

establishing that BP faced "dire circumstances," Plaintiffs cannot not state a plausible claim for relief in the face of the *Moench/Kirschbaum* presumption of prudence.*Kirschbaum v. Reliant Energy, Inc.*, 526 F.3d 243, 255-56 (5th Cir. 2008).Plaintiffs' proposed amendments thus are futile.

### B.   Plaintiffs' Proposed Holder/Purchaser Subclass Allegations Do Not Warrant an Amended Complaint.

Plaintiffs suggest that their amended complaint will include "separate and distinct counts for purchaser and holder claims."  Pls.' Br. at 6.  They argue that the "purchaser" count will assert that Defendants should have prevented the Plans' BP Stock Fund from "purchasing additional shares of BP ADSs" during the period the stock was artificially inflated.  *Id.*  The "holder" count, by contrast, will assert that Defendants should have "liquidate[d] some portion of the BP Stock Fund" during that period.  *Id.*

Once again, Plaintiffs provide no basis for granting leave to amend.  Plaintiffs made *both* such claims in Count I of the Consolidated Complaint (¶¶ 4, 15, 368, 390).  Indeed, at oral argument, they highlighted the supposed distinction between such claims (Transcript at 25) but, under questioning by the Court, refused to limit their damages to "purchaser" claims.  Transcript at 34, 48.  And, to the extent Plaintiffs assert that the so-called "holder claim" will allege a duty to investigate and disclose information to participants, they have already made such a claim too in Counts I and II (¶¶ 17, 390, 395-396).

More importantly, Plaintiffs' proposal presents a distinction without a difference—the presumption of prudence as articulated in *Kirschbaum* applies equally to claims that fiduciaries should have ceased permitting further purchases of company stock and claims that fiduciaries should have divested company stock.  In *Kirschbaum*, plaintiffs likewise argued that "defendants had a fiduciary duty *to halt further purchases* of REI common stock *[and] sell the Plan's*

16

*holdings* in the Common Stock Fund."  526 F.3d at 249 (emphasis added).  The Fifth Circuit drew no distinction between such claims in affirming judgment to defendants based on the presumption of prudence.  *Id.* at 254-55.  Thus, restating so-called "purchaser" and "holder" claims separately would not alter the controlling *Kirschbaum* analysis and would be a futile act.

### C.  The Proposed Amendment of Plaintiffs' Disclosure Claim (Count II) Would Be Futile.

Plaintiffs also seek leave to restate their Count II disclosure claim.  They present nothing new at all, but rather propose to rely on the very same communications that the Court already has held were made in a non-fiduciary capacity.  *See* Pls.' Br. at 6-7.  Nothing in Plaintiffs' motion remedies that fatal defect.  As with their other proposed amendments, Plaintiffs offer only bald promises that the amendment will "clarify" their position and provide additional details "strengthen[ing]" their claims.  *Id.*  Once again, Plaintiffs provide no factual support for these conclusory assertions, much less identify any facts not previously available to them.  Plaintiffs' attempt to modify their tactical pleading choices to present new legal theories or arguments challenging the Court's dismissal of Count II is an insufficient basis to allow them to amend their complaint.[7]

### D.  Plaintiffs' Proposed Amendments Based on "Convergence" and ERISA Section 404(C) Would Not Present Viable Claims.

Leaving no potential theory unmentioned, Plaintiffs raise two additional points in an effort to resurrect the Consolidated Complaint.  Neither has merit.

---

[7] To the extent Plaintiffs suggest that their amended complaint would "also reference the relevant reporting and disclosure provisions under ERISA Sections 103-105" (Pls.' Br. at 7), that too adds nothing new.  Plaintiffs alluded to those statutory provisions at oral argument on the motion to dismiss.  Transcript at 50.  In any event, those sections apply only to the plan administrator and are not part of the fiduciary provisions of ERISA.

First, Plaintiffs mistakenly assert (Pls.' Br. at 4-5) that the Court's ruling on the motion to dismiss in the Securities action[8] somehow supports their motion for leave to amend here. While Plaintiffs suggest without explanation that "there now exists the convergence of plausible securities and ERISA claims against certain Defendants" (Pls.' Br. at 4-5), the *only* individual defendant remaining in the Securities action who is also a defendant here is Tony Hayward. *See In re BP p.l.c. Sec. Litig.*, No. 4:10-md-02185 (S.D. Tex.) Dkt. # 324 at 129 (filed Feb. 13, 2012). However, Mr. Hayward was not a member of the SPIOC or the Plans' fiduciary investment committee, nor was he responsible for the appointment of members of that committee as an Appointing Officer under the Plans. Mr. Hayward also did not serve as Plan Administrator. *See* Opinion at 6-10. Rather, his only relationship to the Plan was as a so-called "Designated Officer." For the reasons stated in Defendants' Motion to Dismiss, Designated Officers perform no fiduciary role at all, much less any relating to the fiduciary investment issues posed by this case. *See* Dkt. # 88-1 at 10, 42-43. As a result, any allegations involving Mr. Hayward arising from the Securities action are irrelevant to the ERISA action.

