UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MDL No. 4:10-md-2185

**IN RE:  BP ERISA LITIGATION**

Civil Action No. 4:10-cv-04214
Hon. Keith P. Ellison

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITIES
SUPPORTING THEIR OPPOSITION TO
PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Defendants[1] respectfully submit this Notice of Supplemental Authorities in support of

their Opposition to Plaintiffs' Motion for Leave to File Amended Complaint (Dkt. # 122) to

bring to the Court's attention two pertinent appellate decisions issued this week:  *Fisher v. JP*

*Morgan Chase & Co.*, No. 10-1303-cv, 2012 U.S. App. LEXIS 9288 (2d Cir. May 8, 2012)

(Summary Order) (*Fisher*) and *Lanfear v. Home Depot, Inc.*, No. 10-13002, 2012 U.S. App.

LEXIS 9321 (11th Cir. May 8, 2012) (*Lanfear*).

In *Fisher* the Second Circuit affirmed the district court's entry of judgment on the

pleadings for the defendants, disposing of claims that plan fiduciaries violated ERISA in

continuing to permit participants to purchase and hold shares of JPMorgan common stock in a

plan that did not expressly require that company stock be offered as an investment option.

*Fisher*, 2012 U.S. App. LEXIS 9288, at *9.  The court of appeals rejected the plaintiffs'

contention that the presumption of prudence was inapplicable due to the defendants' alleged

---

[1] The Defendants are BP Corporation North America, Inc., BP p.l.c., BP America Inc., BP Corporation North America, Inc.'s Board of Directors, the BP Savings Plan Investment Oversight Committee, Lord John Browne, Stephanie C. Moore, Gregory T. Williamson, Thomas L. Taylor, Neil Shaw, Brian D. Smith, Stephen J. Riney, Robert A. Malone, Jeanne M. Johns, Anthony Hayward, Lamar McKay, Patrick Gower, James Dupree, Richard J. Dorazil, Corey Correnti, Marvin L. Damsma, and Patricia H. Miller.

1

discretion to make company stock available under the plan.  *Id.* at \*6-7.  Applying the

presumption, the court held that the plaintiffs had failed to allege the "dire" circumstances

necessary to overcome it where the company stock fund fell 55% during the class period but then

rebounded; the stock always retained "significant value" (the stock never fell below $15 a share);

and JP Morgan remained a viable company through this period.  *Id.* at \*5-6.

       In *Fisher*, the Second Circuit also rejected both of the plaintiffs' ERISA disclosure

claims:  (a) that ERISA required plan fiduciaries to disclose to participants non-public company

information; and (b) that the fiduciaries made false or misleading statements to participants

based on alleged misrepresentations in the company's SEC filings, which were referred to in

plan documents.  Citing *In Re Citigroup ERISA Litig.*, 662 F.3d 128, 142 (2d Cir. 2011), the

court held that disclosure of non-public information on performance of plan investment options

was not required.  *Fisher*, 2012 U.S. App. LEXIS 9288, at \*7-8.  And, relying on the Second

Circuit decisions in *Citigroup*, 662 F.3d at 144-145, and *Gearren v. McGraw-Hill Cos.*, 660 F.3d

605, 610 (2d Cir. 2011), the court held that the SEC filings could not give rise to an ERISA

fiduciary breach claim because any statements contained therein were made in a corporate

capacity, rather than in an  ERISA fiduciary capacity.  *See Fisher*, 2012 U.S. App. LEXIS 9288,

at \*8.

       In *Lanfear*, decided the same day as *Fisher*, the Eleventh Circuit joined the Fifth, Second,

Third, Sixth and Ninth Circuits in formally adopting the *Kirschbaum/Moench* presumption of

prudence in another ERISA "stock drop" case.  *Lanfear*, 2012 U.S. App. LEXIS 9321, at \*28-29.

The court rejected the notion that the presumption was simply an evidentiary presumption that

could not be applied on a motion to dismiss.  Rather, it determined that presumption was a

standard of review, describing the presumption as follows:  "[I]n this context the term

2

[presumption] embodies the notion of an outcome favored by the law; it prescribes who is to win in almost all of the circumstances that can be envisioned – not all, but almost all." *Id.* at *35. The court then concluded that the plaintiffs had failed to allege the "type of dire situation" needed to sustain a viable claim for relief. *Id.* at *38 (citing *Edgar v. Avaya*, 503 F.3d 340, 348 (3d Cir. 2007)). On the plaintiffs' disclosure/loyalty claim, again the court of appeals rejected claims advanced in that case, like this one, that defendants had an ERISA fiduciary duty to disclose non-public information and, citing *Kirschbaum*, held that alleged misrepresentations in securities filings referenced in Form S-8s and stock prospectuses were not transformed into fiduciary communications. *Id.* at *42-43.

Plaintiffs' motion for leave to amend fails to offer any proposed allegations that could overcome the holdings in these two cases, as well as the holdings of *Kirschbaum* and other appellate jurisprudence cited in Defendants' Motion to Dismiss and supporting memoranda (Dkts. ## 88, 88-1, and 109). Plaintiffs' motion is futile and should be denied.

May 10, 2012                                            Respectfully submitted,

OF COUNSEL:

                                                        s/ *Thomas W. Taylor*_____

Paul J. Ondrasik, Jr. (*pro hac vice*)                    Thomas W. Taylor
Morgan D. Hodgson (*pro hac vice*)                        Texas State Bar No. 19723875
Ryan T. Jenny (*pro hac vice*)                            S.D. Tex. Bar No. 3906
STEPTOE & JOHNSON LLP                                     ANDREWS KURTH LLP
1330 Connecticut Avenue, N.W.                             600 Travis, Suite 4200
Washington, D.C.  20036                                   Houston, TX 77002
Office: (202) 429-3000                                    Office:  (713) 220-4200
Fax:  (202) 429-3902                                      Fax:  (713) 220-4285
E-mail: pondrasik@steptoe.com                             E-mail: ttaylor@andrewskurth.com
        mhodgson@steptoe.com
        rjenny@steptoe.com                                *Attorney-in-Charge for Defendants*
                                                          *BP Corporation North America, Inc., BP p.l.c.,*
                                                          *BP America Inc., BP Corporation North America,*
                                                          *Inc.'s Board of Directors, the BP Savings Plan*
                                                          *Investment Oversight Committee, Lord John*

Daryl A Libow (*pro hac vice*)
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue N.W.
Washington, DC 20006-5805
Office:  (202) 956-7500
E-mail:  libowd@sullcrom.com

Richard C. Pepperman, II (*pro hac vice*)
Marc De Leeuw (*pro hac vice*)
M. David Possick
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498
Office:  (212) 558-4000
Email: peppermanr@sullcrom.com
          deleeuwm@sullcrom.com
          possickmd@sullcrom.com

*Browne, Stephanie C. Moore, Gregory T.
Williamson, Thomas L. Taylor, Neil Shaw, Brian
D. Smith, Stephen J. Riney, Robert A. Malone,
Jeanne M. Johns, Anthony Hayward, Lamar
McKay, Patrick Gower, James Dupree, Richard J.
Dorazil, Corey Correnti, Marvin L. Damsma, and
Patricia H. Miller*

4

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing has been served

by electronic CM/ECF filing, on this 10th day of May 2012.

*s/Thomas W. Taylor*

Thomas W. Taylor