UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re BP p.l.c. Securities Litigation | No. 4:10-MD-02185<br><br><br>Honorable Keith P. Ellison |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' "NOTICE OF RECENT AUTHORITY"**

Plaintiffs' "Notice of Recent Authority" (Dkt. 413) submits a PowerPoint presentation and press release reflecting "Preliminary Findings" from the Chemical Safety and Hazard Investigation Board (the "CSB"). Contrary to its title, Plaintiffs' submission does not notify the Court of "recent authority," but rather seeks improperly to amend their complaint yet again by pointing to purported "facts" (Notice at 1) outside of the pleadings. The submission is improper and irrelevant to the motion before the Court.

Under the CSB's authorizing statute, "[n]o part of the conclusions, findings, or recommendations of the [CSB] relating to any accidental release or the investigation thereof shall be admitted as evidence *or used* in any action or suit for damages arising out of any matter mentioned in such report." 42 U.S.C. § 7412(r)(6)(G) (emphasis added). This statute thus plainly bars Plaintiffs from using the CSB's Preliminary Findings in this case.

Moreover, the CSB's findings are designated as "preliminary" on their face. "[R]eferences to preliminary steps in litigations and administrative proceedings that did not result in an adjudication on the merits or legal or permissible findings of fact are, as a matter of

law, immaterial . . . ." *In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 218 F.R.D. 76, 78 (S.D.N.Y. 2003) (striking allegations under Rule 12(f)).[1]

Leaving aside the impropriety of Plaintiffs' submission, the CSB's Preliminary Findings shed no light on the issues raised by Defendants' motion to dismiss the Second Amended Complaint ("SAC") for failure to state a claim. In that motion, Defendants argue that the allegations of the SAC fail adequately to allege under the PSLRA that Defendants knowingly made materially false or misleading statements about the scope and timing of OMS's implementation in the Gulf of Mexico. Nothing in the CSB's Preliminary Findings supports a conclusion that any Defendants made misrepresentations about BP's OMS. To the contrary, the CSB's Preliminary Findings confirm that BP's OMS applied to BP's operations in the Gulf of Mexico. For example, the CSB's Preliminary Findings state that BP's bridging documents (which were required by OMS) "sought to harmonize safety controls between BP and Transocean." (Pls.' Ex. B at 3.) In addition, the CSB's Preliminary Findings are silent on the critical issue of scienter. They in no way call into question the substance of the authoritative contemporaneous documents cited in the SAC that informed Messrs. Hayward and Inglis of the scope and status of OMS implementation, all of which are consistent with their public statements about OMS. (*See* Dkt. 357 at 6-18.)[2]

In short, Plaintiffs' notice is an improper attempt to amend the SAC by injecting additional "facts" into the case. The CSB's findings also are admittedly "preliminary" and, even

---

[1] BP also notes that Transocean (one of the parties discussed in the Preliminary Findings) has challenged the CSB's jurisdiction to investigate the Deepwater Horizon explosion in litigation pending in another court in this district. *See United States* v. *Transocean Deepwater Drilling, Inc.*, No. 4:11-cv-3638, Dkt. 22 (S.D. Tex. motion filed March 2, 2012).

[2] The CSB's Preliminary Findings reflect confusion about what it means to "implement" a new safety management system by contending that OMS was not "implemented" in the Gulf of Mexico by April 20, 2010, notwithstanding documents incorporated into the SAC that make clear that OMS was implemented in the Gulf by that date.

if final, cannot be used in this action under the CSB's authorizing statute. Finally, the CSB's Preliminary Findings have no bearing on the issues raised by Defendants' pending motion to dismiss.

Dated: August 20, 2012

| OF COUNSEL | Respectfully submitted, |
|---|---|
| Daryl A. Libow (pro hac vice) | |
| Amanda F. Davidoff | /s/ Thomas W. Taylor |
| SULLIVAN & CROMWELL LLP | Thomas W. Taylor |
| 1701 Pennsylvania Avenue, N.W. | Texas State Bar No. 19723875 |
| Washington, D.C. 20006-5805 | S.D. Tex. Bar No. 3906 |
| Telephone: (202) 956-7500 | ANDREWS KURTH LLP |
| libowd@sullcrom.com | 600 Travis, Suite 4200 |
| davidoffa@sullcrom.com | Houston, Texas 77002 |
| | Telephone: (713) 220-4200 |
| Richard C. Pepperman, II (pro hac vice) | Facsimile: (713) 220-4285 |
| Marc De Leeuw (pro hac vice) | ttaylor@andrewskurth.com |
| Matthew A. Peller | |
| SULLIVAN & CROMWELL LLP | *Attorney-in-Charge for Defendants* |
| 125 Broad Street | |
| New York, New York 10004-2498 | |
| Telephone: (212) 558-4000 | |
| peppermanr@sullcrom.com | |
| deleeuwm@sullcrom.com | |
| pellerm@sullcrom.com | |

*Attorneys for Defendants*

Stephen C. Neal
COOLEY LLP
3175 Hanover Street
Palo Alto, California 94304
Telephone: (650) 843-5000

Kathleen H. Goodhart
COOLEY LLP
101 California Street, 5th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000

*Attorneys for Andrew G. Inglis*

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the above and foregoing Defendants' Response to Plaintiffs' "Notice of Recent Authority" has been served by electronic CM/ECF filing, on this 20th day of August, 2012.

                                              */s/ Thomas W. Taylor*
                                              Thomas W. Taylor