# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| *In re BP plc Securities Litigation* | ) ) ) ) | MDL 2185<br>Case No. 4:10-md-02185 |
| *Alameda Cnty. Emps.' Ret. Assoc. et al.* v. *BP p.l.c. et al.* | ) ) ) ) | No. 4:12-cv-1256 (cons.) |
| *South Yorkshire Pensions Auth. et al.* v. *BP p.l.c. et al.* | ) ) ) ) | No. 4:12-cv-2362 (cons.) |
| *Mondrian Global Equity Fund, L.P. et al.* v. *BP p.l.c. et al.* | ) ) ) ) | No. 4:12-cv-3621 |
| *Stichting Pensioenfonds Metaal en Techniek et al.* v. *BP p.l.c. et al.* | ) ) ) ) | No. 4:13-cv-0069 |
| *HESTA Super Fund* v. *BP p.l.c. et al.* | ) ) ) ) | No. 4:13-cv-0129 |
| *N.Y.C. Emps.' Ret. Sys. et al.* v. *BP p.l.c. et al.* | ) ) ) ) | No. 4:13-cv-1393 |
| *Nova Scotia Health Employees' Pension Plan* v. *BP p.l.c., et al.* | ) ) ) ) | No. 4:13-cv-3397 |

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

PERTINENT PROCEDURAL HISTORY ............................................................................... 1

The Pomerantz Moving Plaintiffs' Operative Pleadings ........................................................ 1

Defendants' Numerous Extensions, Prior Motions To Dismiss, And SLUSA Argument ........ 3

The Parties' Conduct After The Court's Tranche 2 Motion To Dismiss Orders ...................... 5

Numerous And Recent Amendments By Other Plaintiffs ........................................................ 6

The Pomerantz Moving Plaintiffs' Proposed Amendments .................................................... 6

ARGUMENT ........................................................................................................................... 8

I.      Defendants Incorrectly Frame The "Holder Claim" Issue ............................................ 8

II.     Defendants Fail To Demonstrate Unexplained Or Undue Delay By Plaintiffs .......... 10

III.    Defendants Fail To Demonstrate Any Undue Prejudice............................................. 12

IV.     Defendants' Judicial Efficiency Arguments Lack Merit ............................................ 14

V.      Defendants Concede The Other Factors In The Court's Analysis .............................. 15

CONCLUSION ...................................................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**                                                                                   **Pages**

*Atrium Cos., Inc. v. ESR Assocs., Inc.*, No. 11-cv-1288,
    2012 WL 4215103 (S.D. Tex. Sept. 18, 2012) ...................................................... 11

*Bell v. Dallas Cty.*,
    491 F. App'x 497 (5th Cir. 2012) ............................................................................ 11

*Bittinger v. Wells Fargo Bank NA*, No. H-10-1745,
    2011 WL 3568206 (S.D. Tex. Aug. 15, 2011) .......................................................... 13

*Bouie v. Equistar Chems. LP*,
    188 F. App'x 233 (5th Cir. 2006) .............................................................................. 7

*Broyles v. Texas*,
    618 F. Supp. 2d 661 (S.D. Tex. 2009) ..................................................................... 13

*Cardona-Morales v. Holder*,
    576 F. App'x 374 (5th Cir. 2014) ............................................................................ 15

*Grant v. City of Houston*,
    625 F. Appx. 670, 2015 WL 5255102 (5th Cir. 2015) ............................................ 13

*Hester v. Int'l Union of Operating Eng'rs*,
    941 F.2d 1574 (11th Cir. 1991) ............................................................................... 11

*In re Am. Int'l Refinery, Inc.*,
    676 F.3d 455 (5th Cir. 2012) ................................................................................... 12

*In re Enron Corp. Sec., Derivative & "ERISA" Litig.¸* No. H-01-3624,
    2007 WL 207028 (S.D. Tex. Jan. 23, 2007) ........................................................... 13

*James v. Wells Fargo Bank, N.A.*, No. H-14-0449,
    2014 WL 3002415 (S.D. Tex. July 2, 2014) ........................................................... 12

*Jebaco v. Harrahs Operating Co., Inc.*,
    587 F.3d 314 (5th Cir. 2009) ................................................................................... 15

*LaRocca v. LaRocca*, No. 13-4748,
    2013 WL 6440334 (E.D. La. Dec. 9, 2013) ............................................................ 11

*Little v. Liquid Air Corp.*,
    952 F.2d 841 (5th Cir. 1992) ..................................................................................... 7

*Lozano v. Ocwen Fed. Bank FSB*,
    489 F.3d 636 (5th Cir. 2007) ............................................................... 11

*Matter of Southmark Corp.*,
    88 F.3d 311 (5th Cir. 1996) ................................................................. 11

*Mathews v. Bowie Cnty.*, No. 5:12-cv-82,
    2013 WL 5142381 (E.D. Tex. Sept. 13, 2013) ................................. 12, 13

*Mayeux v. La. Health Serv. & Indem. Co.*,
    376 F.3d 420 (5th Cir. 2004) ............................................................... 11

*Parish v. Frazier*,
    195 F.3d 761 (5th Cir. 1999) ............................................................... 12

*Pope v. MCI Telecomms. Corp.*,
    937 F.2d 258 (5th Cir. 1991) ............................................................... 12

*Rosenzweig v. Azurix Corp.*,
    332 F.3d 854 (5th Cir. 2003) ............................................................... 12

*Schiller v. Physicians Res. Group, Inc.*,
    342 F.3d 563 (5th Cir. 2003) ............................................................... 15

*Shivangi v. Dean Witter Reynolds, Inc.*,
    825 F.2d 885 (5th Cir. 1997) ............................................................... 11

*Smith v. EMC Corp.*,
    393 F.3d 590 (5th Cir. 2004) ............................................................... 15

*Tiras v. Encompass Home & Auto Ins. Co.*, No. 4:10-cv-3266,
    2012 WL 176437 (S.D. Tex. Jan. 18, 2012) ........................................ 12

*Topalian v. Ehrman*,
    954 F.2d 1125 (5th Cir. 1992) ............................................................. 11

