United States District Court
Southern District of Texas
**ENTERED**
February 13, 2017
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re BP p.l.c. Securities Litigation | ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No.: 4:10-MD-02185 <br> Honorable Keith P. Ellison |

**ORDER GRANTING MOTION FOR FINAL APPROVAL OF**
**CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND**
**EXPENSES, AND FINAL JUDGMENT**

WHEREAS, this matter came for hearing on February 13, 2017 (the "Final Approval Hearing"), on the application of Lead Plaintiffs and Defendants, to determine: (i) whether the terms and conditions of the Stipulation and Agreement of Settlement ("Stipulation") filed with this Court on September 22, 2016 are fair, reasonable, adequate and in the best interest of the Settlement Class Members for the settlement of the Post-Explosion Claims asserted by Lead Plaintiffs Thomas P. DiNapoli, Comptroller of the State of New York, as Administrative Head of New York State and Local Retirement Systems and the sole Trustee of the New York State Common Retirement Fund, and the Ohio Public Employees Retirement System (collectively, "Lead Plaintiffs"), against Defendants BP p.l.c. and BP America, Inc. (collectively, "BP" or the "Company"), Anthony Hayward, and Douglas Suttles (collectively, "Defendants"), in the above-captioned Action, and should be approved; (ii) whether Lead Counsel's Motion for Attorneys' Fees and Reimbursement of Litigation Expenses should be approved; and (iii) whether Judgment as provided for in the Stipulation should be entered dismissing the Post-Explosion Claims

asserted in this Action with prejudice and releasing the Released Claims against all Released Parties;

WHEREAS, pursuant to an Order dated May 20, 2014, affirmed by the United States Court of Appeals for the Fifth Circuit on September 8, 2015, the Court certified a "Post-Explosion" Class pursuant to Federal Rule of Civil Procedure 23 comprised of all Persons and entities who purchased or otherwise acquired BP's ADSs from April 26, 2010 through and including May 28, 2010 and were injured thereby, which encompasses members of the Settlement Class defined in the Stipulation and covered by the Settlement;[1]

WHEREAS, all capitalized terms used but not defined herein shall have the same meanings set forth in the Stipulation and, as in the Stipulation, the time periods herein shall be computed in calendar days pursuant to Rule 6(a) of the Federal Rules of Civil Procedure; and

WHEREAS, the Court, having considered all matters submitted to it at the Final Approval Hearing and otherwise;

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1.      This Judgment hereby incorporates and makes a part hereof: (i) the Stipulation, filed with the Court on September 22, 2016; and (ii) the Summary Notice and Long-Form Notice filed with the Court on September 22, 2016.  Capitalized terms used but not defined herein shall have the same meanings as set forth in the Stipulation.

2.      This Court has jurisdiction to enter this Judgment. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including but not limited

---

[1] Excluded from the Settlement Class are: Defendants; the officers and directors of BP, or any affiliate thereof; the members of the immediate families of the foregoing; the legal representatives, heirs, successors-in-interest or assigns of any such excluded Person; and those Persons (listed on Appendices A and B hereto) who would otherwise be a Settlement Class Member but properly excluded herself, himself, or itself pursuant to the Notice of Pendency of Class Action approved by the Court on November 18, 2015 or the Settlement Notice approved by the Court on November 4, 2016.

to Lead Plaintiffs, Defendants, and all Settlement Class Members.

      3.    Notice of the proposed Settlement was given to all Settlement Class Members who could be identified with reasonable effort and was in accordance with the terms of the Settlement and the Court's Preliminary Approval Order. The form and method of notifying the Settlement Class of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure; Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; the Constitution of the United States (including the Due Process clause); and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all Persons and entities entitled thereto.

      4.    Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that due and adequate notice of these proceedings was directed to all Persons and entities who are Settlement Class Members, advising them of the Settlement, and of their right to object thereto, and a full and fair opportunity was accorded to all Persons and entities who are Settlement Class Members to be heard with respect to the Settlement. Thus, it is hereby determined that all Settlement Class Members, other than those Persons and entities that are listed on Appendices A and B hereto, are bound by this Judgment.

      5.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court finds that the Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class Members. This Court further finds that the Settlement is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties, undertaken with the assistance of an experienced mediator. Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation, dated September 15, 2016.

      6.    The Court finds and concludes that the Settling Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense and

settlement of the Action.

7.      The Post-Explosion Claims asserted in the Action and all Released Claims are dismissed with prejudice. The Settling Parties are to bear their own costs, except for the payments expressly provided for in the Stipulation.

8.      Upon the Effective Date, the Releasing Plaintiffs shall be deemed to have fully, finally and forever waived, released, discharged and dismissed each and every one of the Released Plaintiffs' Claims as against each and every one of the Released Defendants and shall forever be barred, enjoined and restrained from commencing, instituting, prosecuting or maintaining any of the Released Plaintiffs' Claims against any of the Released Defendants.

9.      Upon the Effective Date, the Releasing Defendants shall be deemed to have fully, finally and forever waived, released, discharged and dismissed each and every one of the Released Defendants' Claims as against each and every one of the Released Plaintiffs and shall forever be barred, enjoined and restrained from commencing, instituting, prosecuting or maintaining any of the Released Defendants' Claims against any of the Released Plaintiffs.

10.      Notwithstanding any of the releases or the bar order above, nothing in this Judgment shall bar any action by any of the Settling Parties to enforce or effectuate the terms of the Settlement, the Preliminary Approval Order, or this Judgment.

