# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| *In re BP plc Securities Litigation* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | MDL 2185 <br> Case No. 4:10-md-02185 <br> **This Document Relates To All** <br> **Individual Actions** <br><br> No. 4:12-cv-1256 (cons.) <br> No. 4:12-cv-1272 <br> No. 4:12-cv-1837 <br> No. 4:12-cv-2362 (cons.) <br> No. 4:12-cv-3621 <br> No. 4:12-cv-3714 <br> No. 4:12-cv-3715 <br> No. 4:13-cv-0069 <br> No. 4:13-cv-0129 <br> No. 4:13-cv-0517 <br> No. 4:13-cv-0887 <br> No. 4:13-cv-1393 <br> No. 4:13-cv-3397 <br> No. 4:14-cv-01068 <br> No. 4:14-cv-01075 <br> No. 4:15-cv-02704 <br> No. 4:14-cv-01072 <br> No. 4:14-cv-01065 <br> No. 4:14-cv-00457 <br> No. 4:14-cv-01085 <br> No. 4:14-cv-01073 <br> No. 4:14-cv-01083 <br> No. 4:14-cv-01085 <br> No. 4:14-cv-01087 <br> No. 4:14-cv-00980 |

## ORDER CONCERNING DEPOSITIONS

This Order is to govern the conduct of depositions in the above-captioned actions (the "Individual Actions").

## DEFINITIONS

The following defined terms shall herein have the meanings ascribed below.

"BP" refers to BP p.l.c. and its subsidiaries.

"Class Action" refers to the consolidated ADS class action entitled *In re BP plc Securities Litigation*, Case No. 4:10-md-02185.

"CMO" refers to the Scheduling/Docket Control Order (Dkt. No. 1630), entered January 17, 2018, governing the conduct of discovery in the Individual Actions.

"Defendants" refers to all defendants in the Class Action and/or any of the Individual Actions.

"Individual Action Plaintiffs" refers to the plaintiffs in each of the Individual Actions, as well as their current or former officers, directors, employees, agents, attorneys, representatives, or any person acting or authorized to act on behalf of such plaintiffs.

"Letter Agreement" refers to the parties' letter agreement dated December 28, 2017, which is expressly incorporated by reference in CMO ¶1.

"Leadership Order" refers to this Court's Order on Pretrial Coordination and Leadership Of MDL 2185 Individual Actions entered December 11, 2013 (MDL ECF No. 721). Nothing herein is believed to or intended to alter in any way the Leadership Order.

"Liaison Counsel" refers to the Individual Action Plaintiffs Liaison Counsel created under and pursuant to the Leadership Order.

"Outside Investment Managers" refers to persons or entities retained by the Individual Action Plaintiffs at relevant times to manage their investments in BP securities on their behalf, as well as such person or entity's current or former officers, directors, employees, or any person acting or authorized to act on behalf of such firm.

"Steering Committee" refers to the Individual Action Plaintiffs Steering Committee created under and pursuant to the Leadership Order.

"Test-Case Plaintiffs" refer to the sixteen Individual Action Plaintiffs who were selected for participation in further discovery under ¶¶ 2 and 3 of the CMO (which refers to Test-Case Plaintiffs as "Representative Plaintiffs").

SUBSTANTIVE PROVISIONS

**Procedure for Noticing Depositions**

1. Each Defendant in the Individual Actions shall identify one lawyer to serve as its primary contact for coordination and communications regarding depositions noticed and taken pursuant to this Order and shall communicate the identity of such lawyer to Liaison Counsel. Liaison Counsel shall add the names so designated by Defendants to the list of primary contacts for the Individual Action Plaintiffs that it maintains pursuant to ¶ 15 of the Leadership Order. The combined list shall herein be referred to as the "Notice Counsel List." Promptly after its creation and any amendments thereto, Liaison Counsel shall distribute the Notice Counsel List to all lawyers on that list.

