**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| *In re BP plc Securities Litigation* | ) MDL 2185 <br> ) Case No. 4:10-md-02185 <br> ) <br> ) **This Document Relates to Only The** <br> ) **Following Individual Actions** <br> ) <br> ) No. 4:12-cv-1256 (cons.) <br> ) No. 4:12-cv-1272 <br> ) No. 4:12-cv-2362 (cons.) <br> ) No. 4:12-cv-3621 <br> ) No. 4:12-cv-3714 <br> ) No. 4:12-cv-3715 <br> ) No. 4:13-cv-0069 <br> ) No. 4:13-cv-0129 <br> ) No. 4:13-cv-0517 <br> ) No. 4:13-cv-0887 <br> ) No. 4:13-cv-1044 <br> ) No. 4:13-cv-1393 <br> ) No. 4:13-cv-3397 <br> ) No. 4:14-cv-0457 <br> ) No. 4:14-cv-0980 <br> ) No. 4:14-cv-1065 <br> ) No. 4:14-cv-1085 <br> ) No. 4:14-cv-1068 <br> ) No. 4:14-cv-1072 <br> ) No. 4:14-cv-1073 <br> ) No. 4:14-cv-1075 <br> ) No. 4:14-cv-1087 <br> ) No. 4:14-cv-1279 <br> ) No. 4:14-cv-1280 <br> ) No. 4:14-cv-1281 <br> ) No. 4:14-cv-1418 <br> ) <br> ) [*Filed with Exhibits on the main MDL docket and without Exhibits on the case-specific dockets of the separate actions.*] <br> ) |

**DECLARATION OF MATTHEW L. TUCCILLO, ESQ.
IN SUPPORT OF INDIVIDUAL ACTION PLAINTIFFS'
<u>MOTION TO COMPEL DISCOVERY RESPONSE</u>**

- 1 -

Pursuant to 28 U.S.C. § 1746, I, Matthew L. Tuccillo, Esq., declare the following:

1. I am over twenty-one years of age and I am fully competent to make this Declaration. I have personal knowledge of the facts set forth in this Declaration.

2. I am a Partner of the law firm Pomerantz LLP. My office is located at 600 Third Avenue, New York, NY 10016. I make this Declaration in support of the accompanying Individual Action Plaintiffs' Motion to Compel Discovery Response (the "Motion").

3. I am a member in good standing of the Bars of the State of New York, the State of Connecticut, and the Commonwealth of Massachusetts. I am also a member in good standing of the Bar of the Supreme Court of the United States and the Bars of the United States District Courts for the Southern and Eastern Districts of New York, the District of Connecticut, the District of Massachusetts, the Northern District of Illinois, and the Southern District of Texas.

4. I represent the Plaintiffs in certain of the above-captioned Individual Actions, and more generally, fulfill my firm's role as a member of the Individual Action Plaintiffs' Steering Committee and as the sole Individual Action Plaintiffs' Liaison with the Court and with Defendants. In those capacities, I have overseen meet-and-confer efforts with Defendants regarding the discovery requests at issue in Plaintiffs' Motion.[1] Those efforts included extensive telephonic and written dialogue during 12 months in 2016-2017, culminating in the parties' March 21, 2017 Letter Agreement, and extensive telephonic, email, and letter dialogue during four months in 2019 preceding Plaintiffs' accompanying Motion, during which the parties attempted, but failed, to resolve the disputes at issue in Plaintiffs' Motion. The vast majority of these interactions were with Mr. Marc De Leeuw and Mr. Matthew Peller of Sullivan & Cromwell.

---

[1] "Plaintiffs," as used herein, has the same meaning as ascribed in the accompanying Motion to Compel and Memorandum in support.

5. Attached hereto as Exhibit A is a true and correct copy of my letter dated March 24, 2016, transmitting Plaintiffs' First Interrogatories and First Document Requests to Defendants.

