# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

October 8, 2019

By Hand and ECF

Honorable Keith P. Ellison,
   United States District Judge,
      Bob Casey Federal Courthouse,
         515 Rusk Avenue, Room 3716,
            Houston, Texas 77002.

      Re:    *In re BP p.l.c. Sec. Litig.*, 4:10-MD-02185 Individual Actions

Dear Judge Ellison:

      We write on behalf of Defendants to request a conference concerning a discovery dispute between the parties. We had hoped to resolve this matter between counsel, but have been unable to do so and believe that a conference would help in streamlining discovery.

## **The Issue**

      As discussed during the August 15 conference, the parties are actively engaged in discovery with regard to 16 "Test-Case" Plaintiffs who acknowledge that they have the "burden under English law to establish . . . reliance (often via investment managers)." (ECF No. 1761 at 10.) In discovery, 11 of the Test-Case Plaintiffs have stated that they delegated partial or complete investment authority for the BP trades at issue to 107 non-party investment advisors.

      Discovery has revealed that many of these investment advisors (43 of whom have so far been served with subpoenas) did not rely and/or could not have relied on Defendants' alleged misstatements in purchasing and/or holding BP securities for Plaintiffs—either because they have no record of trading BP securities for Plaintiffs or because they invested in "quantitative funds" in which investment decisions are determined by computer-based algorithms evaluating financial metrics rather than human judgment. Thus, it has become clear that the parties should try to avoid taking discovery of many of the 107 investment advisors identified by Plaintiffs. Unfortunately, our efforts to reach an agreement that would focus discovery on the investment advisors on which Plaintiffs will rely (and avoid subpoenas and/or depositions of dozens of others, many of which are located in foreign jurisdictions) have been unsuccessful. Defendants therefore request the Court's assistance in determining the most efficient method to address this issue.

Honorable Keith P. Ellison                                                                                              -2-

## Background

In an initial effort to find agreement between the parties, Defendants communicated with counsel for Test-Case Plaintiffs Metzler Asset Management GmbH and GIC Private Limited—two Test-Case Plaintiffs that identified 72 investment advisors between them—to propose limiting the list of at-issue investment advisors to a mutually agreed-upon subset that the Test-Case Plaintiffs believe relied upon Defendants' alleged misstatements. Initially, counsel for these two Test-Case Plaintiffs indicated that they believed such an approach would avoid wasting time and resources and burdens on non-parties but wanted this to be addressed on a global basis among all Plaintiffs. Defendants therefore made a similar proposal in a May 23 letter to Individual Action Plaintiffs' Liaison Counsel.

On June 6, Liaison Counsel rejected any effort to find mutual agreement about investment advisors and stated that Plaintiffs "will not be agreeing, stipulating, or otherwise consenting to" the investment advisors at issue. Liaison Counsel suggested that Defendants' request to do so was premature, as "service of third party subpoenas is ongoing, and the parties are over two months away from the deadline for document productions and over five months away from the deadline for depositions."

To address this in an alternative fashion, Defendants on June 12 served Defendants' Second Set of Interrogatories on the 11 Test-Case Plaintiffs that had identified external investment advisors asking them to "identify each Investment Manager, if any, on which You intend to rely to prove reliance on any alleged misstatement in executing that purchase on Your behalf." In their Response and Objections, Plaintiffs characterized this "as a premature contention interrogatory not ripe for response" and thus did not provide any information while agreeing at some unspecified time to "engage with Defendants in a meet and confer process."

In an effort to resolve this issue, Defendants have written multiple letters and emails and discussed this telephonically with Plaintiffs' counsel. On August 26, for instance, Defendants proposed by email that Plaintiffs identify the "investment advisors upon which they plan to rely" while recognizing that "Plaintiffs may believe that they cannot make a decision with respect to some of the investment advisors upon which they have served document subpoenas until taking a deposition" and thus offered to "agree that Plaintiffs could identify those investment advisors as 'conditional' -- i.e., Plaintiffs will only rely on those investment advisors if they learn information at a deposition they will seek." In a call with Liaison Counsel on September 13 and follow-up email on September 26, Defendants proposed alternatively that Plaintiffs simply agree that they would not rely on any investment advisors that they do not depose, and provide some advance notice of any proposed investment advisor deposition so that any necessary document discovery could be obtained in advance of the deposition. Although either proposal would avoid the

Honorable Keith P. Ellison -3-

need to serve subpoenas and/or take depositions of many of the 107 identified investment advisors, Liaison Counsel rejected both. In subsequent telephone calls, counsel have not been able to make any progress on this issue.

### Request for Judicial Guidance

Defendants have attempted in good faith to confer with the Test-Case Plaintiffs on a reasonable approach for identifying the non-party investment advisors that should be the subject of discovery so as to avoid up to 107 needless subpoenas and/or depositions. Defendants believe that Plaintiffs should provide a list of such investment advisors—which could be amended so long as Defendants have the opportunity to depose any added advisors—or at least agree that they will not rely on investment advisors who they do not depose. Defendants are of course receptive to any other approach that would avoid unnecessary discovery while protecting their rights, but given the upcoming deadlines for document discovery (October 21, 2019) and depositions (March 16, 2020) believe that the issue needs to be resolved soon.

Defendants therefore respectfully request the Court hold a conference on this issue. Defendants are available at the Court's convenience, and suggest that this issue might be efficiently handled on the same day as oral argument on Plaintiffs' Motion to Compel Discovery Responses (ECF No. 1760).

Respectfully,

*/s/ Marc De Leeuw*

Marc De Leeuw

cc: All parties (via ECF)