

**Matthew L. Tuccillo**
Partner

November 26, 2019

**VIA ECF**
Honorable Keith P. Ellison
United States District Judge
Southern District of Texas
Bob Casey Federal Courthouse
515 Rusk Avenue, Third Floor, Room 3716
Houston, TX 77002

Re: *In re BP p.l.c. Sec. Litig.*, MDL 2185 Individual Actions

Dear Judge Ellison:

In my firm's dual capacities as Individual Action Plaintiffs' Steering Committee member and Liaison with Defendants and the Court, pursuant to this Court's Leadership Order (MDL Dkt. No. 721 ¶¶13-15), I respectfully submit this letter to request either that Plaintiffs' Motion to Compel (MDL Dkt. No. 1760) be decided on the papers after Plaintiffs file their own "Supplement" by December 6, 2019, or that any hearing on Plaintiffs' Motion be conducted with <u>all counsel</u> appearing telephonically on a date in mid-December that is convenient for the Court and the parties.

Plaintiffs filed their Motion to Compel (MDL Dkt. No. 1760) on July 31, 2019, four months ago. It covers disputed issues fundamental to document discovery in the BP Individual Actions – identification of BP document custodians, utilization of Plaintiffs' search terms, and production of discoverable BP documents – that should be resolved with sufficient time remaining for fully-informed depositions. It arises not only from the Federal Rules of Civil Procedure, but also the express terms of the parties' March 2017 letter agreement outlining Defendants' discovery obligations, the execution of which was a precondition for Plaintiffs to withdraw their 2016 motion to compel on the very same issues. Defendants filed their Opposition (MDL Dkt. No. 1767), supported by a BP declaration (MDL Dkt. No. 1767-6), on August 21, 2019. Plaintiffs filed their Reply (MDL Dkt. No. 1774) on September 11, 2019. It was fully briefed 2 ½ months ago, before the extended document production cutoff.

More recently, Defendants made supplemental filings regarding problems with custodians and searches to which they had previously *agreed*, in the form of their "Supplement" (MDL Dkt. No. 1789) filed October 15, 2019, indicating a loss of certain custodial data and, after Plaintiffs raised concerns to the Court (MDL Dkt. No. 1795) and the Court held a hearing on October 28, 2019, in the form of their second and third BP Declarations (MDL Dkt. Nos. 1798 and 1803) on November 1 and 21, 2019. On November 12, 2019, Defendants responded to interrogatories at issue in Plaintiffs' Motion – over 2 ½ years after agreeing to do so in the March 2017 letter agreement – by identifying nearly 60 new potential document custodians whose documents are not being searched. The parties have since communicated concerning these developments, orally and in a series of written communications, as recently as today.

In light of the foregoing, and given my need to coordinate an appropriate response amongst Plaintiffs' counsel, Plaintiffs require some time to prepare and file a responsive "Supplement" of their

mltuccillo@pomlaw.com
600 Third Avenue, New York, New York 10016   tel: 212.661.1100   www.pomerantzlaw.com
NEW YORK        CHICAGO        LOS ANGELES        PARIS
325



Honorable Keith P. Ellison  
November 26, 2019

Page 2

own to their Motion to Compel discussing these developments. Plaintiffs anticipate doing so shortly after the Thanksgiving break and would target **December 6, 2019** as the filing date. Upon their doing so, the written submissions should once again be complete on Plaintiffs' Motion.

Citing concerns about time and resources, Plaintiffs previously stated that a hearing on their Motion was not necessary, that their Motion could be decided on the papers, and that if a hearing was held, it should be held telephonically. *See* Reply at 10. The Court confirmed with counsel that any such hearing is not evidentiary and could be done telephonically, in emails to counsel on October 15 and November 12, 2019. Such an approach would necessitate identifying only a 60- to 90-minute time block. However, Defendants' counsel stated an intention to appear live, thereby necessitating the effort to schedule a hearing in Houston on a date and time convenient for the Court and counsel on both sides.[1]

Three dates for a Houston hearing were chosen so far: October 30, 2019, November 15, 2019, and November 21, 2019. The first date was pushed back to permit Defendants to file the second BP Declaration explaining the loss of responsive documents and the parties to engage in expedited briefing on Defendants' later-filed motion to compel an interrogatory response.[2] The latter two dates became non-viable for the Court, for good reasons. The parties begin discussions on a fourth date yesterday. From Plaintiffs' perspective, a hearing is not possible before mid-December and, if held in Houston, will be difficult to schedule around other personal and professional commitments before the Holidays.

Respectfully, Plaintiffs are concerned at the passage of time since their Motion was filed, partly due to circumstances beyond the parties' and Court's control. Plaintiffs believe that their Motion has real merit and, if they are correct, that time will be needed after its resolution for Defendants to identify and produce resulting discovery in a timely fashion to permit fully-informed depositions to proceed thereafter. Under these circumstances, Plaintiffs believe it equitable either that the hearing be conducted with **all parties** appearing telephonically on a mid-December date / time to be identified or that Plaintiffs' Motion be decided on the papers after Plaintiffs file their Supplement on December 6, 2019.

If the Court has any questions or concerns, I can be available to discuss by phone as desired.

Respectfully submitted,

Matthew L. Tuccillo

---

[1] The parties long ago agreed to accommodate one another's schedule for any in-person hearings, such that neither side would stuck be on the telephone while their adversary was live before the Court. Both sides have honored that agreement, without exception, throughout this litigation.

[2] Defendants filed their own motion to compel (MDL Dkt. No. 1792) two and one-half months after Plaintiffs did, on October 17, 2019. It concerns the narrow issue of what response, if any, is required to a single interrogatory. Plaintiffs opposed on November 1, 2019, and Defendants filed their Reply on November 8, 2019. This motion is fully briefed.