More broadly, this action and the Securities action involve different statutes and different standards. This Court was intimately familiar with the relationships and distinctions between these cases, having dismissed the Consolidated Complaint in this case over a month *after* its partial dismissal of the Securities complaint. Had there been a "convergence" between the cases that established a potential basis for liability under ERISA, the Court presumably would have addressed it. Consequently, even apart from Plaintiffs' failure to offer any specifics concerning

---

[8] February 13, 2012, Memorandum and Order in *In re: BP p.l.c. Securities Litig.*, No. 4:10-md-02185 (S.D. Tex.) (Dkt. # 324).

the amendments they would like to make, the alleged convergence between the Securities action and this case provide no basis for amendment.

Second, Plaintiffs' theory that Plan participants lacked "control" over their investment decisions due to a lack of information (Pls.' Br. at 8) provides no grounds for permitting leave to amend.  Such assertions would be relevant only to an ERISA § 404(c) defense to a fiduciary breach claim.  Defendants' motion to dismiss expressly did not seek dismissal under § 404(c) (*see* Dkt. # 88-1 at 25 n.28), and the Court's dismissal of the Consolidated Complaint was not based on that provision.  Furthermore, such allegations are not new but were previously stated in the Consolidated Complaint (*e.g.* ¶¶ 370, 399*)*, which the Court nonetheless dismissed.

## CONCLUSION

Plaintiffs have not shown how purportedly "new" facts based on depositions and documents long available to them would change or undermine this Court's decision dismissing the Consolidated Complaint.  None of the promised "new" allegations establish a plausible basis for a fiduciary duty to divest the Plans of company stock or for overcoming the *Moench*/*Kirschbaum* presumption, which protects Defendants against the prudence/loyalty claim asserted in Count I.  Likewise, none of Plaintiffs' "new" allegations can convert the alleged misrepresentations into ERISA fiduciary communications.  Accordingly, Defendants respectfully request that the Court deny Plaintiffs' Motion for Leave to File Amended Complaint and permit Defendants to re-file their motion for entry of judgment pursuant to Fed. R. Civ. P. 58(d).

Dated:  May 2, 2012

Respectfully submitted,

OF COUNSEL:

/s/ *Thomas W. Taylor*_____

Paul J. Ondrasik, Jr. (*pro hac vice*)
Morgan D. Hodgson (*pro hac vice*)
Ryan T. Jenny (*pro hac vice*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036
Office: (202) 429-3000
Fax:  (202) 429-3902
E-mail: pondrasik@steptoe.com
mhodgson@steptoe.com
          rjenny@steptoe.com

 Thomas W. Taylor
 Texas State Bar No. 19723875
 S.D. Tex. Bar No. 3906
 ANDREWS KURTH LLP
 600 Travis, Suite 4200
 Houston, TX 77002
 Office:  (713) 220-4200
 Fax:  (713) 220-4285
 E-mail: ttaylor@andrewskurth.com

*Attorney-in-Charge for Defendants*
*BP Corporation North America, Inc., BP p.l.c.,*
*BP America Inc., BP Corporation North America,*
*Inc.'s Board of Directors, the BP Savings Plan*
*Investment Oversight Committee, Lord John*
*Browne, Stephanie C. Moore, Gregory T.*
*Williamson, Thomas L. Taylor, Neil Shaw, Brian*
*D. Smith, Stephen J. Riney, Robert A. Malone,*
*Jeanne M. Johns, Anthony Hayward, Lamar*
*McKay, Patrick Gower, James Dupree, Richard J.*
*Dorazil, Corey Correnti, Marvin L. Damsma, and*
*Patricia H. Miller*

Daryl A Libow (*pro hac vice*)
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue N.W.
Washington, DC 20006-5805
Office:  (202) 956-7500
E-mail:  libowd@sullcrom.com

Richard C. Pepperman, II (*pro hac vice*)
Marc De Leeuw(*pro hac vice*)
M. David Possick
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498
Office:  (212) 558-4000
Email: peppermanr@sullcrom.com
          deleeuwm@sullcrom.com
          possickmd@sullcrom.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing has been served by electronic CM/ECF filing, on this 2nd day of May, 2012.


*s/Thomas W. Taylor*
Thomas W. Taylor