*Underwriters at Interest on Cover Note JHB92M10582079 v. Nautronix Ltd.*,
    79 F.3d 480 (5th Cir. 1996) ................................................................. 13

*Veldekens v. GE HFS Holdings, Inc.*, No. H-06-3296,
    2008 WL 190442 (S.D. Tex. Jan. 22, 2008) ........................................ 12

*Vera v. Bush*,
    980 F. Supp. 254 (S.D. Tex. 1997) ................................................... 7, 12

*Zetino v. Allstate Texas Lloyd's*, No. 4:10-cv-3905,
2011 WL 5416323 (S.D. Tex. Nov. 7, 2011) ........................................................................... 13

## **<u>Rules</u>**

Fed. R. Civ. P. 15(a)(2) ............................................................................................................... 1

### REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS'
### MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS

Moving Plaintiffs in only the above-captioned "Tranche 1" and "Tranche 2" actions, all represented (along with certain "Tranche 3" Plaintiffs as discussed below) by Individual Action Plaintiffs Liaison Counsel and Steering Committee member Pomerantz LLP ("Pomerantz Moving Plaintiffs") respectfully submit this Reply in support of their Motion for Leave to File Amended Complaints (MDL 2185 Dkt. No. 1220).  For the reasons below, they respectfully request leave to amend, just as **every other** individual action Plaintiff in MDL 2185 has recently done.

### PRELIMINARY STATEMENT

Defendants fail to counter Fed. R. Civ. P. 15(a)(2)'s presumption favoring leave to amend. They fail to demonstrate "unexplained delay" where most of the time elapsed is readily explained by reference to *their* conduct or "undue delay" where all 120+ Plaintiffs in Tranches 1, 2, and 3, filed amended and proposed amended complaints less than one year after the Court's Orders resolving Defendants' Tranche 2 motion to dismiss.  They fail to demonstrate "undue prejudice" where their next motion to dismiss is **inevitable**, because Pomerantz-represented Plaintiffs in Tranche 3, who amended as of right, alleged the **same** new public-record misstatements (not referenced by Defendants) and the **same** English law "holder claim," often based on the **same** factual allegations drawn from the **same** investment management firms.  They fail to demonstrate "judicial inefficiency" where the proposed amendments will create clear appellate rights and near-uniform pleading for all 32 Pomerantz-represented Plaintiffs, where pre-negotiated proposed orders will resolve any motion to dismiss issues clearly decided by the Court in prior Orders, and where a failure to amend now will relegate the Pomerantz Moving Plaintiffs – alone – to facially outdated complaints pled on the basis of inapplicable laws and partial facts.

### PERTINENT PROCEDURAL HISTORY

### The Pomerantz Moving Plaintiffs' Operative Pleadings

All but one Pomerantz Moving Plaintiff filed their operative pleadings – either initial or first amended complaints – prior to the Court's motion to dismiss rulings in **both** Tranche 1 (in

late 2013) and Tranche 2 (in late 2014).[1]  As a result, their complaints facially differ greatly in size (from 198 to 232 pages), paragraph numbering and count (from 496 to 586 paragraphs), number of dates on which alleged public-record misstatements were made (from 24 to 31 dates), number and variety of causes of action, and alleged jurisdiction(s) supplying governing law.  For example:

- Plaintiffs in the Tranche 1 *Alameda* action (three U.S. pension funds) filed their operative First Amended Consolidated Complaint ("FACC") on November 30, 2012 (under seal) and December 6, 2012 (redacted).  *See* No. 12-cv-01256, Dkt. Nos. 36, 39.  It pled nine causes of action, including common law fraud, aiding and abetting fraud, and negligent misrepresentation under Texas law, or alternatively, the laws of California, Massachusetts, and Rhode Island, as well as statutory claims under Texas, California, and Massachusetts law.

- The Tranche 2 *South Yorkshire* Plaintiffs (three U.K. pension funds) filed their operative FACC on March 11, 2013 (under seal) and March 20, 2013 (redacted).  *See* No. 4:12-CV-2362, Dkt. Nos.20, 22.  It pled four causes of action, including common law fraud, aiding and abetting fraud, and negligent misrepresentation under Texas law and Texas statutory claims.

- The Tranche 2 *Mondrian* Plaintiffs (five entities with overlapping sponsorship, oversight and/or management) filed their operative First Amended Complaint ("FAC") on March 28, 2013 (under seal) and April 9, 2013 (redacted).  *See* No. 4:12-cv-3621, Dkt Nos. 19-20.  It pled four causes of action, including common law fraud, aiding and abetting fraud, and negligent misrepresentation under Texas, or alternatively, Delaware law, and Texas statutory claims.

- The Tranche 2 *Stichting* Plaintiffs (four Dutch pensions) filed their operative FAC on March 28, 2013 (under seal) and April 9, 2013 (redacted).  *See* No. 4:13-cv-0069, Dkt Nos. 18-19.  It pled six causes of action: Exchange Act §§10(b) and 20(a); common law fraud, aiding and abetting fraud, and negligent misrepresentation under Texas law; and Texas statutory claims.

- The Tranche 2 *HESTA* Plaintiff (an Australian pension fund) filed its operative FAC on March 28, 2013 (under seal) and April 9, 2013 (redacted).  *See* No. 4:13-cv-0129, Dkt.

---

[1] The *Nova Scotia* Plaintiff filed its complaint after the Court's Tranche 1 Orders but before its Tranche 2 Orders.

Nos. 17-18.  It pled four causes of action, including common law fraud, aiding and abetting fraud, and negligent misrepresentation under Texas law and Texas statutory claims.

- • Plaintiffs in the Tranche 2 *NYC* action (New York City employee pension funds and related entities) filed their operative initial Complaint in the Southern District of New York on April 17, 2013, which was then JPML-transferred to this Court.  *See* No. No. 4:13-cv-1393, Dkt. Nos. 3, 10.  It pled six causes of action, including Exchange Act §§10(b) and 20(a); common law fraud, aiding and abetting fraud, and negligent misrepresentation under Texas law, or alternatively New York law; and Texas statutory claims.  They ***never filed an amended pleading***.