11.      The fact and terms of the Settlement, including all exhibits thereto, this Judgment, all negotiations, discussions, drafts and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement:

(a) shall not be offered or received against the Released Parties, Lead Plaintiffs or the other Settlement Class Members as evidence of, or be deemed to be evidence of, any presumption, concession or admission by any of the Released Parties or by Lead Plaintiffs or the other Settlement Class Members with respect to the truth of any fact alleged by Lead Plaintiffs or the validity, or lack thereof, of any claim that has been or could have been asserted in the

Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of the Released Parties;

(b) shall not be offered or received against the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Party, or against Lead Plaintiffs or any of the other Settlement Class Members as evidence of any infirmity in the claims of Lead Plaintiffs and the other Settlement Class Members;

(c) shall not be offered or received against the Released Parties, Lead Plaintiffs or the other Settlement Class Members as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Settlement, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Settlement; provided, however, that if this Settlement is approved by the Court, the Released Parties may refer to the Settlement and the Judgment in any action that may be brought against them to effectuate the liability protection granted them hereunder, including, without limitation, to support a defense or claim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or claim under U.S. federal or state law or foreign law;

(d) shall not be construed against the Released Parties, Defendants' Counsel, Lead Counsel or Lead Plaintiffs or the other Settlement Class Members as an admission or concession that the consideration to be paid hereunder represents the amount which could be or would have been recovered after trial or that any damages potentially recoverable under the TAC would have exceeded or would have been less than the Settlement Amount;

(e) shall not be construed as or received in evidence as an admission, concession or presumption against Lead Plaintiffs or the other Settlement Class Members or any of them that any of their claims are without merit; and

(f) shall not be construed as or received in evidence as an admission, concession or presumption against the Released Parties that class certification is appropriate in this Action, except for purposes of this Settlement.

12.     The Court reserves jurisdiction, without affecting in any way the finality of this Judgment, over: (a) implementation and enforcement of the Settlement; (b) the allowance, disallowance, or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (c) disposition of the Settlement Fund; (d) enforcing and administering this Judgment, (e) interpretation, enforcement, and administration of the Settlement and this Order, including any releases and bar orders executed in connection therewith; and (f) other matters related or ancillary to the foregoing.

13.     The Court, upon Lead Counsel's application for an award of attorney's fees and reimbursement of litigation expenses, hereby awards Lead Counsel $ 20,250,000.00 in attorneys' fees and reimbursement of $ 4,041,510.59 in expenses, both of which shall be paid to Lead Counsel from the Settlement Fund, with interest at the same rate that the Gross Settlement Fund earns.  The Court finds that the amount of fees and expenses awarded is fair and reasonable.

14.     The awarded attorneys' fees and expenses, and interest earned thereon, shall be paid to Lead Counsel from the Settlement Fund immediately after the date of this Order and Judgment is executed, pursuant to the terms, conditions, and obligations set forth in the Stipulation.

15.     In accordance with 15 U.S.C. § 78u-4(a)(4), the Court hereby awards Thomas P. DiNapoli, Comptroller of the State of New York, as Administrative Head of New York State and Local Retirement Systems and the sole Trustee of the New York State Common Retirement Fund, reimbursement of expenses in the amount of $ 9,587.34     to compensate  for reasonable costs and expenses directly related to its representation of the Settlement Class, and the Court further awards and the Ohio Attorney General's office, statutory litigation counsel to Lead Plaintiff Ohio Public Employees Retirement System, reimbursement of expenses in the amount of $ 1,627.32   for reasonable costs and expenses also directly related to this matter.

16.     The Plan of Allocation submitted by Lead Counsel, as described in the Long-Form Notice and in accordance with ¶ 1(x) of the Stipulation, is hereby approved as fair, reasonable and adequate. Any order or proceeding relating to the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate the Settlement or affect or delay the Effective Date or the effectiveness or finality of the Judgment and the release of the Released Claims.

17.     In the event that the Settlement does not become effective in accordance with its terms, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement, and shall be vacated to the extent provided by the Settlement and, in such event: (a) all Orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement; and (b) the fact of the Settlement shall not be admissible in any trial of the Action and Lead Plaintiffs and Defendants reserve their rights to proceed in all respects as if this Settlement had not been

entered into and without any prejudice in any way from the negotiation, fact or terms of this Settlement.

18.     Without further Order of the Court, the parties may agree to reasonable extensions of time or other reasonable modifications necessary to carry out any of the provisions of the Settlement.

19.     There is no just reason for delay in the entry of this Judgment.


IT IS SO ORDERED.


DATED: February 13, 2017

THE HONORABLE KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

Appendix A

Persons Excluded From the Class Pursuant to the Notice of Pendency of Class Action
Approved by the Court on November 18, 2015

Margarita Klubis
Thomas B. Woolley
Theodore E. Tingley
Nancy McCampbell
Deborah E. Clem
Wilson C. McCarthy
Paul Kosmos
Robert E. Phillips
Mary E. Rocco
William J. Self
Megan S. Self
Tammy Lynn McAtee
Robert Michael Boynton
Michael T. Hon
Gale Cipra
North Carolina Department of State Treasurer
Daniel Villamor-Sanchez
Maryland State Retirement and Pension System
Indiana Public Retirement System
Employees Retirement System of the State of Hawaii
Michael Gorman
Donald W. Staats
Kathy A. Staats

Appendix B

Persons Excluded From the Class Pursuant to the Settlement Notice
Approved by the Court on November 4, 2016

Teacher Retirement System of Texas
Norges Bank
David H. Fifield FMT Co Cust IRA FBO David H Fifield
Bank of America Pension Plan
Alameda County Employees Retirement Association
Boston Retirement System
New York City Teachers Variable Annuity Fund A
Universal-Investment-Gesellschaft-mbH