2. Upon entry of this Order, the Steering Committee and Defendants shall be able to notice depositions subject to the terms of this Order. The noticing party shall serve all counsel on the Notice Counsel List with a copy of the deposition notice, (where applicable) the subpoena, and a copy of this Order each time a deposition is noticed.

*Dispute #1*:

| | |
|---|---|
| Plaintiffs would add this language to the end of the paragraph:<br><br>"In accordance with both the parties' Letter Agreement and this Court's CMO ¶¶2, 3, and 5, depositions can only be taken in the Individual Actions of the Test-Case Plaintiffs, regarding the claims being pursued by the Test-Case Plaintiffs. Accordingly, each deposition notice shall only bear the caption(s) of the Individual Action(s) of the Test-Case Plaintiff(s) with respect to whose claims the deponent will testify." | Defendants oppose adding Plaintiffs' proposed additional language. |

3. Upon being informed of the deposition, each Individual Action Plaintiff shall have ten (10) days to inform the Steering Committee and Defendants if it wishes to obtain time to examine the witness whose deposition was noticed. Except as provided in ¶ 4 below, the unwillingness of an Individual Action Plaintiff to participate in a deposition noticed pursuant to this Order shall not be grounds for rescheduling the deposition or good cause for separately deposing the witness again in such plaintiff's Individual Action.

*Dispute #2*:

| | |
|---|---|
| Plaintiffs would add this language to the end of the paragraph:<br><br>"In accordance with the Test-Case Plaintiff process of CMO ¶¶2-3 and 5 and the limitations of CMO ¶¶7-12, the following materials shall not be used for any purpose regarding the claims of any Individual Action Plaintiff, including the dispositive motion practice governed by CMO ¶¶10-12, without such Plaintiff's consent: (a) depositions of other Test-Case Plaintiffs and (b) depositions of Outside Investment Managers the Plaintiff did not retain to manage its own BP investments." | Defendants oppose adding Plaintiffs' proposed additional language. |

4. The deposition of any Test-Case Plaintiff or Defendant shall be scheduled on a date available for that party and its counsel. The deposition of any Outside Investment Manager shall be scheduled on a date available for the counsel of any Individual Action Plaintiff that

retained such Outside Investment Manager during relevant times who requests examination time pursuant to ¶ 3 above. The initial deposition notice for any party to an Individual Action or any current or former employee of BP ("BP witness") shall set forth a 45-day period within which to conduct the deposition, beginning no sooner than twenty-eight (28) days from the date of such notice. Within fourteen (14) days of the date of such notice, the witness's counsel shall respond in writing by stating all dates within the 45-day period that the witness can be made available for a deposition to commence. Provided that such response lists at least five (5) available business days that do not overlap with more than one other prior-scheduled deposition in the Individual Actions, the noticing party must conduct the deposition on one of the dates provided by the witness's counsel and shall serve a revised Notice of Deposition, captioned for all the Individual Actions, setting forth the deposition date and time. No deposition will be taken on less than fourteen (14) days' notice, measured from the date of the revised Notice of Deposition, unless the Steering Committee, after consultation with the Individual Action Plaintiffs' counsel who requested examination time pursuant to ¶ 3 above, and Defendants otherwise agree or for good cause shown. The Steering Committee and Defendants may agree to reschedule any deposition with advance notice to Individual Action Plaintiffs who have requested to participate in such deposition.

     5.     The Steering Committee and Defendants will confer before scheduling depositions of (i) the Test-Case Plaintiffs, (ii) Defendants named in the Test-Case Plaintiffs' Individual Actions, (iii) the Outside Investment Managers that managed the BP investments of such Test-Case Plaintiffs, and (iv) any other witnesses with knowledge of direct communications between BP and the Individual Action Plaintiffs or their Outside Investment Managers. The Steering Committee and Defendants _____ [*see below text to complete blank*] any such deposition to permit a reasonable time for document discovery unique to the Individual

Actions and relevant to such deposition to be first obtained, including the document discovery that the Individual Action Plaintiffs will receive from Defendants pursuant to the letter agreement between Defendants' counsel and Liaison Counsel dated March 21, 2017.  Such postponements will be made on a case-by-case basis.  Any disagreements about deposition postponements can be brought to the Court for resolution only after the Steering Committee and Defendants have conferred in an attempt to resolve them without Court intervention.