6. Attached hereto as Exhibit B is a true and correct copy of the Individual Action Plaintiffs' First Interrogatories, dated March 24, 2016, served on behalf of the Tranche 1 and Tranche 2 Plaintiffs. For filing on the public docket, this document is redacted to conceal the identities of Plaintiffs' outside investment managers and the circumstances of meetings and other direct communications between BP and Plaintiffs and their outside investment managers. It was previously filed in this manner as MDL 2185 Dkt. No. 1383-3, in support of Plaintiffs' motion to compel (Dkt. No. 1383), filed August 8, 2016.

7. Attached hereto as Exhibit C is a true and correct copy of the Individual Action Plaintiffs' First Requests for Production of Documents, dated March 24, 2016, served on behalf of the Tranche 1 and Tranche 2 Plaintiffs. This document was previously filed as MDL 2185 Dkt. No. 1383-4, in support of Plaintiffs' motion to compel (Dkt. No. 1383), filed August 8, 2016.

8. Attached hereto as Exhibit D is a true and correct copy of my letter dated August 4, 2016, transmitting Plaintiffs' Second Interrogatories and Second Document Requests to Defendants.

9. Attached hereto as Exhibit E is a true and correct copy of the Individual Action Plaintiffs' Second Interrogatories, dated August 4, 2016, served on behalf of the rest of the Tranche 2 Plaintiffs, most Tranche 3 Plaintiffs, and the then-existing Tranche 4 Plaintiffs. For filing on the public docket, this document is redacted to conceal the identities of Plaintiffs' outside investment managers and the circumstances of meetings and other direct communications between BP and Plaintiffs and their outside investment managers.

10. Attached hereto as Exhibit F is a true and correct copy of the Individual Action Plaintiffs' Second Requests for Production of Documents, dated August 4, 2016, served on behalf of the rest of the Tranche 2 Plaintiffs, most Tranche 3 Plaintiffs, and the then-existing Tranche 4 Plaintiffs.

11. On June 4, 2019, the parties agreed, and memorialized in writing via email, that the foregoing discovery requests were deemed to have been served on behalf of the other Plaintiffs, so long as those Plaintiffs agreed to be bound by the terms of the March 2017 Letter Agreement, which they so agreed.

12. Attached hereto as Exhibit G is a true and correct copy of my letter dated March 21, 2017, executed by myself as the Individual Action Plaintiffs' Liaison and Mr. Marc De Leeuw on behalf of Defendants (referred to in the accompanying Motion to Compel as the "March 21, 2017 Letter Agreement"), which memorialized negotiated outcomes from a year-long meet-and-confer process regarding Plaintiffs' first and second discovery requests (Exhs. B, C, E, and F above) and which imposed on Defendants specific discovery obligations in exchange for Plaintiffs' pulling their prior motion to compel (Dkt. No. 1383).

13. At Defendants' insistence, Plaintiffs have devoted nearly a year to ongoing efforts to search the prior repositories of MDL 2179 and MDL 2185 productions for documents potentially responsive to Plaintiffs' requests. These repositories consist of documents identified and produced without any input or involvement by Plaintiffs. Defendants refused to identify which documents, if any, they believe purportedly are responsive to Plaintiffs' requests and satisfy Defendants' obligations under the March 21, 2017 Letter Agreement. Given the lack of direction by Defendants, Plaintiffs began their efforts from scratch – processing and loading these documents into databases, then employing search terms, analytics, de-duplication and threading

software, and, lastly, over 9,000 hours of attorney review (thus far) to try to identify what documents might be responsive. These efforts, which have consumed nearly a year and cost over $350,000.00 to date (and counting), yielded incredibly meager results. Plaintiffs identified just 18,500 potentially responsive documents via a search term hit and initial coding review, with another 25,000 or so related "family" members (documents otherwise substantively irrelevant but connected with a responsive document, like a transmittal email to its attachment). Secondary review is ongoing to gauge the value of the responsive documents and to verify coding on a percentage of the documents initially coded nonresponsive.