- • The Tranche 2 *Nova Scotia* Plaintiff (a Canadian pension fund) filed its operative initial Complaint on November 21, 2013 (under seal) and December, 2013 (redacted).  *See* No. 4:13-cv-3397, Dkt. Nos. 1, 6.  Filed just after the Court's Order resolving the Tranche 1 motion to dismiss, it pled common law deceit and negligent misrepresentation under English law.  The *Nova Scotia* Plaintiff, too, ***never filed an amended pleading***.

### Defendants' Numerous Extensions, Prior Motions To Dismiss, And SLUSA Argument

After seeking an extension of time (*see* No. 4:12-cv-1256, Dkt. No. 33), Defendants moved to dismiss the Tranche 1 actions on December 21, 2012.  *Id.*, Dkt. Nos. 46-50.  The *Alameda* Plaintiffs opposed in February 2013.  *Id.*, Dkt. Nos. 55-60.  Defendants filed their reply on April 1, 2013.  *Id.*, Dkt. Nos. 63-65, 67.  The Court held oral argument on May 10, 2013.  *Id.*, Dkt. No. 84.  The *Alameda* Plaintiffs filed a supplemental brief on June 14, 2013.  *Id.*, Dkt. No. 87.

After seeking an extension of time (*see*, *e.g.*, 4:12-CV-2362, Dkt. No. 23), Defendants filed their initial motion to dismiss the Tranche 2 cases, including those of the Pomerantz Moving Plaintiffs described above, on May 20-21, 2013 (sealed) and May 30, 2013 (redacted).  *See*, *e.g.*, No. 4:12-CV-2362, Dkt. Nos. 27-31, 39.  It rehashed arguments made in their Tranche 1 motion to dismiss – that English law should apply, Plaintiffs had failed to state a claim under English law, and the doctrine of *forum non conveniens* mandated dismissal in deference to the English courts.

On June 13, 2013, the Court entered an order halting briefing on Defendants' initial motion to dismiss the Tranche 2 cases (the "Halt Briefing Order"), because it anticipated that its

forthcoming order on the still-pending motion to dismiss the Tranche 1 cases would "be of assistance to the parties as they ***complete*** briefing." *See* No. 4:12-CV-2362, Dkt. 41 (emphasis added). That Order set forth a schedule for ***completion*** of the motion to dismiss briefing, with tight timeframes for Defendants to file a revised motion to dismiss, Plaintiffs to oppose, and Defendants to reply. *Id.* Defendants were expected to ***narrow*** the issues set forth in their initial Tranche 2 motion to dismiss, guided by the Court's Tranche 1 motion to dismiss Order.

The Court entered its Tranche 1 Orders on September 30, 2013. *See* No. 4:12-cv-1256, Dkt. Nos. 88, 91. However, finality was not yet achieved. In conjunction with seeking several extensions of time in which to answer the *Alameda* FAAC (*see* No. 4:12-cv-1256, Dkt. Nos. 93, 95, 99, 110), Defendants moved for reconsideration of the Court's Tranche 1 *Alameda* Order on October 25, 2013 (*id.*, Dkt. No. 94), which was granted on November 22, 2013. *Id.*, Dkt. No. 97. The Court entered a revised Tranche 1 *Alameda* Order on December 5, 2013. *Id.*, Dkt. No. 100.

Significantly, the Halt Briefing Order's schedule ***did not*** include a date for Plaintiffs to amend their pleadings at that time. The focus, at that juncture, was on expeditiously resolving the already-pending, voluminous Tranche 2 motion to dismiss. As such, the 90 Tranche 2 Plaintiffs agreed to engage with Defendants in a rapid exercise attempting to anticipate how the Court's rulings in its Tranche 1 Orders *might* apply across the landscape of their complaints. The result was a large "Conforming Stipulation" filed December 6, 2013 and entered December 10, 2013, which effectively amended their operative complaints in quick-and-dirty fashion, as regards issues that appeared to have been touched upon in the Court's Tranche 1 Orders, without actually replacing them with revised, docketed pleadings. *See*, *e.g.*, No. 4:12-cv-2362, Dkt. Nos. 51, 55. So, for instance, while the stipulation stated that English law thereafter governed and dismissed all U.S. state law claims – the claims under which their operative complaints had been pled – the Tranche 2 Plaintiffs did not actually draft and file new, amended pleadings articulating English law claims and remedies buttressed by pertinent factual allegations.

After seeking multiple extensions of time (*see*, *e.g.*, No. 4:12-CV-2362, Dkt. Nos. 42, 44), Defendants filed a revised Tranche 2 motion to dismiss on December 11, 2013 (sealed) and

December 20, 2013 (redacted).  *Id.*, Dkt. Nos. 53-54, 59-60.  Counter to the Court's and Plaintiffs' intentions and expectations, it greatly ***expanded*** the range of issues beyond those in their initial motion.  *See* Transcript of July 25, 2014 Hearing at 10 (Court stated: "I did not anticipate that defendants would adduce new arguments, but I didn't prohibit it.  So I think - - I think I'm going to have to allow it.  So, yeah, that was error on my part …").  Among the first-time arguments not raised in their original brief, Defendants sought dismissal under the Securities Litigation Uniform Standards Act of 1998 ("SLUSA") – using the ***very*** stipulation the parties had discussed, at the Court's urging in the Halt Briefing Order, as a basis for ***dismissal*** due to the coordination needed to complete it.  *See* No. 4:12-cv-2362, Dkt. No. 75, discussion at 5-6, 11-14.  This new and highly disruptive SLUSA argument meant that all Plaintiffs could not coordinate their investigations, consultations with experts, or other litigation efforts, lest they risk SLUSA dismissal for doing so.

So, the Pomerantz Moving Plaintiffs focused instead on resolving the new, expanded motion to dismiss, which they opposed in February 2014.  *See* No. 4:12-CV-2362, Dkt. Nos. 69-75.  Defendants replied in March 2014.  *Id.*, Dkt. Nos. 81-82.  The parties filed supplemental briefs on April 23 and May 2, 2014.  *Id.*, Dkt. Nos. 85-86.  Oral argument was held on July 25, 2014, and the parties again filed supplemental briefs.  *Id.*, Dkt. Nos. 91-92.