*Dispute #3*:

| Plaintiffs would add this language to complete the blank in the sentence above:<br><br>"shall both have the independent right, exercisable in their separate discretion, to postpone, until two weeks after the document production deadline set forth in CMO ¶5 (which itself is 90 days before the end of fact discovery)," | Defendants would add this language to complete the blank in the sentence above:<br><br>"may agree to postpone" |
|---|---|

**Limits on Depositions**

6. In accordance with the parties' Letter Agreement and this Court's CMO, particularly its ¶¶2, 3, and 5, no deposition shall be taken of any Individual Action Plaintiff unless it is a Test-Case Plaintiff.

*Dispute #4*:

| Plaintiffs would add this language to the end of the same sentence:<br><br>"Notwithstanding all other provisions, no deposition shall be taken of any Outside Investment Manager unless it was retained by at least one Test-Case Plaintiff to manage BP investments during relevant times and unless the deposition is limited to only the claims being pursued by the Test-Case Plaintiff(s) that retained it." | Defendants oppose adding Plaintiffs' proposed additional language. |
|---|---|

7. No witness _____ [*see below text to complete blank*]  shall be deposed more than one time in both the Class Action and the Individual Actions combined,

except by leave of Court for good cause shown.  This restriction applies with equal force to any Test-Case Plaintiffs previously deposed in the Class Action.  If the deposition of any witness described in ¶ 5 is noticed and not postponed, so as to permit the preconditions listed in ¶ 5 to occur, then such failure to postpone the deposition can be considered by the Court in deciding whether there is good cause shown.

*Dispute #5*:

| Plaintiffs would add this language to complete the blank in the sentence above:<br><br>", except for (a) Defendant Suttles (the only Defendant deposed in the Class Action) and current or former BP employees regarding topics not previously addressed in their deposition taken in the Class Action, (b) Rule 30(b)(6) deponents, and (c) experts" | Defendants oppose adding Plaintiffs' proposed additional language. |
|---|---|

8. Except for good cause shown, no witness other than a 30(b)(6) deponent _____ [*see below text to complete blank*] shall be deposed for more than one seven-hour day.  If a party believes that a fact witness requires more than seven hours of examination time, the Steering Committee and Defendants shall meet and confer.  If a compromise cannot be reached, the party seeking more than seven hours of examination time shall seek leave of Court, with appropriate notice of such request given to the party opposing, the witness, and their respective counsel so that the Court can hear from them as well.  The fact that a proposed deponent is a witness encompassed in ¶ 5 can be considered by the Court in deciding whether to grant leave.

*Dispute #6*:

| Plaintiffs would add this language to complete the blank in the sentence above: | Defendants oppose adding Plaintiffs' proposed |
|---|---|

| "or a non-corporate Defendant in the Individual Actions" | additional language. |

**Conduct of Depositions**

9. Depositions shall be conducted efficiently and expeditiously.

10. The parties shall work in good faith to try to notice and schedule depositions for a time and place convenient for counsel and the deponent, which, by default, will be based on the deponents' place of residence. Any disputes or concerns about the scheduling of depositions shall first be brought to the attention of the counsel for the Steering Committee and the Defendants identified on the Notice Counsel List, who will attempt to resolve without burdening the Court. If they are unable to resolve, they will communicate such to those voicing concern, who may then petition the Court for assistance.

11. Absent good cause or agreement of all parties, for depositions of BP witnesses noticed by the Steering Committee, the Individual Action Plaintiffs shall collectively be entitled to six hours of examination time, to be apportioned by the Steering Committee pursuant to ¶ 14 of the Leadership Order, while Defendants will be entitled to one hour of examination time.