14. Plaintiffs also reviewed hundreds of thousands of nonresponsive, utterly irrelevant documents. Frustrated by this massive number, Plaintiffs held weekly conference calls to discuss them and potential techniques to more efficiently remove them from the database review. These documents included, *inter alia*, logos, photographs, work orders, work service agreements, purchase orders, vendor forms, emails regarding spill cleanup staffing and pay, documents regarding personal injuries, employee stress reports, job applications, worker résumés, personnel records, documents regarding worker VISA requirements, Human Resources forms, peer reviews, documents regarding career objectives, job performance reports, documents regarding retirement plans, occupational health and safety documents, on-site injury reports, drilling contractor reports, manpower reports listing workers by states, work release contracts/agreements, worker travel invoices, worker travel itineraries, development organization weekly reports, spreadsheets tracking spill response costs, volunteer coordination and training program paperwork, government safety bulletins, letters from community members suggesting how to stop the spill, documents regarding a rig worker assistance fund, documents regarding filing claims for those affected by the spill, documents regarding fisherman training, documents regarding preservation of historic sites

given the spill, research requests about wildlife, documents regarding animal recovery efforts, environmental and wildlife impact reports, emails and reports about post-spill shrimp and seafood safety, documents regarding research conferences, emails regarding foreign language speakers for the BP call center, documents regarding community impacts from the spill, affidavits from counties and municipalities regarding property losses, claim repayment documents, documents regarding the vessels of opportunity program, lists of vessels involved in the spill cleanup, vessel-specific reports of surface oil collection work, vessel decontamination forms, master vessel charter agreements, lists of equipment, chemistry documents, dispersant summaries, dispersant certifications, dispersant studies, 6-hour reports regarding dispersant usage, communications with EPA regarding dispersants, safety documents regarding dispersants, protocols for sensory testing, incident scat briefing reports, pipesim graphs, air monitoring reports, sheen reports and pictures, documents regarding water column sampling, fact sheets regarding skimming and boom efforts, emails regarding containment booms, documents describing the making of booms, aerial reports of water surface conditions, weather reports, reports regarding hurricanes, emails regarding hurricane preparedness and evacuation plans, documents regarding Hurricane Katrina, technical support manuals, industry guidance for pipeline welding, documents describing production values for oil sites, documents regarding well production goals, documents describing plant layouts, documents regarding air pollutants, documents regarding controlled burns, hydrostatic control workbooks, and oil price reports and presentations.

15.     Attached hereto as Exhibit H is a true and correct copy of my letter dated April 5, 2019, making follow up requests for discovery owed to Plaintiffs under the March 21, 2017 Letter Agreement and transmitting Plaintiffs' Appendices A, B, and C (discussed as Exhibits I, J, and K below).

16. Attached hereto as Exhibit I is a true and correct copy of Plaintiffs' Appendix A, setting forth search terms designed, in accordance with the March 21, 2017 Letter Agreement, to identify non-duplicative, responsive documents concerning the misstatements alleged in Plaintiffs' complaints.

17. Attached hereto as Exhibit J is a true and correct copy of Plaintiffs' Appendix B, setting forth search terms designed, in accordance with the March 21, 2017 Letter Agreement, to identify non-duplicative, responsive documents concerning any direct communications between BP and Plaintiffs or their outside investment managers.

18. Attached hereto as Exhibit K is a true and correct copy of Plaintiffs' originally served Appendix C, setting forth document custodians, with legend indicating the reason(s) that each was listed.

19. Attached hereto as Exhibit L is a true and correct copy of Defendants' letter to me dated May 23, 2017, providing an initial list of 32 potential document custodians. Defendants made no further communication regarding custodians and provided no interrogatory responses thereafter until July 17, 2019, after Plaintiffs had made numerous requests for that information.

20. Attached hereto as Exhibit M is a true and correct copy of my email thread with defense counsel from April 5 – 11, 2019, following service of my April 5, 2019 letter (Exhibit H above).

21. Attached hereto as Exhibit N is a true and correct copy of Defendants' letter to me dated April 11, 2019.

22. Attached hereto as Exhibit O is a true and correct copy of Defendants' email of April 26, 2019, forwarding "initial comments" on Plaintiffs' Appendices A and B, which were

- 8 -

purportedly "subject to modification based on hit count, technical scoping, and other related concerns."