The Court issued its Tranche 2 Orders on September 30, 2014, with redacted copies docketed thereafter, one of which rejected Defendants' SLUSA argument.  *See* No. 4:12-cv-3715, Dkt. No. 93.  Plaintiffs could finally coordinate without risking dismissal.

**The Parties' Conduct After The Court's Tranche 2 Motion To Dismiss Orders**

As Pomerantz, in its role as Plaintiffs Liaison Counsel, informed this Court during its May 13, 2015 status conference, such coordination included, *inter alia*, joint work to consider and understand the impact of English law application on their cases.  *See* No. 10-md-2185, Transcript of May 13, 2015 Status Conference, at 6-8.  On the basis of Pomerantz's representations, this Court granted a 90-day extension for the filing of amended complaints, so that this work, which included joint consultation with an English law expert on English law claims and available remedies, could be completed.  *Id.* at 10.  Plaintiffs also continued to develop the necessary facts to support their

English law claims, including through work with their outside investment managers from the relevant time period.  As a result, ***less than one year after Defendants' SLUSA argument was rejected*** and the Tranche 2 Plaintiffs first knew that they had viable cases, ***all 120+ Plaintiffs*** – in Tranches 1, 2 and 3 – simultaneously filed revised pleadings, demonstrating significant uniformity, better-developed facts, and enhanced allegations benefitting from expert consultation.

Thereafter, Defendants took nearly ***three months*** to provide substantive feedback regarding the proposed amended complaints, despite repeated requests by Pomerantz as Plaintiffs Liaison Counsel.  Once they did, Plaintiffs engaged in good-faith negotiations to narrow any potential issues, resulting, finally, in Defendants filing their Opposition (the "Opp.") on February 4, 2016 – ***five months*** after the Pomerantz Moving Plaintiffs sought leave to amend.

### Numerous And Recent Amendments By Other Plaintiffs

The Pomerantz Moving Plaintiffs' request for leave to file either their first or second amended complaints is reasonable, by any point of reference in this MDL.  The plaintiffs in the parallel ADS class action have filed ***three*** amended complaints.  *See*, *e.g.*, No. 4:10-md-02185, Dkt. Nos. 113, 339, 928.  Within the individual actions, on the heels of all Tranche 3 Plaintiffs amending as of right on August 31, 2015, Defendants just ***assented*** to the motion for leave to amend by ***all other*** Tranche 1 and 2 Plaintiffs, including the Tranche 1 *Connecticut* Plaintiffs, who as a result just filed their ***fourth*** amended complaint.  *See* No. 4:12-cv-1272, Dkt. Nos. 135, 138. Indeed, ***every*** other individual action Plaintiff – in Tranches 1, 2, 3, and now 4 – filed an amended complaint in the last six months.  *See*, *e.g.*, No. 4:15-cv-1059, Dkt. Nos. 26 and 30 (Tranche 4 first and second amended complaints filed December 8, 2015 and January 19, 2016).

### The Pomerantz Moving Plaintiffs' Proposed Amendments

For nearly all Pomerantz Moving Plaintiffs, this is their ***first pleading*** setting forth English law claims and remedies, based for the first time on collaborative work and consultation with an English law expert.  Significantly, among the Tranche 3 Plaintiffs who have already amended, as of right, are many Plaintiffs also represented by Pomerantz – in the *USS*, *IBM*, *Merseyside*, and *Bank of America* actions.  One important reason for the Pomerantz Moving Plaintiffs to seek leave

to amend now is so *all 32 Plaintiffs* represented by Pomerantz will have *uniformity* across their pleadings, including, *inter alia*, the same number of alleged public-record misstatements, same paragraph numbering (up through the first ~500 paragraphs), and the same English law causes of action and remedies. *Compare*, *e.g.*, No. 4:12-cv-3621, Dkt. Nos. 103, 107 (Tranche 2 Mondrian Plaintiffs' Proposed Second Amended Complaint) *with* No. 4:14-cv-1418, Dkt. Nos. 25, 28 (Tranche 3 Bank of America Plaintiff's First Amended Complaint filed as of right).

Moreover, Defendants ignore that the proposed amended complaints at issue are the Pomerantz Moving Plaintiffs' first opportunity to allege additional facts they developed to substantiate their *English* law claims, nor do they demonstrate that doing so now is improper. For instance, the New York City Plaintiffs, who have never before filed an amended pleading, have substantially augmented their reliance allegations. Their initial complaint included reliance allegations drawn from just two investment management firms. *See* No. 4:13-cv-1393, Dkt. Nos. 3, 10, at ¶¶493-511. By contrast, their proposed amended complaint now at issue sets forth enhanced allegations regarding those same two investment managers, as well as new allegations concerning five additional investment management firms. *See* No. 4:13-cv-1393, Dkt. Nos. 88, 92, at ¶¶545-607. Inclusion of such expanded reliance allegations, by these and other of the Pomerantz Moving Plaintiffs, is a critically important reason for the proposed amendments.[2]

The Pomerantz Moving Plaintiffs' proposed amended complaints also allege a large number of additional false and misleading public-record statements. *See*, *e.g.*, No. 4:13-cv-1393, Dkt. Nos. 88, 92 (New York City Proposed FAC) at ¶¶354-361, 375-379, 389-397, 420-423. Tellingly, Defendants do not cite their existence as a grounds for denial of this Motion. Presumably, that is because such statements *will be litigated in any event*, as they are *also*

---

[2] Defendants' cited cases (*see* Opp. at 11 n.9) are distinguishable. In *Bouie v. Equistar Chems. LP*, 188 F. App'x 233, 238 (5th Cir. 2006), the court found bad faith and futility where plaintiff sought to amend to remove his federal claims to defeat jurisdiction over his state law claims. In *Little v. Liquid Air Corp.*, 952 F.2d 841, 845-847 (5th Cir. 1992), after an extended discovery period closed and defendants moved for summary judgment, plaintiff sought an amendment that "would have radically altered the nature of a trial on the merits." In *Vera v. Bush*, 980 F. Supp. 254, 256 (S.D. Tex. 1997), plaintiffs had "no explanation" for a long delay in seeking to amend to add plaintiffs.

contained in the amended complaints filed as of right by the Pomerantz-represented Tranche 3 Plaintiffs.  Thus, practically speaking, another motion to dismiss is *inevitable*.