12. For depositions of Test-Case Plaintiffs, absent good cause or agreement of all parties, Defendants shall be entitled to six hours of examination time, counsel for such Test-Case Plaintiff(s) shall be entitled to forty-five minutes of examination time, and the rest of the Individual Action Plaintiffs shall collectively be entitled to fifteen minutes of examination time, to be apportioned by the Steering Committee pursuant to ¶ 14 of the Leadership Order. Notwithstanding the foregoing, no Test-Case Plaintiff shall be required to sit for examination in deposition if it is willing to stipulate, to Defendants' satisfaction (exercisable in Defendants' sole discretion), that it delegated full investment authority to one or more Outside Investment Managers with respect to the specific transactions in BP securities at issue in its action.

13. For any depositions of Outside Investment Managers, absent good cause shown or agreement of all parties, the Individual Action Plaintiffs collectively shall be entitled to _____ [*see below text to complete blank*] hours total examination time, apportioned by the Steering Committee pursuant to ¶ 14 of the Leadership Order, with priority given to the Test-Case Plaintiff(s) who employed the Outside Investment Manager, followed by other Individual Action Plaintiffs who employed it, and divided as the Steering Committee shall decide as between initial and rebuttal examinations, while the Defendants shall be entitled to _____ [*see below text to complete blank*] hours total examination time. For certain Outside Investment Managers, such as those retained by multiple Individual Action Plaintiffs, the parties may wish to seek a deposition exceeding seven hours, and if one is permitted, shall negotiate in good faith with respect to the total amount of time needed and the allocation of any time beyond the original seven hours as allocated above. Nothing herein alters or diminishes the rights of Outside Investment Managers to oppose a deposition exceeding seven hours.

*Dispute #7A*:

| Plaintiffs would add this language to complete the two blanks in the sentence above:<br><br>First blank: "five"<br><br>Second blank: "two" | Defendants would add this language to complete the two blanks in the sentence above:<br><br>First blank: "two"<br><br>Second blank: "five" |
|---|---|

*Dispute #7B*:

| Plaintiffs would also add this language to the end of the paragraph:<br><br>"If either side has a majority of the allocated time for any deposition, that side shall examine the witness first and shall reserve no more than 25% of its time for use following the other side's examination." | Defendants oppose adding Plaintiffs' proposed additional language. |
|---|---|

14. For any other witnesses whose depositions are noticed, the Steering Committee and Defendants shall meet and confer as to an appropriate split of examination time, after the process set forth in ¶ 3 above has occurred by which Individual Action Plaintiffs must notify the Steering Committee and Defendants of their interest (if any) in obtaining examination time. If the Steering Committee and Defendants cannot agree as to an appropriate split of examination time, they shall jointly seek an order of the Court deciding the issue.

15. At any deposition, an objection by counsel for any one of the Individual Action Plaintiffs shall be treated as an objection made by all Individual Action Plaintiffs and an objection by counsel for any one of the Defendants shall be treated as an objection made by all Defendants.

16. Counsel for all Individual Action Plaintiffs and all Defendants shall be permitted access to the transcripts of all depositions taken pursuant to this Order, whether or not they attend such deposition, subject only to the provisions of the Confidentiality Stipulations and/or Orders entered in the various Individual Actions regarding the protection of and access to "Confidential," "Highly Confidential," and "Highly Confidential – Trading Data" information. Nothing herein is intended to alter the provisions of such Confidentiality Stipulations and/or Orders.

17. The parties shall meet and confer about any proposed or potential modification of this Order. If the parties cannot agree, any party to the Individual Actions may move for modification of this Order for good cause shown.

IT IS SO ORDERED.                                      Signed: _____, 2018

_____
HON. KEITH ELLISON
UNITED STATES DISTRICT JUDGE