23. Attached hereto as Exhibit P is a true and correct copy of Defendants' redline of Plaintiffs' Appendix A, dated April 26, 2019 and appended to Defendants' email the same date (Exhibit O above), proposing revisions to that appendix without any substantive explanation.

24. Attached hereto as Exhibit Q is a true and correct copy of Defendants' redline of Plaintiffs' Appendix B, dated April 26, 2019 and appended to Defendants' email the same date (Exhibit O above), proposing revisions to that appendix without any substantive explanation.

25. Attached hereto as Exhibit R is a true and correct copy of my letter to defense counsel dated May 17, 2019.

26. Attached hereto as Exhibit S is a true and correct copy of defense counsel's responsive email to me dated May 17, 2019.

27. Attached hereto as Exhibit T is a true and correct copy of my letter to defense counsel dated June 6, 2019.

28. Attached hereto as Exhibit U is a true and correct copy of defense counsel's letter to me dated June 13, 2019, attaching Defendants' "Appendix A" and "Appendix B."

28. Attached hereto as Exhibit V is a true and correct copy of Defendants' Appendix A, transmitted via defense counsel's June 13, 2019 letter (Exhibit U above).

29. Attached hereto as Exhibit W is a true and correct copy of Defendants' Appendix B, transmitted via defense counsel's June 13, 2019 letter (Exhibit U above).

30. Attached hereto as Exhibit X is a true and correct copy of my letter to defense counsel dated June 20, 2019.

31. Attached hereto as Exhibit Y is a true and correct copy of the parties' email exchanges on June 21, 2019, with earlier exchanges beneath. Among other things, this exchange (and others not at issue) highlighted to defense counsel my upcoming scheduled absence from the office for a planned family vacation during June 28, 2019 – July 13, 2019. That trip wound up being cancelled, due to my daughter's unplanned surgery on June 28, 2019 and a death in my family on July 2, 2019. However, I was still out of the office for the time period indicated, due to these circumstances.

32. Attached hereto as Exhibit Z is a true and correct copy of defense counsel's letter to me dated June 24, 2019.

33. Attached hereto as Exhibit AA is a true and correct copy of my letter to defense counsel dated June 28, 2019.

34. Attached hereto as Exhibit BB is a true and correct copy of defense counsel's letter to me dated July 1, 2019. This was sent to me during what defense counsel knew in advance was to have been scheduled time out of the office (*see* ¶31 *supra*).

35. Attached hereto as Exhibit CC is a true and correct copy of defense counsel's email to me dated July 17, 2019, forwarding Defendants' supplemental interrogatory responses (Exhibit DD below).

36. Attached hereto as Exhibit DD is a true and correct copy of Defendants' Supplemental Responses & Objections to Individual Action Plaintiffs' First Interrogatories Nos. 1, 3, and 9 and Second Interrogatories Nos. 1, 3, and 9, dated July 17, 2019.

37. Attached hereto as Exhibit EE is a true and correct copy of my email to defense counsel dated July 22, 2019, forwarding an updated Plaintiffs' Appendix C (Exhibit FF below).

38. Attached hereto as Exhibit FF is a true and correct copy of Plaintiffs' revised Appendix C, setting forth document custodians, with legend indicating the reason(s) that each was listed, updated to reflect the names of 7 individuals identified by Defendants on July 17, 2019.

39. Attached hereto as Exhibit GG is a true and correct copy of defense counsel's responsive email to me dated July 23, 2019.

40. Beyond the foregoing, I had teleconferences with defense counsel during the time period covered by the above-listed correspondence, which sometimes memorialize either the scheduling or the outcomes thereof. These teleconferences are not separately listed by date and described herein, as the issues and statements most pertinent to the accompanying motion are sufficiently set forth herein and in the many exhibits submitted herewith.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 31st day of July 2019 at New York, New York.


/s/ Matthew L. Tuccillo
Matthew L. Tuccillo

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2019, a copy of the foregoing was served by me via ECF notification on the counsel of record for all Defendants, with an email copy also sent to Mr. Marc De Leeuw and Mr. Matthew Peller at Sullivan & Cromwell LLP.

*/s/ Matthew L. Tuccillo*
Matthew L. Tuccillo, Esq.