Defendants instead base their Opposition entirely on the fact that the proposed amendments allege a "holder claim" under English law, *i.e.*, a theory of recovery under the English deceit and misstatement claims for losses in BP securities that Plaintiffs were induced to hold (not sell) by the alleged fraud.  Yet, they fail to acknowledge that the Pomerantz-represented Tranche 3 Plaintiffs, who amended as of right, *also* pled such a "holder claim" and, in many instances, did so based on the *same alleged facts*, drawn from the *same investment managers*, as give rise to the "holder claims" of the Pomerantz Moving Plaintiffs.  *Compare*, *e.g.*, No. 4:12-cv-1256, Dkt. Nos. 134, 138  (Tranche 1 Alameda Plaintiffs' Proposed Second Amended Complaint) at ¶¶497-503, 547-555, 585-586 *and* No. 4:13-cv-1393, Dkt. Nos. 88, 92 (Tranche 2 New York City Plaintiffs' Proposed First Amended Complaint) at ¶¶497-503, 548-557, 606-607 *and* No. 4:12-cv-3621, Dkt. Nos. 103, 107 (Tranche 2 Mondrian Plaintiffs' Proposed Second Amended Complaint) at ¶¶497-503, 546-555, 559-560 *with* No. 4:14-cv-1418, Dkt. Nos. 25, 28 (Tranche 3 Bank of America Plaintiff's First Amended Complaint filed as of right) at ¶¶497-503, 548-556, 565-566.  Thus, the viability of the "holder claim" under English law – which, it bears emphasizing is simply a theory of recovery under the existing English law causes of action and not an actual additional claim in that sense – will be challenged in a motion to dismiss (as regards the Tranche 3 complaints) anyway, *regardless* of the Court's ruling on this Motion for leave to amend the Pomerantz Moving Plaintiffs' pleadings.  In that respect, too, the ensuing motion to dismiss is *inevitable*.

## ARGUMENT

Defendants' Opposition, based entirely on the fact that the Pomerantz Moving Plaintiffs seek to plead a "holder claim" under *English* law, lacks merit.

### I.    Defendants Incorrectly Frame The "Holder Claim" Issue

In addressing the "holder claim" issue, Defendants base their Opposition on the incorrect premise that the Pomerantz Moving Plaintiffs "seek to make substantive amendments to their complaints in an effort to address *a deficiency identified by the Court in their prior complaints*."

8

*See* Opp. at 2 (emphasis added).  Not so.  The ruling to which Defendants now point was made in the *Alameda* Tranche 1 Order, where the Court, in evaluating the sufficiency of pleading ***under the laws of Texas, or alternatively, California, Massachusetts, and Rhode Island***, dismissed ***only*** the claims of Plaintiff Providence premised on alleged misstatements made after its final listed stock purchase date.  *See* Revised *Alameda* Order, No. 4:10-md-2185, Dkt. No. 706, at 67.  Moreover, in its analysis, the Court stated, "to the extent Plaintiffs claim that they relied upon Defendants' alleged misstatements by deciding not to divest themselves of BP's Ordinary Shares, such reliance is, ***at present***, insufficiently pled under Rule 9(b)…" *Id.* (emphasis added).  Thus, the ruling that underlies Defendants' entire argument was made by the Court in evaluating the pleadings under now-irrelevant ***U.S. state law claims***, resulting in its dismissal of just ***one*** Pomerantz Moving Plaintiff (Providence)'s claims after its last trading date.[3]  Moreover, the Court's Order, by its plain text, expressly ***contemplated*** amendment to add sufficient allegations.

However, this ruling was immediately followed by the Halt Briefing Order, which imposed tight timelines for the parties to narrow the issues regarding Defendants' initial motion to dismiss the Tranche 2 cases ***as then pled***.  Such Order did not invite Plaintiffs, at that time, to prepare and file amended pleadings.  Thus, that the Tranche 2 Plaintiffs stipulated, at that juncture, to dismiss claims after their last trading date is irrelevant now, as such stipulation was entered at the Court's direction, when they stipulated to dismissal of ***all*** U.S. state law claims, pursuant to which such "holder claims" were originally pled.  Contrary to Defendants' argument (*see* Opp. at 2), the Court ***never*** identified any deficiency in the "holder claim" pleadings of ***their*** complaints, let alone as regards their ***English law*** claims being pled for the first time now in their proposed amendments.

Furthermore, Defendants' distinction between the so-called "Conforming" Plaintiffs (*i.e.*, those who agreed once again now to dismiss claims after their last trading date) and, as they characterize the Pomerantz Moving Plaintiffs, the so-called "Non-Conforming" Plaintiffs (*see*

---

[3] Defendants point out that the Court also dismissed the claims of certain *Connecticut* action Plaintiffs in Tranche 1 on a similar rationale.  *See* Opp. at 4 n.4.  Such dismissal is irrelevant.  The *Connecticut* action Plaintiffs are not represented by Pomerantz in this MDL, are no longer at issue on this Motion, and, generally speaking, have consistently pled their reliance allegations differently and through use of less-detailed factual allegations.

Opp. at 2) fails.  Once Defendants' SLUSA argument was off the table, Plaintiffs collectively consulted with an English law expert on the claims and remedies they could pursue and, thereafter, sought to develop pertinent facts to support such claims.  The "Conforming" Plaintiffs did not plead English law "holder claims" now not because they drew a different conclusion as to the viability of such a claim after such expert consultation, but rather for the simple reason that their continued investigation thereafter failed to yield for them the facts necessary to support one.

## II.      Defendants Fail To Demonstrate Unexplained Or Undue Delay By Plaintiffs

Defendants' arguments regarding purported "unexplained" or "undue" delay lack merit.

First, Defendants argue the proposed amendments have been sought "far too late" and "two years" after the Tranche 1 *Alameda* Order.  *See* Opp. at 2, 3, 7-11.  They fail to account for: (a) the numerous extensions of time **Defendants** sought between then and now (as described *supra*), to which Plaintiffs consented out of professional courtesy; (b) the deleterious effect Defendants' SLUSA argument – which **expanded** the scope of their then-pending motion to dismiss the Tranche 2 cases after the Court's Halt Briefing Order – had on Plaintiffs' ability to coordinate, jointly consult with experts, and otherwise prepare amended complaints; (c) the uncertainty as to the viability of the Tranche 2 Pomerantz Moving Plaintiffs' cases as a result of Defendants' expanded motion to dismiss, including its SLUSA argument, which was not resolved until the Court issued its Tranche 2 Orders on September 30, 2014; and (d) the five months Defendants permitted to elapse after receiving the instant Motion before finally opposing it.  The record is clear that **Defendants**, not Plaintiffs, caused the majority of time elapsed.  For this reason alone, Defendants' cited authority regarding "unexplained delay" as a reason to deny leave to amend (*see*, *e.g.*, Opp. at 7-11) is inapposite.  There is ample explanation here.

Second, as stated *supra*, **less than one year** after Defendants' SLUSA argument was rejected, such that the Individual Action Plaintiffs Steering Committee could begin to actively coordinate the individual actions in this MDL including, *inter alia*, through joint consultations with an English law expert as to available English law claims and remedies and the necessary factual support therefor, **all Plaintiffs** in Tranches 1, 2, and 3 filed near-simultaneous amended

10

and proposed amended complaints that greatly simplify the litigation landscape and establish broad uniformity across the pleadings.  Thus, Defendants have failed to establish "undue delay" and their cited cases (*see* Opp. at 8-9) do not support denial of leave to amend.[4]  This is particularly true of Defendants' citation to cases like *Topalian v. Ehrman*, 954 F.2d 1125, 1139 (5th Cir. 1992), where plaintiffs let multiple opportunities to amend to **expire** before finally seeking leave to do so.  By contrast, here, the Pomerantz Moving Plaintiffs are **well within** the timeframe for amended pleadings established by the operative CMO, making their request presumptively valid.  *See* Opening Brief at 6-7.  Even **Defendants'** cited cases on this issue (*see* Opp. at 11) agree.  *See*, *e.g.*, *LaRocca v. LaRocca*, No. 13-4748, 2013 WL 6440334, at *3 (E.D. La. Dec. 9, 2013) (*granting* motion for leave to amend where no deadlines were affected); *Atrium Cos., Inc. v. ESR Assocs., Inc.*, No. 11-cv-1288, 2012 WL 4215103, at *5 (S.D. Tex. Sept. 18, 2012) (noting that the Fifth Circuit has held that amendments proposing alternative legal theories of recovery "generally should be permitted" and *granting* motion for leave to amend, to articulate new recovery theories, where discovery was still ongoing and defendant failed to demonstrate prejudice).[5]

    <u>Third</u>, Defendants speculate that the facts underlying the English law "holder claims" in the proposed amended complaints were known years ago, such that denial of leave to amend is justified.  *See* Opp. 9-11.  As this Court knows well, the backbone of the individual actions is reliance allegations drawn from dozens and dozens of third party investment management firms,

---

[4]  In *Bell v. Dallas Cty.*, 491 F. App'x 497, 498-499 (5th Cir. 2012), plaintiffs requested leave to amend after two district and one appellate court decisions on the sufficiency of the pleadings and after summary judgment had entered against the plaintiff; the requested amendment was also deemed futile.  In *Matter of Southmark Corp.*, 88 F.3d 311, 315-316 (5th Cir. 1996), the debtor seeking leave to amend had had access to an examiner's report analyzing its potential causes of action, including a new proposed fraudulent transfer claim, two years before filing its initial complaint, and defendants faced actual prejudice from the proposed amendment insofar as they had stipulated to plaintiff's insolvency with respect to a preference claim (that has a presumption of insolvency) and the proposed fraudulent transfer claim had insolvency as an element (but without such a presumption).  In *Lozano v. Ocwen Fed. Bank FSB*, 489 F.3d 636, 644 (5th Cir. 2007) and *Shivangi v. Dean Witter Reynolds, Inc.*, 825 F.2d 885, 890 (5th Cir. 1997), plaintiffs sought leave to amend after discovery ended and summary judgment was decided.  In *Hester v. Int'l Union of Operating Eng'rs*, 941 F.2d 1574, 1578 (11th Cir. 1991), the proposed amendment sought to address a deficiency twice identified by the court in plaintiff's earlier pleadings up to 26 months earlier.

[5]  *Mayeux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004), to which the *LaRocca* and *Atrium* courts cited, is distinguishable on this point.  There, the motion for leave to amend was filed near the close of extensive discovery and would have worked a "massive change in the nature and direction of the case."  *Id.*

to whom Plaintiffs delegated investment authority during the relevant time period (2006-2010). Securing evidence from these managers, many of which ceased to be retained by Plaintiffs in recent years, was and is an ongoing process, and nothing in this Court's operative CMO barred (or even discouraged) the Pomerantz Moving Plaintiffs from continuing to develop pertinent facts. Moreover, they did not know that English law governed until the Court issued its Tranche 1 motion to dismiss orders, did now know whether most Plaintiffs had viable cases until the Court rejected Defendants' Tranche 2 motion to dismiss, were unable to coordinate their efforts – including joint consultation with an English law expert – until Defendants' SLUSA argument failed, and did not know until after such consultation whether a "holder claim" was viable under English law or what support was needed for one.  Despite these obstacles, Plaintiffs' counsel as a whole, coordinated by the Plaintiffs Steering Committee's oversight and by Pomerantz as Plaintiffs Liaison Counsel, simultaneously filed amended and proposed amended complaints for 120+ Plaintiffs in Tranches 1, 2, and 3 less than a year after the Court rejected Defendants' SLUSA argument.  On this record, Defendants' "lack of diligence" argument (*see* Opp. at 9) is baseless, and their cited cases (*id.* at 9-11) are distinguishable and do not support denial of leave to amend.[6]

### III.        Defendants Fail To Demonstrate Any Undue Prejudice

Defendants omit that, ___no matter what happens on this Motion, they will be filing the same motion to dismiss___, supported by the same brief(s) and declaration(s).  The Pomerantz-represented

---

[6]  In *Vera v. Bush*, 980 F. Supp. at 256, plaintiffs gave "no explanation" for a long delay to amend to add plaintiffs. In *Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir. 1999), plaintiff sought leave to amend after defendants had filed a successful summary judgment motion.  In *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003), plaintiffs sought leave to amend after their action was dismissed with prejudice.  In *Veldekens v. GE HFS Holdings, Inc.*, No. H-06-3296, 2008 WL 190442, at *4 (S.D. Tex. Jan. 22, 2008), plaintiffs sought leave to amend after the deadline expired when the "discovery cutoff and motions deadline were pressing."  In *Tiras v. Encompass Home & Auto Ins. Co.*, No. 4:10-cv-3266, 2012 WL 176437, at *2-*3 (S.D. Tex. Jan. 18, 2012), the motion to amend was filed after the deadline passed.  In *Mathews v. Bowie Cnty.*, No. 5:12-cv-82, 2013 WL 5142381 (E.D. Tex. Sept. 13, 2013), plaintiff repeatedly failed to cure deficiencies by amendments previously allowed, where his three prior complaints prompted motions to dismiss.  In *In re Am. Int'l Refinery, Inc.*, 676 F.3d 455, 467 (5th Cir. 2012), plaintiffs sought leave to file a third amended complaint to add new claims, based on documents "available to [them] for a significant amount of time," which would have "dramatically altered the subject matter of the suit at a late juncture."  In *James v. Wells Fargo Bank, N.A.*, No. H-14-0449, 2014 WL 3002415 (S.D. Tex. July 2, 2014), plaintiffs failed to timely seek leave to amend and pursued a motion to alter or amend a judgment after the case was dismissed with prejudice. In *Pope v. MCI Telecomms. Corp.*, 937 F.2d 258, 263 (5th Cir. 1991), plaintiff sought leave to file a fourth amended complaint "to add an entirely new cause of action less than a week before trial and long after extensive discovery."

Tranche 3 Plaintiffs, who amended **as of right** in the *USS*, *IBM*, *Merseyside*, and *Bank of America* actions **all** pled the **same** newly-alleged public-record false statements (which Defendants fail to cite as a reason to deny leave to amend) and the **same** English law "holder claim," often based on the **same** factual allegations drawn from the **same** investment managers, as did the Pomerantz Moving Plaintiffs in their proposed amended complaints.  Knowing this, the parties agreed to delay Defendants' opening brief on the next motion to dismiss until after the Court decides this Motion.  Moreover, because all Pomerantz-represented Plaintiffs, both those in Tranche 3 (who amended as of right) and the Pomerantz Moving Plaintiffs in Tranches 1 and 2, used essentially uniform paragraph numbering, Defendants' statement that they will have to file "seven answers" is highly misleading, as their answer through the first ~500 paragraphs will be identical across **all** the Pomerantz-represented Plaintiffs' complaints (and, it bears noting, will largely overlap with the answers they have already done).[7]  **None** of Defendants' cited cases (*see* Opp. at 11-13) presented such circumstances.[8]  Thus, Defendants fail to demonstrate any undue prejudice.

---

[7]  Defendants' reference to the number of briefs and declarations they previously filed in unsuccessfully seeking dismissal of the Pomerantz Moving Plaintiffs' actions (*see* Opp. at 12) is unavailing.  It was their choice to rehash *forum non conveniens* arguments in multiple rounds of motion to dismiss and to *expand* the issues in the Tranche 2 round following the Court's Halt Briefing Order.  Moreover, each Tranche of Plaintiffs has only faced its own round of motion practice – the Pomerantz Moving Plaintiffs in Tranche 1 had nothing to do with Defendants' Tranche 2 motion to dismiss, and conversely, those in Tranche 2 had no involvement in their Tranche 1 motion to dismiss.

[8]  In *Underwriters at Interest on Cover Note JHB92M10582079 v. Nautronix Ltd.*, 79 F.3d 480, 484-485 (5th Cir. 1996), the amendment would have extinguished defendants' compulsory counterclaims, which might have then been time-barred.  In *Broyles v. Texas*, 618 F. Supp. 2d 661, 700 (S.D. Tex. 2009) and *Bittinger v. Wells Fargo Bank NA*, No. H-10-1745, 2011 WL 3568206, at *3-*7 (S.D. Tex. Aug. 15, 2011), the proposed amendments would have been futile.  In *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*¸ No. H-01-3624, 2007 WL 207028, at *5 (S.D. Tex. Jan. 23, 2007), the extended scheduling order deadline for amendments had expired.  In *Grant v. City of Houston*, 625 F. Appx. 670, 679, 2015 WL 5255102, at *7 (5th Cir. 2015), plaintiffs sought leave to amend over two years after the deadline and eight months after defendants moved for summary judgment.  In *Zetino v. Allstate Texas Lloyd's*, No. 4:10-cv-3905, 2011 WL 5416323, at *1-*3 (S.D. Tex. Nov. 7, 2011), plaintiffs' motion to add individual insurance adjusters to a suit against an insurance company over alleged mishandling of claims was denied where, *inter alia*, plaintiffs sought leave to amend months after receiving discovery documents identifying the adjusters, they were not indispensable, and adding them would have eliminated diversity jurisdiction.  In *Mathews v. Bowie Cnty.*, No. 5:12-cv-82, 2013 WL 5142381, at *4 (E.D. Tex. Sept. 13, 2013), plaintiff seeking leave to amend had filed three prior deficient complaints, each prompting a motion to dismiss, repeatedly failing to cure pleading deficiencies or to add the new cause of action set forth in the last proposed amendment.

## IV.        Defendants' Judicial Efficiency Arguments Lack Merit

Defendants ignore that the proposed amended complaints were filed, *inter alia*, to establish clear appellate records for all Plaintiffs.  *See* Opening Brief at 2-3.[9]  The Pomerantz Moving Plaintiffs – like the Pomerantz-represented Tranche 3 Plaintiffs who already amended as of right – believe they have a viable "holder claim" under ***English*** law.  It is undisputed that they have ***never*** had an opportunity to allege it, have it tested via a dispositive motion, and either prevail or secure a clear ruling that would preserve their right to an appeal.  Pointing to a prior stipulation that voluntarily dismissed a "holder claim" pled under the laws of Texas and a multitude of other U.S. states does nothing to negate this important purpose.

Defendants are also wrong in suggesting the Conforming Stipulation is being "scrapped" and implying that any issues conclusively resolved by the Court's prior Orders will not be correctly and easily applied once again.  *See* Opp. at 12, 13-14.  As the Court's Clerk knows, Pomerantz, as Plaintiffs Liaison Counsel, handled the extensive negotiations with Defendants' counsel regarding the orders recently-entered on the dockets of the other Tranche 1 and 2 Plaintiffs applying the Court's prior rulings to their newly-amended complaints (*see*, *e.g.* No. 4:10-md-2185, Dkt. No. 1327).  Notably, these new orders actually go ***further*** than the Conforming Stipulation, insofar as they reflect not only the Court's Tranche 1 Orders ***but also*** its Tranche 2 Orders (which entered ***after*** the Conforming Stipulation was signed) and, unlike the Conforming Stipulation, include pinpoint citations to the Court's prior Orders setting forth the applicable rulings.  All similar issues related to the Pomerantz Moving Plaintiffs have already been discussed and resolved, such that virtually identical orders will also enter on their dockets if leave to amend is granted.  (The sole exception is the English law "holder claim" issue.)  This approach will ensure that clear appellate rights separately exist for each Plaintiff on the multitude of other issues that were previously addressed by this Court but are buried across a myriad of Orders and stipulations on other dockets.

---

[9]  Defendants also mischaracterize the purposes of the amendments, by over-emphasizing that they would "conform" the pleadings to the Court's prior decisions.  *See* Opp. at 6.  Plaintiffs represented to the Court that, among many other goals to be achieved, the amendments would "permit the Moving Plaintiffs to conform their pleadings, ***where appropriate***, to the Court's many decisions rendered in both the above-captioned actions and it the parallel ADS class action."  *See* Opening Brief at 2-3 (emphasis added).

The alternative, for which Defendants presumably advocate, is that the Pomerantz Moving Plaintiffs, alone, remain saddled with facially outdated pleadings, altered and *de facto* amended through a mosaic of Orders and stipulations scattered across the various dockets of this MDL, so that future discovery, summary judgment motions, trial, and potential appeals are not based upon a single, uniform set of pleadings across all the Pomerantz-represented Plaintiffs, reflecting English law claims and remedies and the full set of pertinent factual allegations developed through their investigations, but rather upon wildly different complaints, pled under a multitude of no-longer-applicable U.S. state laws, each reflecting only a portion of the factual record at issue going forward.  This horribly inefficient outcome should be rejected.[10]

### V.    Defendants Concede The Other Factors In The Court's Analysis

Defendants do not (and cannot) argue that the Pomerantz Moving Plaintiffs exhibited bad faith or dilatory motive, repeatedly failed to cure deficiencies by amendments previously allowed, or are pursuing futile amendments.  Under black letter law, they have thus waived any such arguments.  *See*, *e.g.*, *Cardona-Morales v. Holder*, 576 F. App'x 374 (5th Cir. 2014) (failure to brief an argument on an issue waives any argument that could have been raised).

### <u>CONCLUSION</u>

For these additional reasons, the Pomerantz Moving Plaintiffs respectfully request that the Court grant them leave to file their previously-submitted proposed amended complaints.

---

[10]  Defendants' cited cases (*see* Opp. at 13-14) are distinguishable.  In *Jebaco v. Harrahs Operating Co., Inc.*, 587 F.3d 314, 322 (5th Cir. 2009), the appellate court declined a joint motion to amend defendant's answer on appeal so as to allege that plaintiff's state law claims satisfied diversity jurisdiction, where its answer contained a misstatement on that issue for 19 months and the lower court declined supplemental jurisdiction over such claims, which were refiled in state court and not removed, with defendant failing to cross-appeal the failure to exercise jurisdiction.  In *Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 566-567 (5th Cir. 2003), the court rejected plaintiffs' motion to vacate a judgment of dismissal to permit them leave to file a fifth complaint, where they previously had not filed a formal motion seeking leave to amend or provided the court with a proposed amended complaint.  In *Smith v. EMC Corp.*, 393 F.3d 590, 595-596 (5th Cir. 2004), plaintiff waited until after a jury verdict was rendered, and a motion to alter and amend the judgment was decided, to seek leave to amend so as to add a new claim.

Dated March 11, 2016

**POMERANTZ LLP**

/s/ Matthew L. Tuccillo
Marc I. Gross
Jeremy A. Lieberman
Matthew L. Tuccillo
Jessica N. Dell
600 Third Avenue, 20th Floor
New York, NY  10016
(212) 661-1100
(212) 661-8665 (Fax)

**POMERANTZ LLP**
Patrick V. Dahlstrom
10 South LaSalle Street, Suite 3505
Chicago, Illinois  60603
312-377-1181
312-377-1184 (Fax)

***Attorneys for Plaintiffs in the Alameda,
South Yorkshire, Mondrian, Stichting,
HESTA, New York City, and Nova Scotia
Actions***

Respectfully submitted,

**ABRAHAM, WATKINS, NICHOLS,
SORRELS & FRIEND**

/s/ Sammy Ford IV
Sammy Ford IV
Federal Bar No. 950682
Texas Bar No. 24061331
800 Commerce Street
Houston, Texas  77002
(713) 222-7211
(713) 225-0827 (Fax)

***Attorneys for Plaintiffs in the Alameda,
South Yorkshire, Mondrian, Stichting,
HESTA, New York City, and Nova Scotia
Actions***

16

## CERTIFICATE OF SERVICE

I hereby certify that on that 11th day of March, 2016, I electronically filed the foregoing Reply Memorandum in Support of Plaintiffs' Motion for Leave to File Amended Complaints with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Sammy Ford IV